FILED

2003 NOV 26  P 1: 26

US DISTRICT COURT
HARTFORD CT

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

STAMFORD HOLDING COMPANY,
                    PLAINTIFF,              :    CIVIL ACTION
                                            :    NO. 3:02CV1236(CFD)
V.                                          :
                                            :
MAUREEN CLARK,                              :
CHRISTOPHER PLUMMER,                        :
NEW ENGLAND EQUITY, INC.,                   :
CHARLES J. IRVING,                          :
RAMONA E. DESALVO, AND                      :
MERRILL LNCH PIERCE FENNER &                :
SMITH, INC.,                                :    NOVEMBER 25, 2003
                    DEFENDANTS.             :


## MOTION TO AMEND COURT ORDER BY CONSENT

Pursuant to Rule 7(b) of the Federal Rules of Civil Procedure, the defendant,

Ramona E. DeSalvo (hereinafter "DeSalvo"), hereby moves the court to amend its order

for arbitration dated March 25, 2003, specifically to include the moving defendant in said

arbitration. For the reasons set forth below, DeSalvo is a proper party who should be

included in the arbitration. In addition, plaintiff consents to the granting of this motion.


I.    **Procedural History**

This case was originally filed in the Eastern District of Pennsylvania and

assigned to United States District Judge Robert F. Kelly. Judge Kelly transferred the

case to this Court pursuant to 28 U.S.C. § 1404(a) in a memorandum order. Judge

One Goodwin Square
225 Asylum Street
Hartford, CT 06103

10361.0082
HALLORAN
& SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No. 26105

Kelly indicated that the defendants' motions to dismiss were to remain outstanding, pending resolution by this Court.

On March 25, 2003, this Court denied the parties' Motions to Dismiss, without prejudice, and instead granted defendant the motions for arbitration and stay by the defendants, Merrill Lynch, Clark, Plummer and New England Equity. This Court also stayed the case against the remaining defendants, DeSalvo and Irving, pending completion of the arbitration process. Defendant DeSalvo now petitions this court to amend its order, specifically to include the moving defendant in the arbitration order. The basis of this motion is threefold: first, by consent of the parties, defendant DeSalvo was included in the first arbitration between the parties, which awards are attached as Exhibits A and B; second, the parties have also consented that defendant DeSalvo should be included in the court-ordered arbitration; and third, as is shown below, defendant DeSalvo should equitably be included in the arbitration hearing as well.

## II.    **Factual Background**

Edmund Massullo, M.D. and his wife, Anne Marie Massullo, ("the Massullos") entered into an agreement ("agreement") with defendant New England Equity, Inc. ("New England Equity") in order to manage and resolve their debts, which had grown to over $12 million. Defendant Christopher Plummer, ("Plummer"), owns New England Equity. The officers of New England Equity are defendants Maureen Clark ("Clark") and Plummer (collectively "the New England Equity defendants"). The Massullos entered

One Goodwin Square
225 Asylum Street
Hartford, CT 06103

HALLORAN
& SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No. 26105

into two written contracts with New England Equity. The first contract was dated October 18, 1993, and the second contract, an addendum to the first, was dated March 18, 1994. Contained within these written documents was the express agreement by the parties, that all disputes to the agreement and addendum would be resolved by arbitration.

In order to execute the management plan for the Massullos' debts, the Massullos agreed to establish a separate corporation entitled the Stamford Holding Company. Stamford Holding Company received the proceeds of transactions that liquidated the Massullos' investments and paid the proceeds to the Massullos, along with their creditors, which included, New England Equity, Clark and Plummer. Defendant Ramona E. DeSalvo, Esq. ("DeSalvo") was custodian of Dr. Massullo's stock holdings in the Stamford Holding Company. Dr. Massullo was the sole shareholder of Stamford Holding.

The liquidation of the Massullo's investments occurred and the money was deposited into Stamford Holding's accounts. The Massullos deposited additional money into Stamford Holding's accounts for the purpose of paying their debts.

The business relationship between the Massullos and the New England Equity defendants deteriorated as a result of the Massullos' failure to pay fees to Clark and Plummer. The business relationship was so bad that New England Equity, Clark and Plummer ceased all activities relating to Stamford Holding by August 1998.

-3-

One Goodwin Square
225 Asylum Street
Hartford, CT 06103

HALLORAN
& SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No. 26105

The Massullos filed a Complaint in the United States District Court for the
Northern District of Ohio ("the Ohio lawsuit") on November 23, 1998 against defendants
Clark, Plummer, New England Equity, Charles J. Irving, Esq. ("Irving", an attorney who
provided services to the Massullos), DeSalvo, and Merrill Lynch (the entity that
managed the accounts owned by Stamford Holding). In the Ohio Complaint, the
Massullos alleged that the New England Equity defendants breached their fiduciary
duties to the Massullos. The Massullos claimed that as a result of the defendants'
breaches of fiduciary duty and conversion, the Massullos were entitled to an accounting
from the defendants "of all monies, properties, securities, or other assets which came
into defendants' possession from or on behalf of the Massullos, the Clark defendant,
Stamford Holdings Corporation . . . . " (Initial Ohio Complaint, Fourth Claim, ¶29).

In response to the Massullos' Ohio lawsuit, the New England Equity defendants
filed a demand for arbitration. On October 18, 1999, the Honorable Solomon Oliver, Jr.
granted the defendants' Motion to Compel Arbitration. Notwithstanding the court order,
on December 22, 1999, the Massullos filed an Amended Complaint (Amended Ohio
Complaint) in the Massullos' Ohio Lawsuit, adding one more defendant, Pacific Asset,
Inc. ("Pacific Asset"). The Amended Complaint alleged Racketeer Influenced and
Corrupt Organization Act ("RICO") violations relating to Stamford Holding, a claim
relating to alleged conversions from the Stamford Holding accounts and an accounting
for all assets received by the named defendants from or on behalf of Stamford Holding.
Shortly thereafter, on February 10, 2000, the claims against the New England Equity

-4-

One Goodwin Square
225 Asylum Street
Hartford, CT 06103

HALLORAN
& SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No. 26105

defendants in the Massullos' Ohio lawsuit were voluntarily dismissed by the Massullos.

Simultaneously, a counterclaim in the Connecticut Arbitration proceeding was submitted

by the Massullos, which reiterated the claims of misconduct relative to Stamford

Holding's account.

On April 5, 2000, the Connecticut arbitration trial resulted in a settlement

agreement by the parties.  The recorded and transcribed agreement stated the

following:

> The resolution of the claims and counterclaims in this matter, including the
> counterclaims that were proffered and yet to have been ruled on in the
> Amended Counterclaim, are taken care of by this settlement, as well as
> any claims by the Massullos in a federal court action pending in the
> Northern District of Ohio, assigned to the docket of Judge Solomon Oliver
> with respect to the following defendants or potential defendants are also
> resolved: **Attorney Ramona DeSalvo**, Christopher Plummer, Maureen
> Clark, Pacific Assets, and New England Equity.
>
> In exchange for dismissal of the claims here and a mutual
> release of all claims against those defendants in the federal
> court action, plus a payment of $125,000 from the Massullos
> to a designee as designated by New England Equity, who
> will determine as to who they want that check to go to, as
> well as up to $50,000 of any funds recovered from Attorney
> Charles Irving or his law firm by way of judgment or
> settlement in the same federal court action, said sum to be
> paid, again, as designated by New England Equity.
>
> If the sum to be recovered is less than $50,000 by
> settlement or judgment, there is an agreement that the
> Massullos and the New England Equity will split that
> $50,000.  **No settlement of the Massullo claims against
> Charles Irving or his law firm will occur without a full
> release running from Mr. Irving and his law firm to the
> aforementioned Ramona DeSalvo,** Christopher Plummer,
> Maureen Clark, Pacific Assets and New England Equity.

-5-

One Goodwin Square
225 Asylum Street
Hartford, CT 06103

HALLORAN
& SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No. 26105

> **Ramona DeSalvo**, Christopher Plummer, Maureen Clark,
> Pacific Assets and New England Equity **will be indemnified
> by the Massullos against any judgment by Charles
> Irving or his law firm derived from and because of any
> claim asserted by the Massullos against Charles Irving.**

(Exh. A, Tr. of Arb. Settlement dated 4/5/00.)

The "Amended Counterclaim" that was mentioned to in the transcript is a citation

to the Amended Complaint in the Massullos' Ohio lawsuit. The Amended Complaint by

the Massullos alleged damages in excess of $2 million, treble damages under RICO

and punitive damages of $6 million, as well as the accounting.

The arbitration settlement awarded $125,000 to the designee of New England

Equity. The award was ultimately reduced to a judgment in the amount of $177,500,

which was recorded in the Court of Common Pleas in New London County, Ohio on

August 15, 2001.

During the execution process on the Ohio judgment, the plaintiff, Stamford

Holding filed its current lawsuit on or about January 17, 2002 in the U.S. District Court

for the Eastern District of Pennsylvania. The action was subsequently transferred to

this Court pursuant to an order entered on May 24, 2002. Upon Motion from the parties,

the Court decided that the preclusive effect of the prior arbitration be arbitrated as to the

plaintiffs, Clark, Plummer, and New England Equity.

However, defendant DeSalvo, who was involved in the prior arbitration, also

requested resolution of the claim through arbitration. In the prior arbitration, the parties

One Goodwin Square
225 Asylum Street
Hartford, CT 06103

HALLORAN
& SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No. 26105

agreed that the claims by the Massulos against DeSalvo were resolved.  (Exh. A)  The preclusive effect of the prior arbitration applies to DeSalvo as well as the aforementioned defendants for the following reasons:  First, DeSalvo was specifically named as a person who was released per the terms of the arbitration settlement agreement; second, the Massulos agreed to have DeSalvo included in the prior arbitration; third, the arbitrator determined that the terms of the settlement agreement apply to DeSalvo (Exh. B), even in light of the Massulos' challenge to said agreement; fourth, the Massulos "stated no condition to their release of their claims against Attorney Ramona DeSalvo" (Exh. B, page 3); fifth, the Massulos raised no ambiguities in the settlement agreement of April 5, 2000; and sixth, plaintiff has consented to including DeSalvo in the current arbitration as long as the court approves.  Clearly, the prior arbitration agreement settlement involved DeSalvo and the preclusive effects of the prior arbitration relate to her as well as the aforementioned parties.

Moreover, on July 19, 2000, the Arbitrator, John Crosskey, determined that "the settlement agreement reached on April 5, 2000, as reflected in the Transcript attached as Exhibit A, is enforceable as a matter of law."  The Arbitrator determined further that the arbitration award was full and final settlement of any and all claims submitted to the Arbitration.  Since DeSalvo is named in the prior arbitration, she should be included in the current arbitration proceedings.

WHEREFORE, for the foregoing reasons, defendant's motion to amend should be granted, thus including her in the court-ordered arbitration, and thus providing her

-7-

One Goodwin Square
225 Asylum Street
Hartford, CT 06103

HALLORAN
& SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No. 26105

the same arbitration-related defenses as the defendants Merrill Lynch, Clark, Plummer and New England Equity.

RESPECTFULLY SUBMITTED,
RAMONA E. DESALVO, ESQ.

By_____

David G. Hill
Fed. Bar #ct 13435
HALLORAN & SAGE LLP
One Goodwin Square
225 Asylum Street
Hartford, CT 06103
(860) 522-6103
Her Attorneys

-8-

One Goodwin Square
225 Asylum Street
Hartford, CT 06103

HALLORAN
& SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No. 26105

## CERTIFICATION

     This is to certify that on this 25TH day of November 2003, I hereby mailed a copy of the foregoing to:

Rudolph J. DiMassa, Esq.
DiMassa and Associates, Ltd.
1305 Locust Street, 4th Floor
Philadelphia, PA  19107
**For Stamford Holding Company**

Willlam J. O'Sullivan
Baker O'Sullivan & Bliss PC
Putnam Park
100 Great Meadow Rd.
Suite 100
Wethersfield, CT 06109-2355
**For Maureen Clark**

James E. Miller, Esq.
Shepherd Finkelman Miller & Shah
One Lewis St.
Hartford, CT 06103
**For Stamford Holding Company**

Douglas H. Riblet, Esq.
Curtin & Heefner
P. O. Box 217
Morrisville, PA  19067-0217
**For Maureen Clark, Christopher Plummer and New England Equity, Inc.**

Ryan P. Barry
Sabia & Hartley, LLC
190 Trumbull St.
Suite 202
Hartford, CT 06103-2205
**For Christopher Plummer and New England Equity, Inc.**

Rex F. Brien, Esq.
James W. Christie, Esq.
Christie, Pabarue, Mortensen & Young
1880 JFK Blvd., 10th Floor
Philadelphia, PA  19103
**For Charles J. Irving, Esq.**

Edward R. Scofield
Zeldes, Needle & Cooper
1000 Lafayette Blvd., Suite 500
PO Box 1740
Bridgeport, CT 06601-1740
**For Charles J. Irving, Esq.**

Davld J. Elliott, Esq.
Michael P. Shea, Esq.
Day, Berry & Howard
CityPlace
Hartford, CT  06103-3499
**For Merrill, Lynch, Pierce, Fenner & Smith, Inc.**

487613.1(HSFP)

David G. Hill

-9-

One Goodwin Square
225 Asylum Street
Hartford, CT 06103

HALLORAN
& SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No. 26105

AMERICAN ARBITRATION ASSOCIATION
CASE NO. 12-199-93-99

- - - - - - - - - - - - - - - - X
NEW ENGLAND EQUITY, INC.                          :
MAUREEN CLARK and CHRISTOPHER PLUMMER :
VS                                                :
EDMUND and ANN MARIE MASSULO                      :
MANAGEMENT, INC.                                  :
- - - - - - - - - - - - - - - - X

HELD AT:   THE AMERICAN ARBITRATION
ASSOCIATION, 111 FOUNDERS PLAZA,
EAST HARTFORD, CONNECTICUT, ON
APRIL 5, 2000

APPEARANCES:

THE ARBITRATOR:

JOHN CROSSKEY, ESQ.
12 Chesbro Avenue
Noank, CT 06340-5709

SQUIRE, SANDERS & DEMPSEY, L.L.P.
127 Public Square
Cleveland, OH 44114-1304
Richard Gurbst, Esq., and
Harris A. Senturia, Esq.

ROTATORI, GRAGEL & STOPER CO., L.P.A.
526 Superior Avenue East
Cleveland, OH  44114-1498
Robert J. Rotatori, Esq., and
Richard L. Stoper, Jr., Esq.

Reporter:   WENDY J. ALLEN, RPR
BRANDON REPORTING SERVICE
11A Capitol Avenue
Hartford, Connecticut 06106
(860) 549-1850

EXHIBIT A

2

```
1              MR. GURBST:  The resolution of the
2    claims and counterclaims in this matter, including the
3    counterclaims that were proffered and yet to have been
4    ruled on in the amended counterclaim, are taken care
5    of by this settlement, as well as any claims by the
6    Massulos in a federal court action pending in the
7    Northern District of Ohio assigned to the docket of
8    Judge Solomon Oliver with respect to the following
9    defendants or potential defendants are also resolved:
10   Attorney Ramona DeSalvo, Christopher Plummer, Maureen
11   Clark, Pacific Assets, and New England Equity.
12              In exchange for dismissal of the claims
13   here and a mutual release of all claims against those
14   defendants in the federal court action, plus a payment
15   of $125,000 from the Massulos to a designee as
16   designated by New England Equity, who will determine
17   as to who they want that check to go to, as well as up
18   to $50,000 of any funds recovered from Attorney
19   Charles Irving or his law firm by way of judgment or
20   settlement in that same federal court action, said sum
21   to be paid, again, as designated by New England
22   Equity.
23              If the sum to be recovered is less than
24   $50,000 by settlement or judgment, there is an
25   agreement that the Massulos and the New England Equity
```

1   will split that $50,000.  No settlement of the Massulo

2   claims against Charles Irving or his law firm will

3   occur without a full release running from Mr. Irving

4   and his law firm to the aforementioned Ramona DeSalvo,

5   Christopher Plummer, Maureen Clark, Pacific Assets and

6   New England Equity.

7                   Ramona DeSalvo, Christopher Plummer,

8   Maureen Clark, Pacific Assets and New England Equity

9   will be indemnified by the Massulos against any

10  judgment by Charles Irving or his law firm derived

11  from and because of any claim asserted by the Massulos

12  against Charles Irving.

13                  Is that right, or is that not your

14  understanding, that is that's the indemnification

15  protection?

16                  MR. ROTATORI:  That represents the

17  indemnification protection.

18                  MR. GURBST:  Correct.

19                  MR. ROTATORI:  That you've just

20  recited.

21                  MR. GURBST:  Correct,

22

23

24

25

                    Brandon Reporting Service

4

1

2                        C E R T I F I C A T E

3

4

5        I, WENDY J. ALLEN, Registered Professional

6   Reporter, do hereby certify that the foregoing

7   testimony is a true and accurate transcription of my

8   stenographic notes to the best of my knowledge and

9   ability.

10

11        WITNESS MY HAND this 5th day of April, 2000.

12

13

14

15

16

17

18

19

20

21   _____

22               Wendy J. Allen, RPR

23

24

25

                    Brandon Reporting Service

AMERICAN ARBITRATION ASSOCIATION

NEW ENGLAND EQUITY, INC.,                              NO. 12 199 00093 99
MAUREEN CLARK AND
CHRISTOPHER PLUMMER,

     AND

DR. EDMUND MASSULLO AND
ANNE MARIE MASSULLO                                    JULY 19, 2000

### DECISION OF THE ARBITRATOR REGARDING
### CLAIMANTS' MOTION FOR AWARD ON SETTLEMENT

On or about May 23, 2000, Claimants filed and served on Respondents a motion to

confirm "as binding and enforceable the terms of the settlement reached on the record before the

Arbitrator on April 5, 2000," (Claimants' Motion for Award on Settlement (hereinafter

"Claimants' Motion") at 1.) attaching a copy of the transcript of settlement on April 5, 2000,

Exhibit A hereto. Claimants also seek $2,500 for costs and fees incurred resulting from the

Respondents' failure or refusal to abide by the clear terms of the negotiated and recorded

settlement. (Claimants' Motion at 3-4.)

Respondents had previously filed and served on Claimants, on or about May 17, 2000,

Notice of Dr. Edmund Massullo, Anne Marie Massullo, and Mystic Investment Corp. Regarding

Status of Case ( hereinafter " Notice"). In their Notice, Respondents asserted two "factual bases"

upon which they claimed the settlement was premised, which they claimed had not been

"substantiated" and therefore asserted that the settlement could not be concluded. (Notice at 2.)

Respondents first asserted, in regard to the indemnification sought by the Clark parties

"Dr. Massullo was not present at the session"; "Anne Marie Massullo did not know of this

1

provision"; and "it is clear that undersigned counsel did not explain adequately and fully the existence of the indemnification provision as part of the settlement as well as the significance and ramifications of such provision on the other litigation in which the Massullos were parties." (Notice at 1.) Secondly, Respondents asserted that "counsel for the Clark parties requested as a term of settlement that the civil action in the U.S. District Court for the Northern District of Ohio against Ramona DeSalvo be dismissed on the ground that DeSalvo had no legal malpractice insurance and was otherwise uncollectable. . . . [and] DeSalvo has refused to provide an affidavit to substantiate the representations regarding her insurance and collectability." (Notice at 2.)

### Respondents' First Assertions

1. Dr. Massullo was not present at the session. Dr. Massullo was not prohibited from attending the session on April 5, 2000. Requests to postpone previous hearings were granted because Dr. Massullo's counsel represented that Dr. Massullo was recovering from a medical condition which made it difficult for him to travel from Cleveland, Ohio to Hartford, Connecticut for the arbitration session. No such request was made for the session on April 5, 2000. Dr. Massullo was represented by two attorneys at the April 5, 2000 session. Dr. Massullo's physical absence does not make the April 5, 2000 settlement agreement unenforceable.

2. Anne Marie Massullo did not know of this provision. Mrs. Massullo was present on April 5, 2000 and represented by two attorneys. When the terms of the settlement were read into the record, she and the Massullos' attorneys were present. The indemnification provisions of the settlement were recited in her presence and acknowledged by the Massullos' attorney in her presence. (Exhibit A, Transcript at 3, line 7 through line 21.) The statement that she did not know of this provision is not credible.

2

3. <u>Undersigned counsel did not explain adequately and fully the existence of the indemnification provision as part of the settlement as well as the significance and ramifications of such provision on other litigation in which the Massullos were parties.</u> This is not a valid basis on which to void an enforceable settlement agreement.

**Respondents' Second Assertion**

Respondents assert that "counsel for the Clark parties requested as a term of settlement that the civil action in the U.S. District Court for the Northern District of Ohio against Ramona DeSalvo be dismissed on the ground that DeSalvo had no legal malpractice insurance and was otherwise uncollectable." (Notice at 2.) The settlement by its terms included the resolution of any claims by the Massullos in a federal court action pending in the Northern District of Ohio assigned to the docket of Judge Solomon Oliver with respect to Attorney Ramona DeSalvo. (Exhibit A, Transcript at 2, lines 1 through lines 11.) Respondents had ample opportunity to state that any release by the Massullos of DeSalvo was conditioned on her having no legal malpractice insurance and or being "otherwise uncollectable." Respondents stated no condition to their release of their claims against Attorney Ramona DeSalvo. (Exhibit A, Transcript.)

1. <u>The subsequent written draft settlement agreement submitted by Claimants is irrelevant.</u> Respondents in a Memorandum served and filed on or about May 25, 2000 (hereinafter May 25th Memorandum), suggest that a subsequent written draft submitted by Claimants' counsel to Respondents' counsel for signature by the parties refutes Claimants' position that all of the terms of the settlement were included in the transcript. Even if true that the written draft included additional terms, Claimants' are asking only for an award based on Exhibit A, the April 5, 2000 transcript of settlement. Therefore, this claim of Respondents is

3

irrelevant.

   2. Attorney DeSalvo's legal malpractice insurance was discussed during the settlement negotiations. Respondents' counsel claims Claimants' counsel represented that DeSalvo had no legal malpractice insurance. (Notice at 2; May 25th Memorandum at 2; and Supplemental Memorandum served and filed on or about June 5, 2000.) Claimants' counsel states in a memorandum served and filed on or about June 1, 2000 at 5: "What Claimants' counsel told Respondents' counsel during the negotiation of the settlement agreement at issue is that Claimants' counsel had no further information from Attorney DeSalvo on this question, not that she had no insurance." Although the parties have differing recollections about what specifically was said about Attorney DeSalvo's legal malpractice insurance, both concede that it was discussed by the parties during the negotiations.

   3. Respondents' counsel knew Attorney DeSalvo had professional malpractice insurance. Respondents' counsel knew from the Notice of Possible Change of Counsel and Request for Ruling or Extension on Behalf of Attorney DeSalvo filed on January 4, 2000 in the U.S. District Court for the Northern District of Ohio, Eastern District, before Judge Solomon Oliver, Jr. involving these parties that Attorney DeSalvo had professional malpractice insurance.

   Respondents imply they would not have agreed to release their claims against Attorney DeSalvo without an affidavit from her substantiating that she had no legal malpractice insurance and was otherwise uncollectable. (Notice at 2.) For all of the above reasons, if it was important that Respondents' release of their claims against Attorney DeSalvo be conditioned on an affidavit that she has no legal malpractice insurance and is otherwise uncollectable, Respondents should have made such requirements an express part of the settlement agreement on April 5, 2000. They

4

did not do so.

### Conclusion

The Supreme Court of Connecticut said in <u>Audubon Parking Assocs. v. Barclay and Stubbs, Inc.</u>, 225 Conn. 804, 809; 626 A.2d 729, 732:

> A trial court has the inherent power to enforce summarily a settlement agreement as a matter of law when the terms of the agreement are clear and unambiguous. . . . A court's authority to enforce a settlement by entry of judgment in the underlying action is especially clear where the settlement is reported to the court during the course of a trial or other significant courtroom proceedings.

Respondents' claims do not raise any ambiguities in the settlement agreement of April 5, 2000. Therefore, the settlement agreement reached on April 5, 2000, as reflected in the Transcript attached as Exhibit A, is enforceable as a matter of law.

Claimants do not assert that there is a provision in the settlement agreement allowing the award of costs and fees. Claimants have submitted no authority for their request for costs and fees in the amount of $2,500. Absent such a provision or some other authority, there is no support for awarding costs and fees. <u>Audubon Parking Assocs. v. Barclay and Stubbs, Inc.</u>, 225 Conn. 804, 813; 626 A.2d 729, 734 (1993).

### AWARD

I, THE UNDERSIGNED ARBITRATOR, having been designated in accordance with the arbitration agreement contained in a written contract, dated October 18, 1993, and contained in a written addendum to said contract, dated March 18, 1994 between the above-named parties, and having been duly sworn and having duly heard the proofs and allegations of the parties, AWARD and confirm as binding and enforceable the terms of the settlement reached on the record before the undersigned arbitrator on April 5, 2000 and set forth in the Transcript, Exhibit A hereto.

5

This Award is in full and final settlement of any and all claims submitted to this Arbitration.


_____        July 19, 2000
John Crosskey, Arbitrator                        Dated:

6