**FILED**

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

2003 DEC 19 A 11: 14

U.S. DISTRICT COURT
HARTFORD, CT.

| | |
|---|---|
| STAMFORD HOLDING COMPANY,<br>Plaintiff | : CIVIL ACTION NO. |
| | : |
| V. | : 02-CV-1236 (CFD) |
| | : |
| MAUREEN CLARK, et al.<br>Defendants | : DECEMBER 18, 2003 |

## MEMORANDUM IN SUPPORT OF MOTION FOR RECONSIDERATION

William J. O'Sullivan, Esq. (the "Movant") submits this memorandum in support of his motion of even date for reconsideration of the court's order, dated December 9, 2003, denying his motion for leave to withdraw his appearance as Counsel for the Defendant, Maureen Clark.

The critical issue is the fact that the Movant has literally never had any contact whatsoever with the putative client, Ms. Clark. The Movant was retained, on an "emergency" basis, by a fellow attorney who realized at the last minute that he was conflicted out of representing Ms. Clark. The only task that the Movant ever performed for Ms. Clark – indeed, the scope of the retention – was to move for the admission pro hac of Ms. Clark's attorney from Pennsylvania. That was accomplished more than a year ago. Ms. Clark never signed the Movant's proffered retention letter, has never returned the Movant's phone calls, and has never responded to the invoices that Movant's firm has rendered, month after month, for the past year. Given this complete lack of

communication, the Movant submits that leave to withdraw is necessary and proper.

The sequence of events is as follows:

1.  On or about November 21, 2002, the Movant was contacted by a fellow member of the Connecticut bar, Ryan P. Barry, regarding an "emergency" matter. Specifically, certain substantive motions, including motions to dismiss, were scheduled to be heard by this court on November 22, 2002. Attorney Barry had been retained by the defendants to serve as local counsel for the defendants, and to move the pro hac admission of Attorney Douglas Riblet of the Pennsylvania bar. However, Attorney Barry realized at the last minute that a conflict of interest with another client precluded him from representing Ms. Clark. He therefore asked the Movant to agree to represent Ms. Clark for that purpose. The Movant agreed, and drafted and mailed a retention letter to Ms. Clark at her Connecticut address. The Movant also prepared an appearance and pro hac papers.

2.  The Movant attended the hearing on November 22nd and moved for Mr. Riblet's admission pro hac. The motion was granted.

3.  The Movant has not been requested to perform, and has not performed, any other work in connection with this matter. On information and belief, the matter has been referred out for arbitration.

4. Ms. Clark never signed the Movant's retention letter; has never returned the Movant's telephone calls, has never paid the invoices issued by the Movant's firm commencing in December 2002, and has not in any way acknowledged the Movant's existence.

Local Rule 7(e) permits this court to grant the instant motion, notwithstanding the absence of successor counsel, for good cause. The Movant respectfully submits that, for the reasons stated above, good cause exists for the granting of this motion.

WHEREFORE, for the foregoing reasons, the Movant, William J. O'Sullivan, Esq., respectfully requests that this court reconsider its order of December 9, 2003, and grant him leave to withdraw his appearance for Maureen Clark.

        THE MOVANT,
        WILLIAM J. O'SULLIVAN, ESQ.

By_____
William J. O'Sullivan (ct08452)
Baker O'Sullivan & Bliss PC
Putnam Park, Suite 100
100 Great Meadow Road
Wethersfield, CT 06109-2371
Phone (860) 258-1993
Fax (860) 258-1991
o'sullivan@boblawyers.com