IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| STAMFORD HOLDING COMPANY<br>Plaintiff | : | CIVIL ACTION |
| vs. | : | |
| MAUREEN CLARK,<br>CHRISTOPHER PLUMMER,<br>NEW ENGLAND EQUITY, INC.,<br>CHARLES J. IRVING, ESQUIRE,<br>RAMONA E. DESALVO, ESQUIRE, and<br>MERRILL, LYNCH, PIERCE, FENNER,<br>& SMITH, INC. | : | NO. 3:02CV1236 (CFD) |

## MOTION OF DEFENDANTS CLARK, PLUMMER AND NEW ENGLAND EQUITY, INC. TO BAR PLAINTIFFF ROM PROCEEDING AGAINST THEM IN ARBITRATION BEFORE THE NATIONAL ASSOCIATION OF SECURITIES DEALERS AND TO DISMISS PLAINTIFF'S COMPLAINT AGAINST DEFENDANTS CLARK, PLUMMER AND NEW ENGLAND EQUITY WITH PREJUDICE

Defendants Maureen Clark, Christopher Plummer, and New England Equity, Inc. (hereinafter collectively "New England Equity Defendants") hereby move for an Order requiring plaintiff to withdraw all claims against them before the National Association of Securities Dealers and dismissing Plaintiff's Complaint against the New England Equity Defendants with prejudice pursuant to Rule 41(b) of The Federal Rules of Curl Procedure, and in support thereof, said defendants assert the following:

1. This matter was initially before this Court on the motion of defendants, including that of the New England Equity to dismiss plaintiff's Complaint or compel arbitration. Plaintiff's Complaint alleged <u>inter alia</u> breach of various alleged duties arising from defendants'

214398.1/34008

agreements to provide certain services to plaintiff. A true and correct copy of plaintiff's Complaint ("Complaint") is attached hereto as Exhibit A. True and correct copies of the Agreement between the parties and the Addendum thereto are attached hereto collectively as Exhibit B.

2. The Agreement and the Addendum to the Agreement provide that all disputes between the parties are to be resolved by arbitration before the American Arbitration Association.

3. On March 25, 2003, this Court (per the Honorable Christopher F. Droney) granted the New England Equity Defendants' Motion in part by staying the pleading lawsuit in favor arbitration and ordering arbitration "in accordance with the arbitration provisions of the Agreement and Addendum." See Ruling on Motions to Dismiss and for Other Relief ("Order"), a true and correct copy of which is attached hereto as Exhibit C, p. 13.

4. Notwithstanding the Order, plaintiff has taken no steps to initiate arbitration of its claims before the American Arbitration Association since the Order was entered over ten months ago.

5. Instead, on or about October 6, 2003, plaintiff submitted a demand for arbitration before the National Association of Securities Dealers ("NASD"), asserting claims against defendant Merrill Lynch and claims against the New England Equity Defendants. Plaintiff's claims again the New England Equity Defendants in its arbitration demand are the same claims which plaintiff made in the Complaint. These are also the same claims which plaintiff's sole shareholder, Edmund Massulo, made in arbitration before the American Arbitration Association in 2000 before the arbitration proceeding was settled with Mr. Massullo issuing a general release in favor of the New England Equity Defendants. A true and correct copy of plaintiff's Statement of Claim before the NASD ("NASD DEMAND") is attached hereto as Exhibit D.

6. Upon receipt of notice of plaintiff's demand for arbitration before the NASD, defendant Plummer spoke with a representative of the NASD, Ms. Chauni M. Lee, who told him that plaintiff had been permitted to bring arbitration claims against the New England Equity Defendants before the NASD by failing to advise the NASD that this Court's Order of March 25, 2003 required arbitration through the American Arbitration Association. Accordingly, the New England Equity Defendants have been required to appear and defend plaintiff's claims before the NASD. The same representative advised Mr. Plummer that the issue of arbitrability of the plaintiff's claims against the New England Equity Defendants before the NASD would now have to be resolved by the NASD arbitrator(s) unless there was a Court Order precluding the NASD arbitration with respect to The New England Equity Defendants.

7. Requiring The New England Equity Defendants to defend against plaintiff's claims in arbitration before the NASD is contrary to the Order and the arbitration clauses in the Agreement and Addendum.

8. The moving defendants will be substantially prejudiced by having plaintiff's claims litigated before the NASD since the same would entail substantial time and expense to defendants which would serve no purpose, since it could only lead to dismissal of the plaintiff's claims against the moving defendants because the NASD is not the proper forum for their resolution.

9. Plaintiff's manifestly improper and vexatious attempt to prosecute arbitration proceedings against the New England Equity in a forum contrary to the Order requiring arbitration before the American Arbitration Association establishes that plaintiff has no intention of complying with the Order by demanding arbitration before the American Arbitration Association.

10. Since the New England Equity Defendants should not be required to wait indefinitely for relief from plaintiff's numerous claims, and since plaintiff has demonstrated its intention not to arbitrate its claims before the American Arbitration Association, this Court should now dismiss those claims with prejudice.

WHEREFORE, defendants Maureen Clark, Christopher Plummer and New England Equity, Inc. respectfully request that this Court enter an Order in the form attached enjoining plaintiff from prosecuting its claims against those defendants in arbitration before the NASD and dismissing plaintiff's claims against those defendants in this action with prejudice.

CURTIN & HEEFNER, LLP

By: _____
Douglas H. Riblet, Esquire
Attorney for defendants
Maureen Clark, Christopher
Plummer and New England Equity, Inc.

## VERIFICATION

Christopher Plummer states that he is one of the defendants in this case brought by Stamford Holding Company and the President of defendant New England Equity, Inc., that he is acquainted with the facts set forth in the foregoing Motion Of Defendants Clark, Plummer and New England Equity, Inc. To Bar Plaintiff From Proceeding Against Them In Arbitration Before The National Association of Securities Dealers; that the same are true and correct to the best of his knowledge, information and belief; and that this statement is made subject to the penalties of 18 Pa. C.S. §4904 relating to unsworn falsification to authorities.

NEW ENGLAND EQUITY, INC.

Christopher Plummer, President

Date: 12-11-03

149725/34008