IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| STAMFORD HOLDING COMPANY<br>Plaintiff | : | CIVIL ACTION |
| vs. | : | |
| MAUREEN CLARK,<br>CHRISTOPHER PLUMMER,<br>NEW ENGLAND EQUITY, INC.,<br>CHARLES J. IRVING, ESQUIRE,<br>RAMONA E. DESALVO, ESQUIRE, and<br>MERRILL, LYNCH, PIERCE, FENNER,<br>& SMITH, INC. | : | NO. 3:02CV1236 (CFD) |

**MEMORANDUM IN SUPPORT OF THE MOTION OF DEFENDANTS CLARK, PLUMMER AND NEW ENGLAND EQUITY, INC. TO BAR PLAINTIFF FROM PROCEEDING AGAINST THEM IN ARBITRATION BEFORE THE NATIONAL ASSOCIATION OF SECURITIES DEALERS AND TO DISMISS PLAINTIFF'S COMPLAINT AGAINST THEM WITH PREJUDICE FOR FAILURE TO PROSECUTE**

I.  INTRODUCTION

Detailed statements of the relevant facts are set forth in the Motion Of The New England Equity Defendants To Dismiss The Plaintiff's Complaint and supporting Memorandum Of Law, which are incorporated herein by reference. Relevant facts are also set forth in detail in the factual background provided in The Honorable Christopher F. Droney's Ruling On Motions To Dismiss And For Other Relief ("Order") dated March 25, 2003.

Briefly summarized, plaintiff brought this lawsuit in the face of the attempts by the New England Equity Defendants to enforce a judgment which the New England Equity Defendants had secured pursuant to a settlement achieved in arbitration pursuant to the American Arbitration Association, wherein plaintiff's owner, Edmund Massullo, asserted the same claims which

218654.1/34008

plaintiff has asserted in this action. In connection with the settlement, Mr. Massullo issued a general release of all claims against the New England Equity Defendants.

Upon service of plaintiff's Complaint in this action, the New England Equity Defendants filed a motion to dismiss and/or a motion to stay pending arbitration before the American Arbitration Association. Following extensive briefs and oral argument, Judge Droney entered an order staying the pending lawsuit in favor of arbitration and directed that "[a]rbitration is hereby ordered in accordance with the arbitration provisions of the Agreement and Addendum." (Order, p.14). The Agreement and Addendum both specify that the arbitration between the parties was to be conducted in accordance with the rules of the American Arbitration Association by an arbitrator certified by the American Arbitration Association. The relevant language of both agreements consists of the following:

> In the event of a dispute concerning any aspect of [Agreement or Addendum to Agreement], including breach or claimed breach thereof, the parties agree to have any such matter arbitrated in accordance with the Rules of the American Arbitration Association (AAA) by an arbitrator certified by the AAA and conducted within the State of Connecticut or at such other location as assigned by the Arbitrator.

Rather then initiate arbitration following Judge Droney's order, on or about October 6, 2003, plaintiff submitted a demand for arbitration before the National Association of Securities Dealers ("NASD"), asserting claims against defendant Merrill Lynch and claims against the New England Equity Defendants. Plaintiff's claims against the New England Equity Defendants in its arbitration demand before the NASD are the same claims which plaintiff made in the Complaint pending in this Court.

Plaintiff's demand for arbitration for the NASD is in violation of this Court's Order and the agreements between the parties, and should be enjoined. Moreover, since plaintiff obviously does not intend to comply with its agreements or the Court's Order by demanding arbitration

before the AAA, plaintiff's Complaint in this action should be dismissed with prejudice for failure to prosecute.

II. <u>ARGUMENT</u>

    A. <u>The New England Equity Defendants Are Entitled To An Order Enjoining Plaintiff From Prosecuting Its Claims Against Them Before The NASD.</u>

As part of their motion to dismiss the plaintiff's complaint, the New England Equity Defendants requested alternatively that this litigation be stayed pending arbitration of the plaintiff's claims before the AAA. In responding to that aspect of the New England Equity Defendants' motion, plaintiff never contended that the Agreement and Addendum did not dictate the forum for arbitration between the parties. Instead, plaintiff simply alleged that it was not party to the agreements to arbitrate, even though they were clearly signed by plaintiff's sole shareholder, Edmund Massullo. Based on the record, Judge Droney ordered that the case be stayed pending arbitration in accordance with the Agreement and the Addendum to the Agreement which Mr. Massullo had signed, i.e. Judge Droney ordered that the case be arbitrated before the AAA. This Order was, and is, the proper ruling on the arbitration forum issue, and the New England Equity Defendants are entitled to an order enjoining plaintiff's attempted end around that Order through its demand for arbitration before the NASD.

Having obtained the Court's determination that arbitration of the disputes before the Court must be conducted in accordance with the parties' agreements, the New England Equity Defendants are entitled to have that determination enforced. Otherwise, quite obviously, the Court's Order is of no consequence.

In <u>Wall Street Associates, L.P. v. Becker Paribas, Inc.</u>, 27 F.3d 845 (2d Cir. 1994), the Second Circuit affirmed the decision of the district court holding that the parties were bound by

the district court's determination of the proper forum for arbitration and therefore bound by the decision of the arbitrators in that forum. The lower court had concluded that its decision was the law of the case which should not be reversed subsequently. Wall Street Associates, L.P. v. Becker Paribas, Inc., 818 F. Supp. 679 (S.D.N.Y 1993). Indeed, it is well established that an order granting relief may not be revoked by the same court in the absence of a significant change in circumstances. See LNC Investments, Inc. v. First Fidelty Bank, N.A. New Jersey, 173 F.2d 454 (2d Cir. 1999); Casey v. U.S., 161 F. Supp. 2d 86 (D. Conn. 2001); Chemical Bank v. Dana, 234 B.R. 585 (D. Conn. 1999). Having concluded that the agreements at issue here required AAA arbitration, as they clearly did, the Court should now enforce that decision by enjoining plaintiff from pursuing its claims against New England Equity Defendant before the NASD.

There is also ample authority within the Second Circuit confirming that a party may not pursue arbitration in a forum not specified in the parties' agreements,[1] and that the courts will enjoin any attempt to do so. In Merrill Lynch, Pierce, Fenner & Smith, Inc. v. Georgiadis, 903 F.2d 109 (2d Cir. 1990), and in PaineWebber, Inc. v. Rutherford, 903 F.2d 106 (2d Cir. 1990), the Second Circuit granted motions by brokers to enjoin their customers from pursuing arbitration in a forum to which the brokers had not agreed. The same result, for the same reasons has been reached repeatedly in the district courts of the Second Circuit. See e.g. Renaissance Capital Group, Ltd. v. Hedge Fund Administrators, Ltd., 2000 U.S. Dist. LEXIS 16611 (S. D. NY. 2000), Dean Witter Reynolds, Inc. v. Prouse, 831 F. Supp. 328 (S.D.N.Y. 1993).

Accordingly, the court should enjoin plaintiff from prosecuting its claims against the New England Equity Defendants before the NASD.

---

[1] The issue of arbitratibilty is for the court to decide in the first instance and not the NASD arbitrator(s). Bensadoun v. Jobe-Riat, 316 F. 3d 171 (2d Cir. 2003).

B.     <u>Plaintiff's Complaint Should Be Dismissed For Failure To Prosecute And For Willful Violation Of The Court's Order Requiring Arbitration Before The American Arbitration Association.</u>

Plaintiff was ordered in March of last year to pursue its claims before the AAA, claims which had been presented by Edmund Massullo and settled several years earlier. Rather than comply with the Court's Order, and in willful disregard of that Order, plaintiff has recently initiated arbitration against the New England Equity Defendants before the NASD. Since plaintiff has not complied with the Court's Order and has manifested its intention not to comply with that Order, plaintiff's Complaint against the New England Equity Defendants should be dismissed with prejudice.

Once a district court has stayed a lawsuit in favor to arbitration, the burden is on the plaintiff to promptly initiate arbitration in order to preserve and prosecute its claims, and where it fails to do so, dismissal for failure to prosecute is fully warranted. <u>Morris v. Morgan Stanley & Co.</u>, 942 F.2d 648 (9th Cir. 1991); <u>Horton–Hodges v. Charles Schwab & Co., Inc.</u>, 2000 U.S. Dist LEXIS 4332 (N. D. Ca. 2000); <u>Ames v. Standard Oil Company (Indiana)</u>, 108 F.R.D. 299 (D.D.C. 1985).

In this case, the facts warrant dismissal. Not only has plaintiff failed to comply with the Court's Order, but it has initiated arbitration in another forum, the NASD, with the obvious hope of avoiding the forum stipulated by the parties' agreements and directed by the Court's Order and to further harass the New England Equity Defendants. Plaintiff obviously expects that by arbitrating its claims before the NASD it is more likely to avoid the preclusive effect of Mr. Mazzulo's previous settlement and release of these same claims before the AAA.

Rule 41 (b) of the Federal Rules of Civil Procedure provides as follows:

> For failure of the plaintiff to prosecute or to comply with these rules or any order of court, a defendant may move for dismissal of an action of any claim against the defendant. Unless the court and its order for dismissal otherwise specifies, a dismissal under this subdivision and any dismissal not provided for in this rule, other than a

dismissal for lack of jurisdiction, for improper venue, or for failure to join a party under Rule 19, operates as an adjudication upon the merits.

In applying this Rule, the Second Circuit has directed district courts to consider the following:

> [1] the duration of the plaintiff's failures, [2] whether plaintiff had received notice that further delays would result in dismissal, [3] whether the defendant is likely to be prejudiced by further delay, [4] whether the district judge has taken care to strike the balance between alleviating court calendar congestion and protecting a party's right to due process and a fair chance to be heard..., and [5] whether the judge has adequately assessed the efficacy of lesser sanctions. Nita v. Connecticut Dept. of Envtl. Protection, 16 F. 3d 482, 485 (2d Cir. 1994) [citations and internal quotations omitted]. "Generally, no one factor is dispositive." Id. Further, "prejudice to defendants resulting from unreasonable delay may be presumed,...but in cases where delay is more moderate or excusable, the need to show actual prejudice is proportionally greater." Lyell Theatre Corp., 682 F.2d at 43 (citation omitted).

Johnson v. M. Melnick & Co., Inc., 1996 U.S. Dist. LEXIS 6154, at pp. 7-8 (S.D.N.Y. 1996).

In the case at bar, it is evident that the plaintiff's delay in prosecution has been substantial and that the defendants have been prejudiced by plaintiff's attempts to avoid the Court's Order requiring AAA arbitration, since they have been required to defend the NASD arbitratioin demand, and that the defendants will be prejudiced by similar tactics in the future if dismissal is not granted. Under such circumstances, numerous other courts have dismissed litigation for failure to prosecute based on the plaintiff's demonstrated intention not to comply with court orders. Martin-Trigona v. Gellis & Melinger, 830 F.2d 367 (D.C. Cir. 1987); Chira v. Lockheed Aircraft Corp., 634 F.2d 664 (2d Cir. 1980); Urban Electrical Supply and Equipment Corp. v. New York Convention Center Development Corp., 105 F.R.D.92 (E.D.N.Y. 1985). Numerous courts have also granted dismissal based on the plaintiff's refusal to comply with court orders requiring arbitration. See Morris, Horton-Hodges, and Ames, supra.

Indeed it would be manifestly unjust to allow plaintiff to persist in its strategies designed to maximize inconvenience and expense to the New England Equity Defendants, and

accordingly those defendants respectfully request that plaintiff's Complaint be dismissed with prejudice.

III. CONCLUSION

For the forgoing reasons, the New England Equity Defendants respectfully request that plaintiff be enjoined from prosecuting its arbitration against New England Equity Defendants before the NASD, and that plaintiff's Complaint in this action be dismissed as against the New England Equity Defendants with prejudice.

CURTIN & HEEFNER, LLP

By: _____

Ryan P. Barry, Esquire
Sabia & Hartley, LLC
190 Trumbull Street, Suite 202
Hartford, CT 06103-2205
(860) 541-2077
Attorneys for Christopher Plummer
and New England Equity, Inc.

Douglas H. Riblet, Esquire
250 N. Pennsylvania Avenue
Morrisville, PA 19067
(215) 736-2521
Attorneys for Maureen Clark,
Christopher Plummer and
New England Equity, Inc.

William J. O'Sullivan, Esquire
Baker O'Sullivan & Bliss, PC
Putnam Park, Suite 100
100 Great Meadow Road
Wethersfield, CT 06109-2355
(860) 258-1993
Attorneys for Maureen Clark

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

| | |
|---|---|
| STAMFORD HOLDING COMPANY<br>Plaintiff | CIVIL ACTION |
| vs. | |
| MAUREEN CLARK,<br>CHRISTOPHER PLUMMER,<br>NEW ENGLAND EQUITY, INC.,<br>CHARLES J. IRVING, ESQUIRE,<br>RAMONA E. DESALVO, ESQUIRE, and<br>MERRILL, LYNCH, PIERCE, FENNER,<br>& SMITH, INC. | NO. 02-CV-1236 (CFD) |

## CERTIFICATION OF SERVICE

I hereby certify that a copy of the foregoing Motion of Defendants Clark, Plummer and New England Equity, Inc. to Bar Plaintiff From Proceeding Against Them In Arbitration Before The National Association Of Securities Dealers And To Dismiss Plaintiff's Complaint Against Them With Prejudice, Supporting Memorandum of Law and Proposed Order was mailed postage pre-paid this 30th day of January, 2004 to the following counsel:

David J. Elliott
Day, Berry & Howard, LLP
City Place 1
Hartford, CT 06103-3499

Michael P. Shea
Day, Berry & Howard, LLP
City Place 1
Hartford, CT 06103-3499

G. Jeffrey Boujoukos
Morgan, Lewis & Bockious, LP
1701 Market Street
Philadelphia, PA 19103

James W. Christie
Christie, Pabarue, Mortensen & Young
1880 JFK Blvd, 10th Floor
Philadelphia, PA 19103-7424

Edward R. Scofield
Zeldes, Needle & Cooper
1000 Layfayette Blvd.
Bridgeport, CT 06604

David G. Hill
Halloran & Sage
One Goodwin Square
225 Asylum Street
Hartford, CT 06103

John P. Penders
Marshall, Dennehey, Warner
1845 Walnut Street, 19th Floor
Philadelphia, PA 19103-4797

Ryan P. Barry, Esquire
Sabia & Hartley, LLC
190 Trumbull Street, Suite 202
Hartford, CT 06103-2205

218967.1/34008

| | |
|---|---|
| Rudolph J. DiMassa, Esquire<br>Di Massa and Associates, Ltd.<br>1305 Locust Street, 4th Floor<br>Philadelphia, PA 19107 | William J. O'Sullivan, Esquire<br>Baker O'Sullivan & Bliss, PC<br>Putnam Park<br>100 Great Meadow Road, Suite 100<br>Wethersfield, CT 06109-2355 |

_____
Douglas H. Riblet, Esquire