UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| STAMFORD HOLDING COMPANY | : | CIVIL ACTION |
| PLAINTIFF, | : | NO. 3:02CV1236(CFD) |
| V. | : | |
| | : | |
| MAUREEN CLARK, CHRISTOPHER | : | |
| PLUMMER, NEW ENGLAND EQUITY, INC., | : | |
| CHARLES J. IRVING, RAMONA E. DESALVO, | : | |
| AND MERRILL LNCH PIERCE FENNER & | : | |
| SMITH, INC. | : | JUNE 22, 2004 |
| DEFENDANTS. | : | |

## REPLY TO PLAINTIFF'S RESPONSE TO MOTION FOR RECONSIDERATION AND CLARIFICATION

The undersigned defendant, Ramona E. DeSalvo (DeSalvo), submits this reply to the plaintiff's Response to Motion for Reconsideration and Clarification of the Court's ruling dated April 15, 2004, in which Judge Droney denied as moot defendant DeSalvo's Revised Motion to Amend Court Order (Doc. #93). DeSalvo submits that there is a compelling basis to justify reconsideration of the Court's April 15, 2004 Order.

A summary of the facts are as follows. On November 23, 1998, Dr. and Mrs. Massullo filed a complaint in the United States District Court for the Northern District of Ohio against New England Equity defendants (Maureen Clark, Christopher Plummer, and New England Equity), ("the Ohio action"), which was resolved by arbitration pursuant to the arbitration clauses in the Agreement ("Agreement") and Addendum ("Addendum") between New England Equity and Edward A. Massullo, M.D., F.A.C.S.

10361.0082

One Goodwin Square
225 Asylum Street
Hartford, CT 06103

HALLORAN
& SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No. 26105

(Dr. Massullo") and his wife, Anne Marie Massullo ("Mrs. Massullo")  The arbitration clauses provided that in the event of a dispute concerning any aspect of the agreement or addendum, the parties agree to have any such matter arbitrated in accordance with the rules of the American Arbitration Association (AAA) by an arbitrator certified by the AAA.  See Agreement, page 5; Addendum, page 2, attached as Exhibit A.

The arbitration resolved all claims in the Ohio action against DeSalvo, Plummer, Clark, Pacific Assets, and New England Equity.  See American Arbitration Association Transcript dated April 5, 2000, attached as Exhibit B.

In the pending action, Judge Droney, in his Ruling on Motions to Dismiss and for Other Relief dated March 25, 2003, determined that Stamford Holding Company is bound by the arbitration clauses in the Agreement and Addendum, and therefore, stayed this current matter as to all parties and ordered arbitration in accordance with the arbitration provisions of the Agreement and Addendum.  See Ruling on Motions to Dismiss and for Other Relief, attached as Exhibit C.  The court also concluded that the preclusive effect of the prior arbitration be arbitrated.  See Exhibit C, page 8.

Notwithstanding the arbitration clause and Judge Droney's order, on or about October 6, 2003, the plaintiff submitted a demand for arbitration before the National Association of Securities Dealers ("NASD").  On November 25, 2003, DeSalvo filed a motion to the court requesting that she be included in arbitration proceedings between the parties, <u>just as she was included in the prior arbitration</u>.

One Goodwin Square
225 Asylum Street
Hartford, CT 06103

HALLORAN
& SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No. 26105

On or about December 11, 2003, Clark, Plummer and New England Equity filed a motion to have the plaintiff withdraw the demand for arbitration before NASD because the plaintiff should have demanded arbitration before the AAA.  On April 15, 2004, the Court ordered the plaintiff to withdraw all claims against defendants Clark, Plummer and New England Equity, Inc. (collectively "New England Equity Defendants") that were pending before the National Association of Securities Dealers.  See Ruling on Pending Motions, dated April 15, 2004, attached as Exhibit D.  The Court also denied as moot DeSalvo's request to be included in the pending arbitration.

DeSalvo respectfully requests that the court clarify its order dated April 15, 2004 because it is uncertain as to whether she should be included in an arbitration properly brought before the AAA.  In making its decision to order arbitration of the current claim, the court relied on the same arbitration clauses in the Agreement and Addendum that included DeSalvo in the previous arbitration.  In the prior arbitration, the parties resolved the prior disputes and specifically agreed that the arbitration decision applied to DeSalvo as well.  Therefore, the AAA's determination in this current case should also apply to DeSalvo.

Additionally, the AAA may determine that the prior arbitration resolved issues in this current claim.  It is well recognized that the findings of arbitration boards can serve as the basis for collateral estoppel in a federal court proceeding.  <u>Benjamin v. Traffic Executive Assoc. Eastern Railroads</u>, 869 F.2d 107, 110, (2nd Cir. 1989).  The Supreme Court stated "[t]o preclude parties from contesting matters that they have had a full and

-3-

One Goodwin Square
225 Asylum Street
Hartford, CT 06103

HALLORAN
& SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No. 26105

fair opportunity to litigate protects their adversaries from the expense and vexation attending multiple lawsuits, conserves judicial resources, and foster reliance on judicial action by minimizing the possibility of inconsistent decisions." Montana v. United States, 440 U.S. 147, 153-54, 99 S.Ct. 970, 973-74 (1979).  Therefore, DeSalvo will be unfairly prejudiced if she is not included in the arbitration proceedings, particularly when she was included in the original proceeding.

Lastly, defendant DeSalvo should be included in the AAA arbitration in the interest of judicial economy.  If, for example, the case resolves during arbitration as to the New England Equity Defendants, defendant DeSalvo will be left to defend the present claim alone.  Consequently, she may need to file third-party complaints against one or more of the New England Equity Defendants, thereby defeating the purpose of arbitration.  Thus, it makes sense to include her in the arbitration hearing.

In short, the plaintiff, having agreed to include defendant DeSalvo in the original arbitration hearing, has failed to provide any basis not to include her in the follow-up hearing.  In fact, the same arbitration clause that the Court relied on in the earlier arbitration remains in effect for this current arbitration.  These same parties (including DeSalvo) resolved the same issues during the prior arbitration.  Therefore, defendant DeSalvo should be included in the court-ordered arbitration between the plaintiff and the New England Equity Defendants.

Defendant DeSalvo respectfully requests the Court clarify its ruling dated April 15, 2004 as to whether the Order for Arbitration applies to her.

One Goodwin Square
225 Asylum Street
Hartford, CT 06103

HALLORAN
& SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No. 26105

WHEREFORE, for the foregoing reasons, the undersigned defendant respectfully requests that the Court grant her motion.

        RESPECTFULLY SUBMITTED,
        RAMONA E. DESALVO, ESQ.

        By_____
        June M. Sullivan
        Fed. Bar #ct 24462
        HALLORAN & SAGE LLP
        One Goodwin Square
        225 Asylum Street
        Hartford, CT 06103
        (860) 522-6103
        Her Attorneys

One Goodwin Square      HALLORAN     Phone (860) 522-6103
225 Asylum Street     & SAGE LLP     Fax (860) 548-0006
Hartford, CT 06103         Juris No. 26105

## CERTIFICATION

This is to certify that on this 22nd day of June 2004, I hereby mailed a copy of the foregoing to:

Rudolph J. DiMassa, Esq.
DiMassa & Associates, Ltd.
1305 Locust Street, 4th Floor
Philadelphia, PA  19107
**For Stamford Holding Company**

James E. Miller, Esq.
Shepherd Finkelman Miller & Shah
One Lewis St.
Hartford, CT 06103
**For Stamford Holding Company**

Edward R. Scofield, Esq.
Stuart D. Bear, Esq.
Zeldes, Needle & Cooper
1000 Lafayette Blvd., Suite 500
PO Box 1740
Bridgeport, CT 06601-1740
**For Charles J. Irving, Esq**

Rex F. Brien, Esq.
James W. Christie, Esq.
Christie, Pabarue, Mortensen &
  Young
1880 JFK Blvd., 10th Floor
Philadelphia, PA  19103
**For Charles J. Irving, Esq.**

David J. Elliott, Esq.
Michael P. Shea, Esq.
Day, Berry & Howard
CityPlace
Hartford, CT  06103-3499
**For Merrill, Lynch, Pierce, Fenner & Smith, Inc.**

William J. O'Sullivan, Esq.
Baker O'Sullivan & Bliss PC
Putnam Park
100 Great Meadow Rd.
Suite 100
Wethersfield, CT 06109-2355
**For Maureen Clark and William Sullivan**

Douglas H. Riblet, Esq.
Curtin & Heefner
250 North Pennsylvania Avenue
P. O. Box 217
Morrisville, PA  19067-0217
**For Maureen Clark, Christopher Plummer and New England Equity, Inc.**

Ryan P. Barry, Esq.
Moukawsher & Walsh
Capitol Place
21 Oak Street, Suite 209
Hartford, CT 06106
**For Christopher Plummer and New England Equity, Inc.**

G. Jeffrey Boujoukos, Esq.
Morgan, Lewis & Bockius LLP
1701 Market St.
Philadelphia, PA 19103-2921
**For Merrill, Lynch, Pierce, Fenner & Smith, Inc**

_____
June M. Sullivan

563357_1.doc

One Goodwin Square
225 Asylum Street
Hartford, CT 06103


HALLORAN & SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No. 26105