IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| STAMFORD HOLDING COMPANY, | : | CIVIL ACTION NO. |
| | : | 3:02-CV-1236-CFD |
| Plaintiff, | : | |
| | : | |
| vs. | : | |
| | : | |
| MAUREEN CLARK et al, | : | |
| | : | |
| Defendants. | : | February 14, 2005 |

**MEMORANDUM OF LAW IN OPPOSITION TO MOTION TO THE MOTION TO DISMISS OF DEFENDANT RAMONA E. DESALVO**

Plaintiff, Stamford Holding Company ("Stamford"), respectfully submits this Memorandum of Law in Opposition to the Motion to Dismiss ("Motion") of Defendant, Ramona E. DeSalvo ("DeSalvo"). For the reasons explained fully below, DeSalvo's Motion to Dismiss should be denied in its entirety.

### INTRODUCTION[1]

Stamford opposes DeSalvo's Motion to Dismiss on the basis that, under all of the circumstances, dismissal of Stamford's claims with prejudice simply is not justified under Rule 41(b) of the Federal Rules of Civil Procedure. Stamford has not intentionally engaged in any dilatory conduct and should not suffer the ultimate sanction of dismissal. Rather, as explained below, Stamford respectfully requests that DeSalvo's Motion be denied without prejudice and with the right to renew such motion if Stamford fails to initiate arbitration proceedings before the American Arbitration Association ("AAA") against her in the next thirty (30) days. Although Stamford has not initiated arbitration proceedings before AAA against DeSalvo to date, it only

---

[1] Stamford does not respond to DeSalvo's improper attempt to argue the merits of this dispute since such argument is irrelevant to the issues at hand.

deferred initiating such proceedings in an effort to first resolve the related arbitration proceedings before the National Association of Securities Dealers, Inc. ("NASD") and in an effort to avoid the possibility of inconsistent decisions and adjudications that could be occasioned by the simultaneous prosecution of both the AAA and NASD arbitration proceedings.[2] Moreover, notwithstanding the rhetoric contained in DeSalvo's Motion, neither DeSalvo nor her counsel ever (1) provided notice to Stamford that Defendant would seek dismissal of this action if an arbitration proceeding was not commenced on or before a certain date, or (2) even inquired as to when Stamford expected that such arbitration proceeding would be initiated. In light of DeSalvo's Motion, and to avoid any argument that Stamford has unduly delayed or that DeSalvo has suffered any prejudice, Stamford hereby agrees to initiate arbitration proceedings against DeSalvo before AAA within thirty (30) days of this date. For these reasons, as well as the reasons explained fully below, Stamford respectfully submits that DeSalvo's Motion should be denied.

## ARGUMENT

A. **Defendant's Motion Fails To Establish Any Basis for Dismissal Under Fed.R.Civ.P. 41(b).**

Although DeSalvo's Motion correctly cites Rule 41(b) of the Federal Rules of Civil Procedure and the Second Circuit Court of Appeals' decision in <u>LaSane v. Hall's Security Analyst, Inc.</u>, 239 F.3d 206 (2d Cir. 2001)(where the Court reversed a district court's order dismissing a case pursuant to Fed.R.Civ.P. 41(b), held that the "employee's case *should not have been dismissed*," and held that the district court abused its discretion) as the authority upon

---

[2] Stamford is represented by Rudolph J. DiMassa, Esquire of DiMassa & Associates, Ltd. in the NASD proceedings and will be represented by DiMassa & Associates, Ltd. in the AAA arbitration proceedings that Stamford hereby agrees to commence within the next thirty (30) days.

which dismissal may be sought, Defendant's Motion fails to acknowledge that dismissal under Rule 41(b) "remains 'a harsh remedy to be utilized only in extreme situations.'" LeSane, supra at 209, quoting Theilmann v. Rutland Hospital, Inc., 455 F.2d 853, 855 (2d Cir. 1972). Moreover, even though DeSalvo's Motion articulates the appropriate five (5) factor test to be utilized in assessing a Rule 41(b) Motion, it also fails to properly apply that test. As the LeSane Court explained, the following five factor test should be applied to a Rule 41(b) Motion in evaluating whether the case presents an "extreme situation" where such a "harsh remedy" should be imposed:

> [A] district court contemplating dismissing a plaintiff's case, under Rule 41(b), for failure to prosecute must consider: "[1] the duration of the plaintiff's failures, [2] whether plaintiff had received notice that further delays would result in dismissal, [3] whether the defendant is likely to be prejudiced by further delay, [4] whether the district judge has take[n] care to strik[e] the balance between alleviating court calendar congestion and protecting a party's right to due process and a fair chance to be heard ... and [5] whether the judge has adequately assessed the efficacy of lesser sanctions." Alvarez v. Simmons Mkt. Research Bureau, Inc., 839 F.2d 930, 932 (2d Cir.1988) (internal quotations and citations omitted).

Id. at 209. First, Stamford respectfully suggests that, under all of the circumstances (especially in light of the other pending arbitration proceedings) and for the reasons explained above, the duration of its delay has not been unreasonable. Second, as discussed above, Stamford received absolutely no notice that DeSalvo would seek dismissal of this case before the instant Motion was filed.[3] Third, DeSalvo's Motion also fails to establish that Defendant will suffer any prejudice if Stamford is now permitted to initiate arbitration proceedings before AAA. Fourth,

---

[3] Shepherd, Finkelman, Miller & Shah, LLC, as Stamford's local counsel in this matter, stands ready to facilitate any necessary communications between the parties in the future to ensure that the parties first attempt to resolve such issues between themselves without the necessity of seeking court intervention.

Stamford respectfully suggests that its due process rights and its right to be heard on the merits of this matter in arbitration substantially outweigh the need to alleviate any court congestion. That is especially true where, as here, this action has effectively been stayed pending the outcome of certain arbitration proceedings. Fifth and finally, since DeSalvo sought dismissal of this action without providing Stamford with prior notice that such relief would be sought, it is apparent that no lesser sanctions have been sought or should be considered.[4] Thus, based upon the standards set forth in LeSane, Stamford respectfully submits that dismissal under Fed.R.Civ.P. 41(b) simply is not warranted in this case.

**B.  The Cases Relied Upon By DeSalvo Support Stamford's Position.**

The cases relied upon by DeSalvo in seeking such dismissal also support Stamford's position in this case. As detailed below, in each case cited by Defendant, the plaintiff at issue engaged in extreme conduct in direct violation of court order and rules and, therefore, had (a) been received prior notice that it could be subject to dismissal, and (b) engaged in flagrant and egregious conduct.[5] First, in Morris v. Morgan Stanley & Co., 942 F.2d 648, 652 (9th Cir. 1991), the Court affirmed dismissal where "[a]ppellants repeatedly failed to respond to correspondence from Appellees regarding discovery and the arbitration, failed to appear at at least one scheduled meeting, and misrepresented their intentions to the district court during five separate status conferences." Second, in Sheaffer v. Warehouse Employees Union, Local No. 730, 408 F.2d 204 (D.D.C. 1969), the Court similarly affirmed dismissal of plaintiff's case *without prejudice* but

---

[4]Stamford respectfully suggests that, in light of its willingness and commitment to promptly initiate AAA arbitration proceedings against DeSalvo, no sanction of any kind should be considered at this time.

[5]As explained in the discussion of these cases, even where such egregious conduct (which is not present here) occurred, the dismissal of plaintiff's cases was not uniformly upheld upon appeal.

only after numerous violations of local court rules and pretrial orders. Third, in <u>Allied Air Freight, Inc. v. Pan American World Airways, Inc.</u>, 393 F.2d 441 (2d Cir. 1968), the Court actually reversed dismissal of an action after the district court provided the plaintiff with ninety (90) days to proceed with the case or seek an extension of that time period and the plaintiff failed to take any action because the Court held that the district court had improperly invoked the doctrine of primary jurisdiction when remanding the case to an administrative tribunal. Fourth, in <u>Horton-Hodges v. Charles Schwab & Company, Inc.</u>, 2000 WL 52275 * 2 (N.D.Cal. Jan. 18, 2000), the Court dismissed the action for failure to prosecute after the plaintiff failed to initiate arbitration for a period of two-and-a-half years and then failed to take action after "[t]he Court warned plaintiff that the Court expected her to take all reasonable steps to arbitrate her claims as expeditiously as possible." Fifth and finally, in <u>Ames v. Standard Oil Company</u>, 108 F.R.D. 299 (D.D.C. 1985), the Court dismissed an action where the plaintiff repeatedly failed to comply with court orders and failed to attend a status conference to apprise the court of the status of its efforts to initiate an arbitration proceeding. DeSalvo's Motion in this case does not even allege similar conduct on the part of Stamford in this proceeding. Simply put, the egregious nature of the conduct by the parties suffering dismissal in the cases cited by DeSalvo stands in stark contrast to the conduct of Stamford in this case and only establishes that, under applicable and controlling precedent, dismissal is not warranted.

## **CONCLUSION**

For all of the reasons explained above, Plaintiff, Stamford Holding Company, respectfully request that the Motion to Dismiss of Defendant, Ramona E. DeSalvo, be denied.

Dated: February 14, 2005

James E. Miller
Federal Bar No. CT-21560
Patrick A. Klingman
Federal Bar No. CT-17813
Shepherd, Finkelman, Miller, & Shah, LLC
65 Main Street
Chester, CT 06412
(Tel)(860) 526-1100
(Fax)(860) 526-1120
(E-mail) jmiller@sfmslaw.com

Rudolph J. DiMassa
DiMassa & Associates
1305 Locust Street, Fourth Floor
Philadelphia, Pennsylvania 19107
(Tel)(215) 545-4333
(Fax)(215) 546-8133
(E-mail) DiMassa13@aol.com

Attorneys for Plaintiff