UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| STAMFORD HOLDING COMPANY | : | CIVIL ACTION |
|         Plaintiff, | : | NO. 3:02CV1236(CFD) |
| V. | : | |
| MAUREEN CLARK | : | |
| CHRISTOPHER PLUMMER, | : | |
| NEW ENGLAND EQUITY, INC., | : | |
| CHARLES J. IRVING | : | |
| RAMONA E. DESALVO | : | |
| AND MERRILL LNCH PIERCE FENNER & | : | |
| SMITH, INC. | : | |
|         Defendants. | : | JANUARY 12, 2006 |

**MEMORANDUM OF LAW IN SUPPORT OF
MOTION OF DEFENDANT DESALVO'S MOTION TO DISMISS
PLAINTIFF'S COMPLAINT WITH PREJUDICE**

**I.    INTRODUCTION**

This action was brought by the plaintiff, Stamford Holding Company ("Stamford Holding"), for damages allegedly involving business transactions between Stamford Holding and the defendants. Essentially, this action is Stamford Holding's retribution for the Arbitration Award and Judgment in favor of the defendants. The Arbitration Award and Judgment involved the same parties and the same issues as the current action. In order to have a full understanding of the issues of this action, it is important to examine the history of the business relationship between the parties.

One Goodwin Square
225 Asylum Street
Hartford, CT 06103

10361.0082
HALLORAN
& SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No. 26105

Edmund Massullo, M.D. and his wife, Anne Marie Massullo, (hereinafter "the Massullos") entered into an agreement (hereinafter "agreement") with defendant New England Equity, Inc. (hereinafter "New England Equity") in order to manage and resolve their debts, which had grown to over $12 million. New England Equity is owned by defendant Christopher Plummer, (hereinafter "Plummer"), and the officers are defendants Maureen Clark (hereinafter "Clark") and Plummer (hereinafter, collectively "the New England Equity defendants"). The Massullos entered into two written contracts with New England Equity. The first contract was dated October 18, 1993, and the second contract, an addendum to the first, was dated March 18, 1994. Contained within these written documents was the express agreement by the parties, that all disputes to the agreement and addendum would be resolved by arbitration.

In order to execute the management plan for the Massullos' debts, defendant Clark and the Massullos agreed to establish a separate corporation entitled the Stamford Holding Company. Stamford Holding's role was to receive the proceeds of transactions that liquidated the Massullos' investments and to pay the proceeds to the Massullos, along with their creditors, which included, New England Equity, Clark and Plummer. Defendant Ramona E. DeSalvo, Esq. (hereinafter "DeSalvo") was custodian of Mr. Massullo's stock holdings in the Stamford Holding Company. (Exh. A, Stamford Holding Corp. Agreement dated 8/25/95). Edmund Massullo became the sole

One Goodwin Square
225 Asylum Street
Hartford, CT 06103

HALLORAN
& SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No. 26105

shareholder of Stamford Holding, which was incorporated on July 18, 1995 under the laws of the State of Delaware.

Subsequently, the Massullo's investments were liquidated, and the money was deposited into Stamford Holding's accounts. The Massullos deposited additional money into Stamford Holding's accounts for the purpose of paying their debts.

The Secretary of State for the State of Delaware declared Stamford Holding "no longer in existence and good standing under the laws of the State of Delaware having become inoperative and void the first day of March, A.D. 1997 for non-payment of taxes". (Exh. B, Certificate of Void Status signed by Secretary of State of Delaware).

In the meantime, and as a result of the Massullos' failure to pay fees to Clark and Plummer, the business relationship between the Massullos and New England Equity became strained. In fact, New England Equity, Clark and Plummer ceased all activities relating to Stamford Holding by August 1998.

In order to deter Clark, Plummer and New England Equity from collecting on the debt owed to them by the Massullos, the Massullos filed a Complaint in the United States District Court for the Northern District of Ohio (hereinafter "the Ohio lawsuit") on November 23, 1998 against defendants Clark, Plummer, New England Equity, Charles J. Irving, Esq. (hereinafter "Irving"), DeSalvo (Irving and DeSalvo are attorneys who had provided services to the Massullos), and Merrill Lynch (the entity that managed the accounts owned by Stamford Holding). (Exh. C, Ohio Complaint filed 11/23/98).

One Goodwin Square
225 Asylum Street
Hartford, CT 06103

HALLORAN
& SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No. 26105

In response to the Massullos' Ohio lawsuit, the New England Equity defendants filed a demand for arbitration. On October 18, 1999, the Honorable Solomon Oliver, Jr. granted the defendants' Motion to Compel Arbitration. (Exh. D, PACER list of documents containing Judge Oliver's decision as Item No. 71). Notwithstanding the court order, on December 22, 1999, the Massullos filed an Amended Complaint in the Massullos' Ohio Lawsuit, adding one more defendant, Pacific Asset, Inc. (hereinafter "Pacific Asset"). (Exh. E, Amended Ohio Complaint, dated 12/22/99). The Amended Complaint alleged in detail various theories of liability against the defendants. More specifically, the Amended Complaint alleged Racketeer Influenced and Corrupt Organization Act ("RICO") violations relating to Stamford Holding, a claim relating to alleged conversions from the Stamford Holding accounts, and an accounting for all assets received by the named defendants from or on behalf of Stamford Holding. Shortly thereafter, on February 10, 2000, the claims against the New England Equity defendants in the Massullos' Ohio lawsuit were voluntarily dismissed by the Massullos. Simultaneously, a counterclaim in the Connecticut Arbitration proceeding was submitted by the Massullos, which reiterated the claims of misconduct relative to Stamford Holding's account.

The Connecticut arbitration trial resulted in a settlement agreement by the parties on April 5, 2000. (Exh. F., Tr. of Arbitration Settlement dated 4/5/00). This agreement was recorded and transcribed and stated the following:

-4-

One Goodwin Square
225 Asylum Street
Hartford, CT 06103

HALLORAN
& SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No. 26105

The resolution of the claims and counterclaims in this matter, including the counterclaims that were proffered and yet to have been ruled on in the Amended Counterclaim, are taken care of by this settlement, as well as any claims by the Massullos in a federal court action pending in the Northern District of Ohio, assigned to the docket of Judge Solomon Oliver with respect to the following defendants or potential defendants are also resolved: Attorney Ramona DeSalvo, Christopher Plummer, Maureen Clark, Pacific Assets, and New England Equity.

In exchange for dismissal of the claims here and a mutual release of all claims against those defendants in the federal court action, plus a payment of $125,000 from the Massullos to a designee as designated by New England Equity, who will determine as to who they want that check to go to, as well as up to $50,000 of any funds recovered from Attorney Charles Irving or his law firm by way of judgment or settlement in the same federal court action, said sum to be paid, again, as designated by New England Equity.

If the sum to be recovered is less than $50,000 by settlement or judgment, there is an agreement that the Massullos and the New England Equity will split that $50,000. No settlement of the Massullo claims against Charles Irving or his law firm will occur without a full release running from Mr. Irving and his law firm to the aforementioned Ramona DeSalvo, Christopher Plummer, Maureen Clark, Pacific Assets and New England Equity.

Ramona DeSalvo, Christopher Plummer, Maureen Clark, Pacific Assets and New England Equity will be indemnified by the Massullos against any judgment by Charles Irving or his law firm derived from and because of any claim asserted by the Massullos against Charles Irving.

(Tr. of Arb. Settlement dated 4/5/00).

One Goodwin Square
225 Asylum Street
Hartford, CT 06103

HALLORAN
& SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No. 26105

The "Amended Counterclaim" that was mentioned in the transcript is a citation to the Amended Complaint in the Massullos' Ohio lawsuit. The Amended Complaint by the Massullos alleged damages in excess of $2 million, treble damages under RICO and punitive damages of $6 million, as well as the accounting.

On July 19, 2000, the Arbitrator, Mr. John Crosskey, awarded and confirmed as binding and enforceable, the terms of the settlement reached on April 5, 2000. (Exh. G, Decision of the Arbitrator Re: Claimants' Motion for Award on Settlement dated 7/19/00).

The arbitration settlement awarded $125,000 to the designee of New England Equity. The award was ultimately reduced to a judgment in the amount of $177,500, which was recorded in the Court of Common Pleas in New London County, Ohio on August 15, 2001.

During the execution process on the Ohio judgment, the plaintiff, Stamford Holding, filed its current lawsuit on or about January 17, 2002 in the U.S. District Court for the Eastern District of Pennsylvania. (Exh. H, Pennsylvania Complaint dated 1/17/02). The action was subsequently transferred to the U.S. District Court, District of Connecticut, pursuant to an order entered on May 24, 2002. Various defendants filed respective motions to dismiss and/or motions to stay pending arbitration. On March 25, 2003, Judge Droney entered an order staying the pending lawsuit in favor of arbitration and decided that "[a]rbitration is hereby ordered in accordance with the arbitration

One Goodwin Square
225 Asylum Street
Hartford, CT 06103

HALLORAN
& SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No. 26105

provisions of the Agreement and Addendum." (Exh. I, Ruling on Motions to Dismiss and for other Relief dated 3/25/03). The Agreement and Addendum both specify that the arbitration between the parties was to be conducted in accordance with the rules of the American Arbitration Association (hereinafter "AAA") by an arbitrator certified by the AAA. (Exh. J, Agreement dated 10/18/93 and Addendum dated 3/18/04). On July 13, 2004, the Court ordered that defendant DeSalvo be included in the AAA arbitration between plaintiff and the New England Equity Defendants. (Exh. K, Order granting defendant DeSalvo's request to be included in the AAA arbitration).

Instead of complying with the court order, the plaintiff submitted a demand for arbitration on October 6, 2003, before the National Association of Securities Dealers (hereinafter "NASD"). In response to various defendants' requests, on April 15, 2004, the Court ordered the plaintiff to withdraw all claims against the defendants pending before NASD. (Exh. L, Ruling on Pending Motions filed 4/15/04). Now, almost three years later, plaintiff has not complied with the court order.

## II. **LAW AND ARGUMENT**

### A. Standard For Motion to Dismiss Under Federal Rule 41(b)

Rule 41(b) of the Federal Rules of Civil Procedure provides that the court, at its discretion, may dismiss a claim for failure to prosecute and for non-compliance with a court order. The district court has the authority to dismiss a plaintiff's case for failure to

One Goodwin Square
225 Asylum Street
Hartford, CT 06103

HALLORAN
& SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No. 26105

prosecute. LaSane v. Hall's Sec. Analyst, Inc., 239 F.3d 206, 209 (2d Cir.2001) There are five factors in particular that a district court must consider under Rule 41(b): "1) the duration of the plaintiff's failures, 2) whether plaintiff had received notice that further delays would result in dismissal, 3) whether the defendant is likely to be prejudiced by further delay, 4) whether the district judge has taken care to strike the balance between alleviating court calendar congestion and protecting a party's right to due process and a fair chance to be heard, and 5) whether the judge has adequately assessed the efficacy of lesser sanctions." Id. The court will note that all of these factors are met in the current case and the court has no option but to grant defendant's Motion to Dismiss.

B. **Plaintiff's Complaint Should be Dismissed For Failure to Prosecute and For Failure to Comply With the Order of the Court to Arbitrate**

The plaintiff filed its current action on or about January 17, 2002. Prior to the current action, the same parties arbitrated the identical claims and had the opportunity to fully pursue the issues. The arbitration trial resulted in a settlement agreement on April 5, 2000 and ultimately a judgment in which the plaintiff was ordered to pay various defendants $177,500. While the various defendants proceeded to execute the judgment, the plaintiff filed this current action, which is the plaintiff's attempt to stall payment.

In March of 2003, this Court ordered the plaintiff to arbitrate its claims with the AAA. The Court's order was clear and unequivocal. However, for the first six

-8-

One Goodwin Square
225 Asylum Street
Hartford, CT 06103

HALLORAN
& SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No. 26105

months, plaintiff ignored it. In October 2003, the plaintiff violated the court order by filing its arbitration claim in a different forum (NASD v. AAA). Finally, almost three years after being ordered to proceed specifically to AAA, plaintiff has not pursued arbitration. The plaintiff's continued failure to abide by this Court's order demonstrates an intent to defy the Court's order. Furthermore, it is another stall tactic to delay prosecution of the claims and thereby delay payment to the defendants. As a result, plaintiff's claims should be dismissed.

There are additional reasons why the Court should grant dismissal under Rule 41(b). First, the plaintiff's failures to comply and prosecute its claims have stretched over years of delay and illustrates plaintiff's desire to impede the judicial process. Second, the plaintiff is well aware that delay tactics are detrimental to the defendants' right to due process. Third, the defendant is likely to be prejudiced by further delay because the delay increases the litigation costs and reduces the defendant's likelihood of success on the merits due to decaying evidence. Moreover, the courts recognize that "prejudice to defendants resulting from unreasonable delay may be presumed." Lyell Theatre Corp. v. Loews Corp., 682 F.2d 37, 43 (2d Cir. 1982) Fourth, the defendant's right to due process and fair chance to be heard is highly compromised as a result of the plaintiff's ongoing delay of arbitration. Fifth, in light of the plaintiff's defiance of court orders and disinterest in prosecution of this matter, there are no lesser sanctions that can be imposed on the plaintiff.

One Goodwin Square
225 Asylum Street
Hartford, CT 06103

HALLORAN
& SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No. 26105

In addition, the plaintiff has the burden to promptly initiate arbitration when a district court stays a lawsuit in favor of arbitration and if the plaintiff fails to do so, it is proper to dismiss the case for failure to prosecute. Morris v. Morgan Stanley & Co., 942 F.2d 648 (9th Cir. 1991); Horton-Hodges v. Charles Schwab & Co., Inc., No. C-96-4533 2000, 2000 WL 52276, at *3 (N.D.Cal.); Ames v. Standard Oil Co. (Indiana), 108 F.R.D. 299 (D.D.C. 1985). It is particularly appropriate for the district court to dismiss a claim for failure to prosecute where the plaintiffs disregard a court order and fail to comply with the established rules. Sheaffer v. Warehouse Employees Union Local No. 730, 408 F.2d 204, 205 (D.C. Cir.), cert. denied, 395 U.S. 934, 89 S.Ct. 1996, (1969). Failure to prosecute litigation in the district court or in an alternative forum, such as an agency or arbitration proceeding, equally justifies dismissal. Allied Air Freight, Inc. v. Pan American World Airways, Inc., 393 F.2d 441, 445 (2d Cir.), cert. denied, 393 U.S. 846, 89 S.Ct. 131 (1981).

WHEREFORE, for the foregoing reasons, defendant DeSalvo respectfully request that this Court enter an order dismissing plaintiff's claims against her in this action with prejudice.

-10-

One Goodwin Square
225 Asylum Street
Hartford, CT 06103

HALLORAN
& SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No. 26105

RESPECTFULLY SUBMITTED,
RAMONA E. DESALVO, ESQ.

By /s/ June M. Sullivan
June M. Sullivan
Fed Bar # 420184
HALLORAN & SAGE LLP
One Goodwin Square
225 Asylum Street
Hartford, CT 06103
(860) 522-6103
Her Attorneys

## CERTIFICATION

This is to certify that on this 12th day of January 2006, I hereby mailed a copy of the foregoing to:

Douglas H. Riblet, Esq.
Curtin & Heefner
250 North Pennsylvania Avenue
P. O. Box 217
Morrisville, PA 19067-0217
**For Maureen Clark, Christopher Plummer and New England Equity, Inc.**

Jill Hartly, Esq.
Sabia & Hartly, LLC
190 Trumbull Street, Suite 202
Hartford, CT 06103-2205
**For Christopher Plummer and New England Equity, Inc.**

Rex F. Brien, Esq.
James W. Christie, Esq.
Christie, Pabarue, Mortensen &
  Young
1880 JFK Blvd., 10th Floor
Philadelphia, PA 19103
**For Charles J. Irving, Esq.**

Edward R. Scofield, Esq.
Zeldes, Needle & Cooper
1000 Lafayette Blvd., Suite 500
PO Box 1740
Bridgeport, CT 06601-1740
**For Charles J. Irving, Esq.**

One Goodwin Square
225 Asylum Street
Hartford, CT 06103

HALLORAN
& SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No. 26105

| | |
|---|---|
| Tanya Tymchenko, Esq.<br>Bingham, McCutchen<br>One State Street<br>Hartford, CT 06103-3178<br>**For Merrill, Lynch, Pierce, Fenner &<br>Smith, Inc.** | Rudolph J. DiMassa, Esq.<br>DiMassa & Associates, Ltd.<br>1305 Locust Street, 4th Floor<br>Philadelphia, PA 19107<br>**For Stamford Holding Company** |
| James E. Miller, Esq.<br>Sheperd Finkelman Miller & Shah-Chester<br>65 Main St.<br>Chester, CT 06412<br>**For Stamford Holding Company** | |

_____
June M. Sullivan

779300v.1

-12-

One Goodwin Square
225 Asylum Street
Hartford, CT 06103

HALLORAN
& SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No. 26105