IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| STAMFORD HOLDING COMPANY, | : | CIVIL ACTION NO. |
| | : | 3:02-CV-1236-CFD |
| Plaintiff, | : | |
| | : | |
| vs. | : | |
| | : | |
| MAUREEN CLARK et al, | : | |
| | : | |
| Defendants. | : | February 3, 2006 |

**MEMORANDUM OF LAW IN OPPOSITION TO MOTION
TO DISMISS OF DEFENDANT RAMONA E. DESALVO**

Plaintiff, Stamford Holding Company ("Stamford"), respectfully submits this Memorandum of Law in Opposition to the Motion to Dismiss ("Motion") of Defendant, Ramona E. DeSalvo ("DeSalvo"). For the reasons explained fully below, DeSalvo's Motion to Dismiss should be denied in its entirety.

**INTRODUCTION**

DeSalvo's Motion is, in a word, perplexing. DeSalvo seeks dismissal of this action on the purported basis that Stamford failed to comply with this Court's Order that it initiate proceedings before the American Arbitration Association ("AAA") against DeSalvo (and certain other Defendants). Contrary to DeSalvo's assertion, however, Stamford unequivocally complied with this Court's request on March 10, 2005 when it proceeded against, *inter alia*, DeSalvo before the AAA. Moreover, DeSalvo expressly acknowledged that Stamford complied with this Court's Order by executing and authorizing the filing of the Parties' Joint Status Report on September 28, 2005, which repeatedly references the AAA proceedings initiated by Stamford.[1]

---

[1] A true and correct copy of the September 28, 2005 Joint Status Report is attached as Exhibit "A" to this Memorandum.

For these reasons, as well as the reasons explained fully below, Stamford respectfully submits that DeSalvo's Motion should be denied.

## BACKGROUND

In this action, Stamford asserts claims against Defendants either jointly or individually for (a) violations of, *inter alia*, the Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. §§ 1961 *et seq*, (b) breach of contract, (c) legal malpractice, (d) breach of fiduciary duty, (e) malicious interference with business relations, and (f) breach of the implied covenant of good faith and fair dealing. Defendants all deny liability to Stamford. By Order dated March 25, 2003, the Court ordered that the claims asserted against Clark, Plummer, New England and Merrill Lynch be arbitrated and that this case be stayed as to Irving and DeSalvo pending resolution of those arbitration proceedings. Stamford instituted arbitration proceedings against Clark, Plummer, New England and Merrill Lynch before the National Association of Securities Dealers, Inc. ("NASD").

Pursuant to the Court's Order dated April 15, 2004, as well as the Court's Order dated March 25, 2003, Stamford withdrew the claims asserted against Clark, Plummer and New England in the NASD arbitration proceeding and, on March 10, 2005, proceeded against Clark, Plummer, DeSalvo and New England in an arbitration proceeding before the American Arbitration Association ("AAA").[2] During a pre-hearing conference held on July 15, 2005, the NASD arbitration panel granted claimant's request for an order of discontinuance with prejudice, and by Award dated July 29, 2005, the NASD dismissed all claims against Merrill Lynch with prejudice. The claims against Clark, Plummer, New England and DeSalvo remain pending in the

---

[2]By Order dated July 13, 2004, the Court granted DeSalvo's request to be included in the AAA proceeding.

-2-

AAA proceeding which is being prosecuted and defended.[3]

## ARGUMENT

### A. Defendant's Motion Fails To Establish Any Basis for Dismissal Under Fed.R.Civ.P. 41(b).

Although DeSalvo's Motion correctly cites the standard for dismissal under Rule 41(b) of the Federal Rules of Civil Procedure, the request for dismissal is predicated on Stamford's purported failure to comply with this Court's Order that AAA proceedings be initiated against DeSalvo when, in fact, it is clear that said Order was complied with upon the initiation of AAA proceedings against DeSalvo on March 10, 2005. Moreover, directly repudiating the very allegations which form the basis of its present Motion, DeSalvo expressly acknowledged that Stamford complied with this Court's Order by initiating arbitration before the AAA when it executed and authorized the filing of the September 28, 2005 Joint Status Report wherein the AAA proceedings are repeatedly referenced. *See* Exhibit "A" hereto. Thus, since DeSalvo herself has acknowledged Stamford's compliance with this Court's Order, it is clear that this Motion should be denied.

## CONCLUSION

For all of the reasons explained above, Plaintiff, Stamford Holding Company, respectfully request that the Motion to Dismiss of Defendant, Ramona E. DeSalvo, be denied.

---

[3] Although the undersigned counsel, Shepherd, Finkelman, Miller & Shah, LLC, local counsel in this action, are not counsel in the AAA proceeding, they are informed by counsel in that proceeding, DiMassa & Associates, Ltd. (which also serves as principal counsel in this action), that the arbitration remains active and pending.

Dated: February 3, 2005

/s/ James E. Miller

James E. Miller
Federal Bar No. CT-21560
Patrick A. Klingman
Federal Bar No. CT-17813
Shepherd, Finkelman, Miller, & Shah, LLC
65 Main Street
Chester, CT 06412
(Tel)(860) 526-1100
(Fax)(860) 526-1120
(E-mail) jmiller@sfmslaw.com

Rudolph J. DiMassa
DiMassa & Associates
1305 Locust Street, Fourth Floor
Philadelphia, Pennsylvania 19107
(Tel)(215) 545-4333
(Fax)(215) 546-8133
(E-mail) DiMassa13@aol.com

Attorneys for Plaintiff

Exhibit A

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| STAMFORD HOLDING COMPANY, | : | CIVIL ACTION NO. |
| | : | 3:02-CV-1236-CFD |
| Plaintiff, | : | |
| | : | |
| vs. | : | |
| | : | |
| MAUREEN CLARK et al, | : | |
| | : | |
| Defendants. | : | September 28, 2005 |

## PARTIES' JOINT STATUS REPORT

Pursuant to the Court's Order dated September 7, 2005, Plaintiff, Stamford Holding Company ("Stamford"), and Defendants, Maureen Clark ("Clark"), Christopher Plummer ("Plummer"), New England Equity, Inc. ("New England"), Charles J. Irving, Esquire ("Irving"), Ramona E. DeSalvo ("DeSalvo"), and Merrill Lynch, Pierce, Fenner & Smith, Inc. ("Merrill Lynch"), respectfully submit this Joint Status Report.

**A.   Nature of the Case.**

**1.   Brief Description of Action and Status of Proceedings.**

In this action, Stamford asserts claims against Defendants either jointly or individually for (a) violations of, *inter alia*, the Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. §§ 1961 *et seq*, (b) breach of contract, (c) legal malpractice, (d) breach of fiduciary duty, (e) malicious interference with business relations, and (f) breach of the implied covenant of good faith and fair dealing. Defendants all deny liability to Stamford. By Order dated March 25, 2003, the Court ordered that the claims asserted against Clark, Plummer, New England and Merrill Lynch be arbitrated and that this case be stayed as to Irving and DeSalvo pending resolution of those arbitration proceedings. Stamford instituted arbitration proceedings against Clark, Plummer, New England and Merrill Lynch before the National Association of Securities Dealers, Inc. ("NASD"). Pursuant to the Court's Order dated April 15, 2004, as well

as the Court's Order dated March 25, 2003, Stamford withdrew the claims asserted against Clark, Plummer and New England in the NASD arbitration proceeding and, on March 10, 2005, proceeded against Clark, Plummer, DeSalvo and New England in an arbitration proceeding before the American Arbitration Association ("AAA").[1]  During a pre-hearing conference held on July 15, 2005, the NASD arbitration panel granted claimant's request for an order of discontinuance with prejudice, and by Award dated July 29, 2005, the NASD dismissed all claims against Merrill Lynch with prejudice.  The claims against Clark, Plummer, New England and DeSalvo remain pending in the AAA proceeding which is being prosecuted and defended.  For the reasons explained in the Court's Order dated March 25, 2003, the parties believe that this case should remain stayed as to Irving pending resolution of any and all arbitration proceedings.

        2.    **Pending Motions.**

There are no motions presently pending before the Court.  However, Merrill Lynch intends to file a motion to confirm the NASD's Award by no later than October 19, 2005.

        3.    **Nature of Any Trial.**

None of the parties have demanded a jury trial to date.  After all arbitration proceedings are resolved, a determination then should be made as to the claims that remain to be tried as to Irving and/or any other Defendants and whether the claims to be tried should proceed separately or jointly and whether any bifurcation or other similar approach is appropriate.

    B.    **Discovery.**

Discovery has not been completed because this action has been stayed pending resolution of the arbitration proceedings and no Scheduling Order has been entered.  The parties

---

[1] By Order dated July 13, 2004, the Court granted DeSalvo's request to be included in the AAA proceeding.

respectfully suggest that a discovery schedule be established after full resolution of the arbitration proceedings described above.

**C.    Settlement.**

No settlement conferences have been held and there are no outstanding reports due to any party or person at this time. The parties do not believe a settlement conference would be helpful at this time.

**D.    Trial Preparation.**

Until the arbitration proceedings described above are resolved, it is difficult to predict when this case will be ready for trial or the amount of remaining discovery or other preparation necessary to prepare this case for trial. Following resolution of the arbitration proceedings, the parties respectfully suggest that the Court convene a scheduling conference to establish deadlines for the completion of discovery, the amendment of any pleadings, the submission of a joint trial memorandum and a date when this case will be ready for trial.

The parties and their undersigned counsel stand ready to provide any additional information that the Court may find helpful in managing this case or otherwise require.

Dated: September 28, 2005

James E. Miller
Federal Bar No. CT-21560
Shepherd, Finkelman, Miller, & Shah, LLC
65 Main Street
Chester, CT 06412
(Tel)(860) 526-1100
(Fax)(860) 526-1120
(E-mail) jmiller@sfmslaw.com

        Rudolph J. DiMassa
        DiMassa & Associates
        1305 Locust Street, Fourth Floor
        Philadelphia, Pennsylvania 19107
        (Tel)(215) 545-4333
        (Fax)(215) 546-8133
        (E-mail) DiMassa13@aol.com

        Attorneys for Plaintiff

Dated: September 28, 2005        _____/s/ James S. Rollins /w/ permission KM_____
        James S. Rollins, Esquire
        Bingham McCutchen LLP
        One State Street
        Hartford, CT 06103
        (Tel)(860) 240-2700
        (Fax)(860) 240-2800
        (E-mail) james.rollins@bingham.com

        Attorneys for Defendant,
        Merrill Lynch, Pierce, Fenner & Smith, Inc.

Dated: September 28, 2005        _____/s/ Jill Hartley /w/ permission KM_____
        Jill Hartley, Esquire
        Sabia & Hartley, LLC
        190 Trumbull Street, Suite 202
        Hartford, CT 06103
        (Tel) (860) 541-2077
        (Fax) (860) 713-8944
        (E-mail) jhartley@sabiahart.com

        Douglas H. Riblet, Esquire
        Curtlin & Heefner
        250 Pennsylvania Avenue
        Morrisville, PA 19067
        (Tel)(215) 736-2521
        (Fax)(215)736-3647
        (E-mail) dhr@curtinheefner.com

        Attorneys for Defendants,
        Christopher Plummer and New England Equity, Inc.

September 26, 2005                  *Edward R. Scofield* / w/permission KML
                                    Edward R. Scofield, Esquire
                                    Zeldes, Needle & Cooper
                                    1000 Lafayette Boulevard
                                    P.O. Box 1740
                                    Bridgeport, CT 06601
                                    (Tel)(203) 332-5726
                                    (Fax)(203) 333-1489
                                    (E-mail) escofield@znclaw.com

                                    James W. Christie, Esquire
                                    Rex F. Brien, Esquire
                                    Christie, Pabarue, Mortensen & Young
                                    A Professional Corporation
                                    1880 JFK Boulevard, 10th Floor
                                    Philadelphia, PA 19103
                                    (Tel)(215) 587-1600
                                    (Fax)(215)587-1699
                                    (E-mail) jwchristie@cpmy.com
                                    (E-mail) rfbrien@cpmy.com

                                    Attorneys for Defendant,
                                    Charles J. Irving, Esquire


September 28, 2005                  *David G. Hill* / w/permission KML
                                    David G. Hill, Esquire
                                    Halloran & Sage
                                    225 Asylum Street
                                    Hartford, CT 06103
                                    (Tel)(860) 297-4628
                                    (Fax)(860) 548-0006
                                    (E-mail) hill@halloran-sage.com

                                    Attorney for Defendant,
                                    Ramona E. DeSalvo


September __, 2005                  _____
                                    Maureen Clark[2]
                                    Pro Se Defendant

---

[2] Plaintiff attempted to contact Maureen Clark but was unable to reach her.

-5-

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| STAMFORD HOLDING COMPANY, | : | CIVIL ACTION NO. |
| | : | 02-CV-1236-CFD |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | |
| MAUREEN CLARK, et al | : | |
| | : | |
| Defendants. | : | September 28, 2004 |

### CERTIFICATE OF SERVICE

The undersigned counsel hereby certifies that true and correct copies of the foregoing Joint Status Report were served on this date upon all counsel of record and parties identified below via first class mail, postage pre-paid, and addressed as follows:

James S. Rollins, Esquire
Tanya Tymchenko, Esquire
Bingham McCutchen LLP
One State Street
Hartford, CT 06103

Jill Hartley, Esquire
Sabia & Hartley, LLC
190 Trumbull Street, Suite 202
Hartford, CT 06103

Edward R. Scofield, Esquire
Zeldes, Needle & Cooper
1000 Lafayette Boulevard
P.O. Box 1740
Bridgeport, CT 06601

James W. Christie, Esquire
Rex F. Brien, Esquire
Christie, Pabarue, Mortensen & Young
1880 JFK Boulevard, 10th Floor
Philadelphia, PA 19103

Douglas H. Riblet, Esquire
Curtlin & Heefner
250 Pennsylvania Avenue
Morrisville, PA 19067

Maureen Clark
c/o Douglas H. Riblet, Esquire
Curtlin & Heefner
250 Pennsylvania Avenue
Morrisville, PA 19067

David G. Hill, Esquire
Halloran & Sage
225 Asylum Street
Hartford, CT 06103

Rudolph DiMassa, Esquire
DiMassa Associates, Ltd.
1305 Locust Street, 4th Floor
Philadelphia, PA 19107

/s/ Karen M. Leser
Karen M. Leser
Attorney for Plaintiff

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| STAMFORD HOLDING COMPANY, | : | CIVIL ACTION NO. |
| | : | 02-CV-1236-CFD |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | |
| MAUREEN CLARK, et al | : | |
| | : | |
| Defendants. | : | February 3, 2006 |

### CERTIFICATE OF SERVICE

The undersigned counsel hereby certifies that true and correct copies of the foregoing Memorandum of Law in Opposition to Motion to Dismiss of Defendant Ramona E. DeSalvo was served on this date upon all counsel of record and parties identified below via first class mail, postage pre-paid, and addressed as follows:

James S. Rollins, Esquire
Tanya Tymchenko, Esquire
Bingham McCutchen LLP
One State Street
Hartford, CT 06103

Edward R. Scofield, Esquire
Zeldes, Needle & Cooper
1000 Lafayette Boulevard
P.O. Box 1740
Bridgeport, CT 06601

Douglas H. Riblet, Esquire
Curtlin & Heefner
250 Pennsylvania Avenue
Morrisville, PA 19067

June M. Sullivan
David G. Hill
Halloran & Sage
225 Asylum Street
Hartford, CT 06103

Jill Hartley, Esquire
Sabia & Hartley, LLC
190 Trumbull Street, Suite 202
Hartford, CT 06103

James W. Christie, Esquire
Rex F. Brien, Esquire
Christie, Pabarue, Mortensen & Young
1880 JFK Boulevard, 10th Floor
Philadelphia, PA 19103

Maureen Clark
c/o Douglas H. Riblet, Esquire
Curtlin & Heefner
250 Pennsylvania Avenue
Morrisville, PA 19067

Rudolph DiMassa
DiMassa Associates, Ltd.
1305 Locust Street, 4th Floor
Philadelphia, PA 19107

_____
James E. Miller
Attorney for Plaintiff