UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| STAMFORD HOLDING COMPANY | : | |
| | : | |
| Plaintiff, | : | CIVIL ACTION NO. |
| | : | 3:02 CV 01236 (CFD) |
| v. | : | |
| | : | |
| MAUREEN CLARK, ET AL., | : | |
| | : | |
| Defendant. | : | May 9, 2006 |

**MEMORANDUM OF LAW IN SUPPORT OF
MOTION TO CONFIRM ARBITRATION AWARD
AND TO DISMISS ALL CLAIMS AGAINST MERRILL LYNCH**

Defendant Merrill Lynch Pierce Fenner & Smith, Inc. ("Merrill Lynch") submits this memorandum of law in support of its motion moves this Court for an order confirming the arbitration award entered in *Stamford Holding Co. v. Merrill Lynch, Pierce Fenner & Smith, Inc.*, NASD Case No. 03-06876 (the "Award," Exhibit A to the Gearns Declaration[1]), and dismissing this action as against Merrill Lynch with prejudice.

**PROCEDURAL BACKGROUND**

Stamford Holding Company ("Stamford") commenced this action on or about January 17, 2002 by filing a summons and complaint with the Clerk of the Court for the Eastern District of Pennsylvania. Each of the defendants named in the action, including Merrill Lynch, thereafter

---

[1] References to the "Gearns Declaration" are to the accompanying declaration of Mary Gail Gearns, dated May 5, 2006.

NYDOCS/1229732.2

filed motions to dismiss the complaint on various grounds. Defendants Maureen Clark, Christopher Plummer and New England Equity also moved, in the alternative, to transfer the case to the District of Connecticut, and defendant Merrill Lynch moved, in the alternative, to compel arbitration in accordance with the terms of certain account agreements entered into between Stamford and Merrill Lynch.

By Memorandum Decision and Order dated May 23, 2002, Judge Robert F. Kelly, Sr., of the Eastern District of Pennsylvania granted defendants' motion to transfer the action to this district on the grounds of forum non conveniens. Following the transfer, this Court considered defendants' respective motions to dismiss and for other relief. By order dated March 25, 2003, the Court rejected Stamford's claim that it was not bound by the arbitration provision in its account agreements with Merrill Lynch. The Court held that Stamford's claims against Merrill Lynch (like its claims against defendants Maureen Clark, Christopher Plummer and New England Equity) were required to be arbitrated, and it stayed this action as against Merrill Lynch pending the outcome of the arbitration.

In accordance with the Court's order, Stamford commenced an arbitration proceeding against Merrill Lynch, Maureen Clark, Christopher Plummer, and New England Equity by filing a Statement of Claim with the National Association of Securities Dealers, Inc. ("NASD") on September 19, 2003. *See* Statement of Claim, Gearns Declaration, Exhibit B. Merrill Lynch thereafter filed a Statement of Answer in the arbitration, and a three-member panel of NASD arbitrators (the "Panel") was appointed to hear the parties' dispute. The other defendants – Ms. Clark, Mr. Plummer, and New England Equity – were subsequently severed from the NASD

arbitration, and Stamford commenced a proceeding before the American Arbitration Association against them. A hearing in the NASD arbitration against Merrill Lynch was scheduled to commence on July 18, 2005. *See* Gearns Declaration ¶ 3.

## **THE PROCEEDINGS BEFORE THE NASD**

At the heart of Stamford's claims against Merrill Lynch – as asserted in both this action and the NASD arbitration – was the allegation that Merrill Lynch conspired with New England Equity and its two principals, Christopher Plummer and Maureen Clark, to deprive Stamford's sole shareholder, Dr. Edmund Massullo, of his assets, which had been deposited into two Merrill Lynch accounts. In particular, Stamford alleged that Ms. Clark falsely represented herself to be President of Stamford and thereafter, without authority to do so, opened and directed the activity in Stamford's Merrill Lynch accounts (funded by Dr. Massullo and his wife, Anne Marie Massullo). Stamford claimed that the Merrill Lynch Financial Advisor handling its accounts, Daniel Adams, conspired with Ms. Clark and Mr. Plummer to defraud Dr. Massullo by obtaining and converting the assets deposited in Stamford's accounts to their own use. *See* Statement of Claim, Gearns Declaration, Exhibit B.

During the course of discovery in the NASD arbitration, however, Merrill Lynch uncovered documentary evidence proving beyond any doubt that Stamford's claims were patently untrue and, indeed, must have been known by Stamford and its counsel to be untrue when the Statement of Claim was filed. In response to a non-party subpoena, Merrill Lynch received 45 boxes of documents containing, among other things, correspondence, invoices, handwritten notes, a general power of attorney (appointing Ms. Clark at act as attorney-in-fact

for Stamford's sole shareholder, Dr. Massullo), a general release and indemnification agreement (confirming Ms. Clark's check-writing authority with respect to Stamford's Merrill Lynch accounts), various other agreements signed by the Massullos, and prior testimony and sworn statements by the Massullos in other proceedings, all proving that: (1) Maureen Clark had actual authority to disburse funds from Stamford's Merrill Lynch accounts, (2) every disbursement made from Stamford's Merrill Lynch accounts was made either to the Massullos or to their known creditors, and (3) even Stamford's counsel in the arbitration proceeding, Rudolph J. Di Massa, Esq., understood that Ms. Clark had check-writing authority on behalf of the Massullos because he twice asked Ms. Clark to write checks to pay for certain expenses in connection with a lawsuit he was handling for them (which she did). The documentary evidence in the NASD proceeding also established that, contrary to what Stamford alleged, its Merrill Lynch accounts were well-diversified and ***profitable***. *See* Gearns Declaration ¶ 4.

Based on this evidence, Merrill Lynch moved to dismiss the NASD arbitration on the grounds that there was no issue of fact requiring trial. *See* Respondent Merrill Lynch's Prehearing Brief and Motion to Dismiss, Gearns Declaration, Exhibit C. In response, clearly recognizing the futility of its claims, Stamford moved to "discontinue" the arbitration without prejudice. When Merrill Lynch opposed Stamford's motion on the ground that any disposition of the case should be ***with*** prejudice, the Panel scheduled a prehearing conference to consider the issue and to address the parties' pending motions. *See* Gearns Declaration ¶ 6 and Exhibit D)

During the prehearing conference, which was conducted by telephone on July 15, 2005, Stamford changed its position and agreed to dismiss all claims against Merrill Lynch ***with***

*prejudice*. See Gearns Declaration ¶ 7.  Consequently, the Panel issued an Award dismissing all claims against Merrill Lynch with prejudice, thereby disposing of all matters and issues submitted for resolution by arbitration between the parties.  See Award, Gearns Declaration, Exhibit A.

Pursuant to the Federal Arbitration Act ("FAA"), this Court should confirm the Panel's Award dismissing all claims against Merrill Lynch with prejudice, dismiss this action as against Merrill Lynch (which had been stayed pending the outcome of the arbitration), and enter judgment for Merrill Lynch.

## ARGUMENT

## THE FAA REQUIRES THAT THE AWARD BE CONFIRMED

Section 9 of the Federal Arbitration Act provides that when an application for an order confirming an arbitration award is made to the district court, the court "*must* grant such an order unless the award is vacated, modified, or corrected as prescribed by sections 10 and 11 of this title."  9 U.S.C. § 9 (emphasis added).  Here, the period within which Stamford might have moved for an order vacating, modifying or correcting the Award expired months ago.  9 U.S.C. § 12 (requiring parties to file any motion to vacate, modify, or correct an award within three months from the time the award was filed or delivered).  In any event, Stamford could have no grounds to seek to vacate, modify or correct the Award, given Stamford's express consent to the dismissal of its claims against Merrill Lynch with prejudice (in obvious recognition of the futility of those claims).

WHEREFORE, Merrill Lynch respectfully requests that the Court enter an order confirming the arbitration Award, dismissing Stamford's claims against Merrill Lynch in this action (which had been stayed pending arbitration), and awarding such further relief as the Court deems just and proper.

Dated: May .9, 2006

        **DEFENDANT MERRILL LYNCH, PIERCE,
FENNER & SMITH INCORPORATED**

By: /s/ Michael D. Blanchard
    Michael D. Blanchard (ct25891)
    BINGHAM McCUTCHEN LLP
    One State Street
    Hartford, CT  06103-3178
    (860) 240-2700
    michael.blanchard@bingham.com

    Of Counsel:

    Mary Gail Gearns
    Lauren C. Gould
    BINGHAM McCUTCHEN LLP
    399 Park Avenue
    New York, NY  10022
    (212) 705-7000
    marygail.gearns@bingham.com

## **CERTIFICATION**

I hereby certify that a copy of the foregoing Memorandum of Law in Support of Motion to Confirm Arbitration Award and To Dismiss All Claims Against Merrill Lynch was served upon the attorneys of record as listed below via the court's electronic notification system or via first-class U.S. Mail on May 9, 2006.


James E. Miller, Esq.
Sheperd Finkelman Miller & Shah-Chester
65 Main Street
Chester, CT  06412

Rudolph J. DiMassa, Esq.
DiMassa & Associates
1305 Locus Street, 14th Floor
Philadelphia, PA  19107

Douglas H. Riblet, Esq.
Curtin & Heffner
250 North Pennsylvania Avenue
Morrisville, PA  19067

Jill Hartley, Esq.
Sabia & Hartley, LLC
190 Trumbull Street, Suite 202
Hartford, CT  06103

Edward R. Scofield, Esq.
Zeldes, Needle & Cooper
1000 Lafayette Boulevard, Suite 500
Bridgeport, CT 06601

8

James W. Christie, Esq.
Rex F. Brien, Esq.
Christie, Pabarue, Mortensen & Young
1880 JFK Boulevard, 10th Floor
Philadelphia, PA 19103

David G. Hill, Esq.
June M. Sullivan, Esq.
Halloran & Sage
One Goodwin Square
225 Asylum Street
Hartford, CT 06103

        /s/ Michael D. Blanchard
        Michael D. Blanchard