UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| STAMFORD HOLDING COMPANY : | |
| : | |
| Plaintiff, : | CIVIL ACTION NO. |
| : | 3:02 CV01236 (CFD) |
| v. : | |
| : | |
| MAUREEN CLARK, ET AL., : | |
| : | |
| Defendant. : | May 9, 2006 |

### DECLARATION OF MARY GAIL GEARNS

I, MARY GAIL GEARNS, hereby declare, under penalty of perjury under the laws of the United States of America, that the following is true and correct:

1. I am a partner of Bingham McCutchen LLP, attorneys for defendant Merrill Lynch, Pierce, Fenner & Smith, Incorporated ("Merrill Lynch") in this action and in the arbitration proceeding commenced by plaintiff Stamford Holding Company ("Stamford") before the National Association of Securities Dealers, Inc. ("NASD"). I submit this declaration in support of Merrill Lynch's motion for an order confirming the arbitration award entered in *Stamford Holding Co. v. Merrill Lynch, Pierce Fenner & Smith, Inc.*, NASD Case No. 03-06876 (the "Award"). The matters set forth herein are based upon my personal knowledge.

2. Attached as Exhibit A is a true and correct copy of the Award.

3. Attached as Exhibit B are true and correct copies of (a) the Statement of Claim, dated September 19, 2003, filed by Stamford against Merrill Lynch and certain additional respondents, Maureen Clark, Christopher Plummer, and New England Equity, and (b) the Uniform Submission Agreement, dated October 6, 2003, filed by Stamford with the NASD. Merrill

Lynch thereafter filed a Statement of Answer in the arbitration, and a three-member panel of NASD arbitrators (the "Panel") was appointed to hear the parties' dispute. The other defendants – Ms. Clark, Mr. Plummer, and New England Equity – were subsequently severed from the NASD arbitration, and Stamford commenced a proceeding before the American Arbitration Association against them. A hearing in the NASD arbitration against Merrill Lynch was scheduled to commence on July 18, 2005.

4. During the course of discovery in the NASD arbitration, Merrill Lynch received 45 boxes of documents in response to a non-party subpoena. Those boxes contained, among other things, correspondence, invoices, handwritten notes, a general power of attorney (appointing Ms. Clark at act as attorney-in-fact for Stamford's sole shareholder, Dr. Massullo), a general release and indemnification agreement (confirming Ms. Clark's check-writing authority with respect to Stamford's Merrill Lynch accounts), various other agreements signed by the Massullos, and prior testimony and sworn statements by the Massullos in other proceedings, all establishing that: (1) Maureen Clark had actual authority to disburse funds from Stamford's Merrill Lynch accounts, (2) every disbursement made from Stamford's Merrill Lynch accounts was made either to the Massullos or to their known creditors, and (3) even Stamford's counsel in the arbitration proceeding, Rudolph J. Di Massa, Esq., understood that Ms. Clark had check-writing authority on behalf of the Massullos because he twice asked Ms. Clark to write checks to pay for certain expenses in connection with a lawsuit he was handling for them (which she did). The documentary evidence in the NASD proceeding also established that, contrary to what Stamford alleged, its Merrill Lynch accounts were well-diversified and profitable.

5. Based on the above-described evidence, Merrill Lynch moved to dismiss the NASD arbitration on the grounds that there was no issue of fact requiring trial. A true and correct copy of Merrill Lynch's Prehearing Brief and Motion to Dismiss is attached hereto as Exhibit C.

6. In response to Merrill Lynch's motion to dismiss, Stamford moved to "discontinue" the arbitration without prejudice. Merrill Lynch opposed Stamford's motion on the ground that any disposition of the NASD arbitration should be *with* prejudice. A true and correct copy of Merrill Lynch's letter submission in opposition to Stamford's motion, dated July 12, 2005, is attached hereto as Exhibit D.

7. During a prehearing conference to consider the parties' pending motions, which was conducted by telephone on July 15, 2005, Stamford changed its position and agreed to dismiss all claims against Merrill Lynch *with* prejudice. Consequently, the Panel issued an Award (Exhibit A hereto) dismissing all claims against Merrill Lynch with prejudice, thereby disposing of all matters and issues submitted for resolution by arbitration between the parties.

Executed on May 5, 2006.

_____
MARY GAIL GEARNS

## **CERTIFICATION**

I hereby certify that a copy of the foregoing Declaration of Mary Gail Gearns was served upon the attorneys of record as listed below via the court's electronic notification system or via first-class U.S. Mail on May 9, 2006.


James E. Miller, Esq.
Sheperd Finkelman Miller & Shah-Chester
65 Main Street
Chester, CT 06412

Rudolph J. DiMassa, Esq.
DiMassa & Associates
1305 Locus Street, 14th Floor
Philadelphia, PA 19107

Douglas H. Riblet, Esq.
Curtin & Heffner
250 North Pennsylvania Avenue
Morrisville, PA 19067

Jill Hartley, Esq.
Sabia & Hartley, LLC
190 Trumbull Street, Suite 202
Hartford, CT 06103

Edward R. Scofield, Esq.
Zeldes, Needle & Cooper
1000 Lafayette Boulevard, Suite 500
Bridgeport, CT 06601

James W. Christie, Esq.
Rex F. Brien, Esq.
Christie, Pabarue, Mortensen & Young
1880 JFK Boulevard, 10th Floor
Philadelphia, PA 19103

David G. Hill, Esq.
June M. Sullivan, Esq.
Halloran & Sage
One Goodwin Square
225 Asylum Street
Hartford, CT 06103

                                                  Michael D. Blanchard