UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| STAMFORD HOLDING COMPANY | : | CIVIL ACTION |
| Plaintiff, | : | NO. 3:02CV1236(CFD) |
| V. | : | |
| | : | |
| MAUREEN CLARK | : | |
| CHRISTOPHER PLUMMER, | : | |
| NEW ENGLAND EQUITY, INC., | : | |
| CHARLES J. IRVING AND | : | |
| RAMONA E. DESALVO | : | |
| Defendants. | : | MAY 25, 2007 |

### MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT DESALVO'S MOTION FOR INVOLUNTARY DISMISSAL

Rule 41(b) empowers the court to involuntarily dismiss a matter for "failure of the plaintiff to prosecute." Fed. R. Civ. Proc. 41(b). "Involuntary dismissal for plaintiff's failure to prosecute is a matter committed to the sound discretion of the trial court by 41(b)." Colon v. Mack, 56 F.3d 5, 7 (2d Cir. 1995).

> The authority of a federal court to dismiss a plaintiff's action with prejudice because of his failure to prosecute cannot be doubted. The power to invoke sanctions is necessary to prevent undue delays in pending cases and avoid congestion in the calendars of district courts. The power is of ancient origin, having its roots in judgments of nonsuit and non-prosquitur entered at common law . . . and dismissals for wanton prosecution of bills in equity.

Link v. Wabash Railroad Co., 370 U.S. 626, 629-30 (1962). In this case, the plaintiff has withdrawn any and all claims against said defendant, therefore, the defendant now seeks an involuntarily dismissal.

10361 0082

One Goodwin Square
225 Asylum Street
Hartford, CT 06103

HALLORAN
& SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No 26105

I.   **Procedural History**

First and foremost, the court should note that the alleged wrongdoing occurred from 1993 to 1995, almost 14 years ago! As a result, the trail has long grown cold and stale. More importantly, DeSalvo's ability to defend herself against these claims has been unfairly delayed and prejudiced, which is why the defendant filed prior Motions to Dismiss that this court has not acted upon. Fortunately, all of that seems moot at this point, as again, the plaintiff has voluntarily withdrawn all claims against defendant DeSalvo.

This case commenced by writ, summons, and complaint filed on January 17, 2002 in the U.S. District Court for the Eastern District of Pennsylvania. The action was subsequently transferred to the U.S. District Court, District of Connecticut in July 2002. In February and March 2002, various defendants, including defendant Ramona DeSalvo ("DeSalvo"), filed motions to dismiss and/or motions to stay the action pending arbitration. On March 25, 2003, this court (per J. Droney) entered an order staying the pending lawsuit in favor of arbitration and ordered the plaintiff to commence arbitration before the American Arbitration Association ("AAA"). Notwithstanding that order, the plaintiff waited two years to file its application with AAA, which occurred on March 10, 2005. During the next year, defendant DeSalvo became concerned about the diligence with which the plaintiff was pursuing arbitration, therefore, she filed a Motion to Dismiss for failing to prosecute on January 18, 2006. The motion is still pending.



One Goodwin Square
225 Asylum Street
Hartford, CT 06103

HALLORAN
& SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No 26105

The arbitration proceeding was scheduled for a hearing in April 2007 (but was postponed for reasons unrelated); however, on April 9, 2007, the plaintiff advised the arbitrator in writing that it was withdrawing its arbitration claims against all defendants. (Exh. A, Letter to Ms. Cook dated April 9, 2007). The defendants objected to plaintiff's withdrawal because (a) the there were still claims pending in federal court, claims that this court ordered to arbitration, and (b) the plaintiff cannot unilaterally withdraw a claim that was ordered to arbitration by this court without also withdrawing the federal court action. Fortunately, by follow-up letter dated April 16, 2007, and email dated May 22, 2007, the plaintiff confirmed that it has withdrawn ALL claims against defendant DeSalvo, not simply the arbitration claim. (Exh. B, Letter to Arbitrator Mazadoorian dated April 16, 2007; and Exh. C, email to Mr. Mazadoorian and counsel dated May 15, 2007). As a result, defendant DeSalvo seeks a dismissal pursuant to plaintiff's voluntary withdrawal.

II. **Legal Argument**

The voluntary withdrawal, although a few years late, is appreciated. However, it is not enough. Attorney DeSalvo needs her name cleared. This case alleges fraud against her. It has dragged on for years. If the court were to GOOGLE Attorney DeSalvo's name, it will find a reference to this case, again a claim of fraud against her. As a result, she needs her name cleared. A withdrawal is simply not enough; defendant

One Goodwin Square
225 Asylum Street
Hartford, CT 06103

HALLORAN
& SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No 26105

DeSalvo needs a dismissal, thus, she is seeking an involuntary dismissal pursuant to Rule 41(b).

Lastly, the court should know that the plaintiff was agreeable to a voluntary dismissal, however, only if the defendants agreed not to pursue any claims against it or its counsel (e.g. Rule 11 Sanctions). See signed Release, which is part of Exh. B. The defendants would not agree, therefore, defendant DeSalvo is now seeking a Rule 41(b) involuntary dismissal.

## III. Conclusion

WHEREFORE, for the foregoing reasons, the undersigned defendant respectfully requests that the Court grant the present motion and dismiss the matter with prejudice.

RESPECTFULLY SUBMITTED,
RAMONA E. DESALVO, ESQ.

By /S/
David G. Hill
Fed. Bar #ct 13435
HALLORAN & SAGE LLP
One Goodwin Square
225 Asylum Street
Hartford, CT 06103
(860) 522-6103
Her Attorneys

One Goodwin Square
225 Asylum Street
Hartford, CT 06103

HALLORAN
& SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No 26105

CERTIFICATION

      I hereby certify that on May 25, 2007 a copy of foregoing Memorandum in Support of Defendant Ramona Desalvo's Motion for Involuntary Dismissal was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF system.

Douglas H. Riblet, Esq.
Curtin & Heefner
250 North Pennsylvania Avenue
P. O. Box 217
Morrisville, PA 19067-0217

**For Maureen Clark, Christopher Plummer and New England Equity, Inc.**

Rex F. Brien, Esq.
James W. Christie, Esq.
Christie, Pabarue, Mortensen &
  Young
1880 JFK Blvd., 10th Floor
Philadelphia, PA 19103

**For Charles J. Irving, Esq.**

James E. Miller, Esq.
Patrick A. Klingman, Esq.
Sheperd Finkelman Miller & Shah-Chester
65 Main St.
Chester, CT 06412

**For Stamford Holding Company**

Edward R. Scofield, Esq.
Zeldes, Needle & Cooper
1000 Lafayette Blvd., Suite 500
PO Box 1740
Bridgeport, CT 06601-1740

**For Charles J. Irving, Esq.**

Rudolph J. DiMassa, Esq.
DiMassa & Associates, Ltd.
1305 Locust Street, 4th Floor
Philadelphia, PA 19107

**For Stamford Holding Company**

/S/
David G. Hill

993283v 1

One Goodwin Square
225 Asylum Street
Hartford, CT 06103

HALLORAN
& SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No 26105