# Exhibit A

# DI MASSA ASSOCIATES LTD
A PROFESSIONAL CORPORATION
ATTORNEYS & COUNSELORS AT LAW

Fourth Floor
1305 Locust Street
Philadelphia, PA 19107

157 Juniper Road
Havertown, PA 19083-5409
610-446-0156
Telecopier 610-449-0216
**PLEASE REPLY TO HAVERTOWN OFFICE**

April 9, 2007

## *VIA TELECOPIER (401-435-6529) and REGULAR MAIL*

Ms. Hannah R. Cook
Case Manager
The American Arbitration Association
950 Warren Avenue
East Providence, RI 02914

Re: *Stamford Holding Company v. Maureen Clark, et al.*
Case No. 12-199Y0015605

Dear Ms. Cook:

Please be advised that the Claimant hereby withdraws with prejudice the Statement of Claim in the above-captioned case. Accordingly, it would be appreciated if you would forward this communication to the Arbitrator, so that he may enter a decision confirming this directive. Under cover of copy of this letter, we are notifying all interested parties of this disposition.

Thank you for your courtesy and cooperation in this regard, and please feel free to call me if you have any questions concerning this case.

Respectfully submitted,
DI MASSA ASSOCIATES LTD

By: _____
Anthony M. DiMassa

AMDM/rd
cc: Stamford Holding Co./Dr and Mrs. Edmund Massullo
    David Hill, Esquire
    Rex Brien, Esquire
    Maureen Clark/Christopher Plummer/New England Equity, Inc.

# Exhibit B

# DI MASSA ASSOCIATES LTD
A PROFESSIONAL CORPORATION
ATTORNEYS & COUNSELORS AT LAW

Fourth Floor
1305 Locust Street
Philadelphia, PA 19107

157 Juniper Road
Havertown, PA 19083-5409
610-446-0156
Telecopier 610-449-0216
**PLEASE REPLY TO HAVERTOWN OFFICE**

April 16, 2007

## VIA TELECOPIER (401-435-6529) and REGULAR MAIL

Harry Mazadoorian, Esquire
Arbitrator
The American Arbitration Association
950 Warren Avenue
East Providence, RI 02914

Re: *Stamford Holding Company v. Maureen Clark, et al.*
Case No. 12-199Y0015605

Dear Mr. Mazadoorian:

We have this date received Mr. Hill's letter dated April 13, 2007, addressed to the Arbitrator with reference to the above-stated claim. There cannot be a decision that states that the claim is "dismissed with prejudice" where there has been no adjudication on the merits, and where the Claimant has already withdrawn the claim. Moreover, Mr. Hill cannot object to the fact or form of the withdrawal of the claim, especially where he has filed no cross claim, counter claim, or dispositive motion on behalf of the Respondent. In addition thereto, Mr. Hill and his client have moved the District Court to require the removal of the claim to AAA Arbitration, with the requirement that the substantive claim against Respondent DeSalvo be determined in its entirety in the AAA forum: once the claim has been withdrawn by the Claimant, the case is completely over with respect to Respondent DeSalvo, and no case or controversy exists which would permit Mr. Hill to apply to the District Court for any type of relief at this juncture.

After the email communication to the Arbitrator by Mr. Plummer, and after notice of the withdrawal of the claim by the Claimant, we received in the mail the executed Mutual Release and Settlement Agreement from the Claimant, executed by Dr. Massullo on behalf of the Claimant, and executed by Dr. and Mrs. Massullo individually: I am enclosing a copy thereof herein, so that you can see the terms and conditions the parties requested therein, and the Claimant's good-faith actions in agreeing thereto. The agreement would resolve the parties' contentious relationships and disputes universally and completely, once and for all: it appears that the Respondents are the parties who desire the perpetuation of the parties' contentious relationships and continuing disputes. Respondent

Plummer has expressly so stated in his last communication, and Mr. Hill's latest communication is strong evidence of this.

It appears that the stumbling block is the judgment which Mr. Plummer professes to be valid: while we believe that it is invalid, and possibly fraudulent, we are not concerned with any potential attempt to collect it. Rather, my concern was that it would perpetuate the parties' disputes by giving the principals of the Claimant additional bases to sue Respondents Plummer, Clark, and New England Equity, Inc., and possibly their legal representatives, for indemnity for failure to satisfy a judgment that has already been paid, and for including illegal and invalid items of attorneys fees (with interest) that were never paid or incurred by New England Equity, Inc. in the context of its collection of the Massullo's settlement amount of $125,000.00. (Recall, Plummer agreed that the judgment was transferred to Ohio, and was thereafter vacated in Ohio, when the Massullos paid $125,000.00 plus interest to Plummer's attorneys). After all of their complaints about the years of protracted litigation and contentious disputes between the parties, the Respondents continue to act in a manner that evidences their desire to perpetuate these disputes.

Under the circumstances, and given the latest round of Respondent-communications, we have been advised to notify AAA that the claim is simply withdrawn, without any reflection on the form of withdrawal. This would change, of course, if the Respondents came to their senses and agreed to the termination of the case on the basis stated in the Mutual Release and Settlement Agreement.

Respectfully submitted,

DI MASSA ASSOCIATES LTD

By: _____
Anthony M. DiMassa

AMDM/rd
Enclosure
cc: All parties & counsel of record (w/enc.)

# MUTUAL RELEASE AGREEMENT AND RELEASE OF ALL CLAIMS

The undersigned Stamford Holding Company, Anne Marie Massullo, and Edmund Massullo, M.D., including their heirs, representatives and assigns, for the consideration stated herein, and for other good and valuable consideration, the receipt whereof is hereby acknowledged, and the sufficiency whereof is hereby acknowledged, hereby for themselves, and their heirs, personal representatives and assigns, release and forever discharge Ramona DeSalvo, Charles Irving, Maureen Clark, Christopher Plummer and New England Equity Inc., their heirs, representatives and assigns, from any and all claims, demands, damages, costs, expenses, judgments, awards, verdicts, court orders, financial losses, loss of services, actions and causes of action, arising from any act or occurrence from the beginning of time to the date of these presents and particularly on account of financial losses, injuries, financial damages, and/or losses or damages of any kind already sustained and/or that may hereafter be sustained in consequence of the transactions and/or occurrences, claims and/or demands, which are the subject of a lawsuit entitled Stamford Holding Company v. Maureen Clark, et al, in the United States District Court for the Eastern District of Pennsylvania, Civil Action Number 2002 CV-269, and in the United District Court for the District of Connecticut, Civil Action Number 3:02-CV-1236, and/or in the Statement of Claim filed in the American Arbitration Association, Case Number 2-199-Y-00156-05 and/or in the context of any previous Statement of Claim or complaint filed in the American Arbitration Association or in any other court, jurisdiction, or venue, and/or as a result of any claim, counter-claim, cross-claim and/or defense which was and/or which could have been raised in any of the above stated Civil Actions and/or Arbitration proceedings.

The undersigned Ramona DeSalvo, Charles Irving, Maureen Clark, Christopher Plummer and New England Equity Inc., including their heirs, representatives and assigns, for the consideration stated herein, and for other good and valuable consideration, the receipt whereof is hereby acknowledged, and the sufficiency whereof is hereby acknowledged, hereby for themselves, and their heirs, personal representatives and assigns, release and forever discharge, Stamford Holding Company, Anne Marie Massullo, and Edmund Massullo, M.D., their heirs, representatives and assigns, from any and all claims, demands, damages, costs, expenses, judgments, awards, verdicts, court orders, financial losses, loss of services, actions and causes of action, arising from any act or occurrence from the beginning of time to the date of these presents and particularly on account of financial losses, injuries, financial damages, and/or losses or damages of any kind already sustained and/or that may hereafter be sustained in consequence of the transactions and/or occurrences, claims and/or demands, which are the subject of a lawsuit entitled Stamford Holding Company v. Maureen Clark, et al, in the United States District Court for the Eastern District of Pennsylvania, Civil Action Number 2002 CV-269, and in the United District Court for the District of Connecticut, Civil Action Number 3:02-CV-1236, and/or in the Statement of Claim filed in the American Arbitration Association, Case Number 2-199-Y-00156-05 and/or in the context of any previous Statement of Claim or complaint filed in the American Arbitration Association or in any other court, jurisdiction, or venue, and/or as a result of any claim, counter-claim, cross-claim and/or defense which was and/or which could have been raised in any of the above stated Civil Actions and/or Arbitration proceedings.

Each of the undersigned parties hereto shall bear its own attorney's fees and costs in connection with any matter and/or proceeding which has occurred and/or which remains pending in the context of the above stated Civil Actions and/or Arbitration proceedings, and/or as a result of any other matter or thing from the beginning of time to the date of these presents. The parties hereto understand and agree that the parties, and each of them, respectively, are releasing each other, their heirs, personal representatives, and assigns, from any and all causes of action and/or liability as a result of any matter or thing, whether pending or not pending as of this date, whether reduced to judgment or not, and/or whether paid and/or unpaid, from the beginning of time to the date of these presents.

In consideration of the Mutual Releases herein stated, the parties hereto agree that Stamford Holding Company Inc., Dr. Edmund Massullo, Anne Marie Massullo, and/or any of their related corporations, heirs, personal representatives and/or assigns shall not claim, file, serve, prosecute, or cause to be claimed, filed, served, or prosecuted, on behalf of the stated parties, in any state, jurisdiction, or venue, any lawsuit, statement of claim, arbitration action, civil action, or other proceeding against any of the parties hereto, for any matter, cause, or thing arising as a result of any act, omission, or other circumstance which occurred from the beginning of time to the date of these presents, regardless of when any such act, omission, or circumstance was discovered. The stated parties agree to indemnify, defend, and hold-harmless any of the parties released herein from any and all damages, counsel fees, and costs incurred as a result of any breach of this paragraph by the parties stated herein, and it is further understood and agreed that if any claim, arbitration action, civil action, or other proceeding is commenced, filed, or served in violation of this paragraph, then in that event, it is agreed that judgment may be entered against any party who has violated this paragraph on motion of any party aggrieved thereby on the claim, arbitration action, civil action, or proceeding filed, served, or prosecuted in violation of this paragraph, which judgment shall include the counsel fees and costs incurred as a result of the breach of this paragraph.

In consideration thereof, Stamford Holding Company, and/or its principals, heirs, personal representatives and assigns, shall withdraw with prejudice any and all claims pending in the above stated Civil Actions and/or the above stated Arbitration proceedings against the undersigned Ramona DeSalvo, Charles Irving, Maureen Clark, Christopher Plummer and New England Equity, Inc., and the stated Ramona DeSalvo, Charles Irving, Maureen Clark, Christopher Plummer, and New England Equity, Inc. shall withdraw with prejudice, if applicable, any claims, counterclaims, crossclaims, Rule 11 sanction claims, counsel fee claims, or other claims that are pending in the above-stated Civil Actions and/or the above-stated Arbitration proceedings, and the parties hereto shall have no further liability to each other, all such claims being released, discharged and abated.

In further consideration thereof, Maureen Clark, Christopher Plummer, and New England Equity, Inc., and/or their principals, heirs, personal representatives and assigns, shall withdraw, and cause to be marked settled, discontinued, ended and/or satisfied, any judgment, verdict, award, arbitration proceeding, civil action, or claim, which now exists, and/or which did exist, in any forum or venue, on behalf of the stated parties and against the stated Stamford Holding Company, Anne Marie Massullo, and Edmund Massullo, M.D., and their principals, heirs, related corporations,

and/or assigns, which withdrawal and orders to mark settled, discontinued, ended and/or satisfied must be filed and concluded within 30 days of the date hereof.

Signed and sealed this _____ day of _____ (SEAL)

Witnessed by:

*/s/ Anne Massullo Isabella*  _____ (SEAL)

_____  _____ (SEAL)

*/s/ Edmund Massullo, MD*
Stamford Holding Company by Edmund Massullo, M.D. majority/sole shareholder and authorized corporate representative

*/s/ Edmund Massullo, MD*
Edmund Massullo, M.D.

*/s/ Anne Marie Massullo*
Anne Marie Massullo

_____
New England Equity Inc. by Christopher Plummer, authorized corporate representative

_____  _____
Christopher Plummer                          Ramona DeSalvo

_____  _____
Maureen Clark                                Charles Irving

# Exhibit C

## Hill, David G.

| | |
|---|---|
| **From:** | Dimassa14@aol.com |
| **Sent:** | Tuesday, May 22, 2007 11:14 AM |
| **To:** | Cookh@adr.org; plummerchristopher@sbcglobal.net; Hill, David G. |
| **Cc:** | hmazadoorian@comcast.net |
| **Subject:** | Re: AAA CASE 12 199 Y 0156 05-Stamford et al. |

   Dear Ms. Cook: Please be advised that we responded to the Arbitrator's questions on May 17, 2007, in conformity with the Arbitrator's directive: apparently no one else did, however. We do herein amend our request for a ruling from the Arbitrator as follows: (1). In view of Respondents Plummer, NEEquity, Inc. and Clark's failure to file an answer or other response to the Statement of Claim and/or Amended Statement of Claim, Claimant requests the entry of an Award in its favor and against the defaulting Respondents for the amount claimed in the original Statement of Claim; and (2) We have submitted our request for a Mutual Release and Settlement Agreement to Respondent DeSalvo and Defendant Irving, and if accepted, would request the entry of a ruling in conformity therewith.
   Since the only remaining claims in the District Court are those against Defendant Irving, the District Court case would therefore be terminated in conformity with the terms of the agreement and pursuant to Rule 23b of the District Court Rules of Court. I have spoken to counsel for Defendant Irving, and he has already agreed to this disposition, pending review of the wording of the Mutual Release and Settlement Agreement. Counsel for Respondent DeSalvo had requested in the past the disposition of the claims against his client on this basis as well, but I have not heard from him recently concerning this matter, although we sent correspondence to his attention recently notifying him of this disposition.

   Respectfully submitted, Anthony M. DiMassa, Esquire, for the Claimant

See what's free at AOL.com.

5/22/2007