UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| STAMFORD HOLDING COMPANY, | : | CIVIL ACTION NO. |
| | : | 3:02-CV-1236-CFD |
| Plaintiff, | : | |
| | : | |
| vs. | : | |
| | : | |
| MAUREEN CLARK et al, | : | |
| | : | |
| Defendants. | : | June 15, 2007 |

**PLAINTIFF'S MEMORANDUM OF LAW IN OPPOSITION TO
DEFENDANT DESALVO'S MOTION FOR INVOLUNTARY DISMISSAL**

Plaintiff, Stamford Holding Company ("Stamford"), respectfully submits this Memorandum of Law in Opposition to the Motion for Involuntary Dismissal ("Motion") of Defendant, Ramona E. DeSalvo ("DeSalvo"). For the reasons explained fully below, DeSalvo's Motion should be denied in its entirety.

**INTRODUCTION**

DeSalvo's Motion is bereft of any factual or legal support for the remedy she seeks. As DeSalvo admits, Stamford has confirmed its intention to withdraw all claims against her, subject only to the proviso that the parties mutually agree to release all claims between each other. Motion at 3. DeSalvo asserts that she needs more; she wants not only the claims against her withdrawn, but also the ability to pursue unspecified claims against Stamford and/or its counsel.[1] Putting aside whether the parties will be able to conclude this litigation on mutually agreeable

---

[1] In her Motion, DeSalvo refers cryptically to "Rule 11 Sanctions," but does not explain what exactly Stamford has presented to the Court that was for an improper purpose, asserted a frivolous argument, or lacked evidentiary support (either existing or obtainable through discovery). *See* Fed. R. Civ. P. 11(b)(1)-(3). Furthermore, DeSalvo has not identified to Stamford any challenged submission nor given Stamford the opportunity to withdraw it. *See* Fed. R. Civ. P. 11(c)(1)(A). Therefore, it does not appear that DeSalvo has any basis for seeking Rule 11 sanctions.

terms, it is clear that DeSalvo has failed to show that she is entitled to an involuntary dismissal. Thus, her Motion should be denied in its entirety.

## BACKGROUND

In this action, Stamford asserts claims against Defendants[2] either jointly or individually for (a) violations of, *inter alia*, the Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. §§ 1961 *et seq*, (b) breach of contract, (c) legal malpractice, (d) breach of fiduciary duty, (e) malicious interference with business relations, and (f) breach of the implied covenant of good faith and fair dealing. Defendants all deny liability to Stamford.

By Order dated March 25, 2003, the Court ordered that the claims asserted against Clark, Plummer, New England and Merrill Lynch be arbitrated and that this case be stayed as to Irving and DeSalvo pending resolution of those arbitration proceedings. Stamford instituted arbitration proceedings against Clark, Plummer, New England and Merrill Lynch before the National Association of Securities Dealers, Inc. ("NASD").

Pursuant to the Court's Order dated April 15, 2004, as well as the Court's Order dated March 25, 2003, Stamford withdrew the claims asserted against Clark, Plummer and New England in the NASD arbitration proceeding and, on March 10, 2005, proceeded against Clark, Plummer, DeSalvo and New England in an arbitration proceeding before the American Arbitration Association ("AAA").[3] During a pre-hearing conference held on July 15, 2005, the NASD arbitration panel granted claimant's request for an order of discontinuance with prejudice, and by

---

[2]Maureen Clark, Christopher Plummer, New England Equity, Inc., Charles J. Irving, and Merrill Lynch, Pierce, Fenner & Smith, Inc. ("Merrill Lynch") were named as Defendants in this proceeding. By this Court's August 21, 2006 Order, all claims were dismissed as to Merrill Lynch.

[3]By this Court's July 13, 2004 Order, DeSalvo's request to be included in the AAA proceeding was granted.

Award dated July 29, 2005, the NASD dismissed all claims against Merrill Lynch with prejudice.

Thereafter, Stamford proceeded with its claims against Clark, Plummer, New England and DeSalvo in the AAA proceeding.[4]  On or about December 13, 2006, an initial scheduling order was entered by the arbitrator, Harry N. Mazadoorian, and discovery requests were exchanged between Stamford and DeSalvo. However, no discovery was actually conducted, and all parties subsequently negotiated a settlement in principle of all claims upon the exchange of mutual releases. Following a telephonic hearing with Mr. Mazadoorian on May 22, 2007, and based upon the agreement of all parties, it was ordered, *inter alia*, that Stamford and DeSalvo would file a motion for dismissal by stipulation by June 5, 2007.

In the days thereafter, DeSalvo apparently had a change of heart and instead filed her Motion. *See* May 29, 2007 communication from DeSalvo's counsel (attached hereto as Exhibit "A").  In response, on May 29, 2007, Stamford informed Mr. Mazadoorian that because a settlement agreement has not been effectuated, the AAA proceeding should now go forward and requested that his May 22nd order be rescinded. A conference call with all parties has been scheduled by Mr. Mazadoorian for June 26, 2007.

## ARGUMENT

### A. Defendant's Motion Fails To Establish Any Basis for Dismissal Under Fed.R.Civ.P. 41(b).

The Motion is the second request by DeSalvo to obtain an involuntary dismissal of Stamford's claims against her.  *Cf.*, January 18, 2006 Motion to Dismiss Plaintiff's Complaint With Prejudice [docket no. 128].  Contrary to DeSalvo's assertion, *see* Motion at 2, this Court's

---

[4] Although the undersigned counsel, Shepherd, Finkelman, Miller & Shah, LLC, local counsel in this action, are not counsel in the AAA proceeding, Stamford's claims are being prosecuted in that proceeding by DiMassa & Associates, Ltd. (which has granted permission to appear *pro hac vice* and serves as principal counsel in this action).

August 21, 2006 Order [docket no. 138] denied her first motion for involuntary dismissal. The Court should similarly deny the instant Motion.

DaSalvo does not base her Motion on a purported violation by Stamford of any of this Court's orders, but rather on Stamford's alleged failure to prosecute this action. In this Circuit, dismissal on this basis is recognized as "a harsh remedy to be utilized only in extreme circumstances." *Jackson v. City of New York*, 22 F.3d 71, 75 (2d Cir. 1994) (citations and internal quotations omitted); *see Valentin v. Dinkins*, 121 F.3d 72, 75 (2d Cir. 1997) (same); *Sundwall v. Basil*, No. 96-CV-2590 (CFD), 2004 WL 2743578, at *2 (D. Conn. Nov. 23, 2004) (same). To properly evaluate a Rule 41(b) motion for failure to prosecute, the Court should consider (i) the duration of Stamford's purported failures; (ii) the notice Stamford received of potential dismissal; (iii) the prejudice that would accrue to DeSalvo by further delay; (iv) whether the Court carefully balanced the demands on its calendar with Stamford's due process rights; and (v) whether the Court assessed the adequacy of lesser sanctions. *See Jackson*, 22 F.3d at 74; *Valentin*, 121 F.3d at 76; *Sundwall*, 2004 WL 2743578, at *2.

An examination of these factors indicates that involuntary dismissal is not warranted. Fundamentally, the Motion fails to identify Stamford's supposed failures, let alone their duration. Admittedly, there was little activity in this action prior to March 10, 2005, when Stamford filed its application with the AAA, but since that time, the arbitration has proceeded. DeSalvo concedes that an arbitration hearing had been scheduled for April, 2007 (but was postponed for unspecified reasons), and that the parties thereafter reached an agreement pursuant to which Stamford would withdraw all claims asserted in the arbitration, as well as the claims asserted in this action. Motion at 3. These overtures culminated in the Arbitrator's May 22, 2007 Order, which DeSalvo has now apparently reconsidered. Based upon these events, it does not appear that Stamford has

failed to prosecute; rather, DeSalvo has simply reneged on a settlement agreement. Clearly, this does not translate into her entitlement to an involuntary dismissal.

Similarly, the Motion is silent as to, *inter alia*, any notice of possible dismissal for Stamford's alleged failure to prosecute, the balancing this Court's docket versus Stamford's rights, or the availability of lesser sanctions (assuming *arguendo* that sanctions would be warranted – which they are not). As to prejudice, DeSalvo asserts that she has been prejudiced by the claims asserted against her. *See* Motion at 3. But such prejudice does not arise from any failure to prosecute, but rather from the claims themselves. To the extent DeSalvo seeks vindication of her defenses of the claims against her, the arbitration proceeding is the proper forum. Accordingly, having failed to avail herself of the forum that she specifically requested, it is improper for DeSalvo to attempt an "end run" and seek an involuntary dismissal from this Court.

## CONCLUSION

For all of the reasons explained above, Plaintiff, Stamford Holding Company, respectfully requests that the Motion for Involuntary Dismissal of Defendant, Ramona E. DeSalvo, be denied.

Dated: June 15, 2007
/s/ Patrick A. Klingman
James E. Miller
Federal Bar No. CT-21560
Patrick A. Klingman
Federal Bar No. CT-17813
Shepherd, Finkelman, Miller, & Shah, LLC
65 Main Street
Chester, CT 06412
(Tel)(860) 526-1100
(Fax)(860) 526-1120
(E-mail) pklingman@sfmslaw.com

Anthony M. DiMassa (*pro hac vice*)
DiMassa & Associates Ltd.
157 Juniper Road
Havertown, Pennsylvania 19083-5409
(Tel)(610) 446-0156
(Fax)(610) 449-0216
(E-mail) DiMassa14@aol.com

Attorneys for Plaintiff

## **CERTIFICATE OF SERVICE**

I hereby certify that on June 15, 2007, a copy of the foregoing, together with attached exhibit, was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF System.

    /s/ Patrick A. Klingman
Patrick A. Klingman (ct17813)
Shepherd Finkelman Miller & Shah, LLC
65 Main Street
Chester, Connecticut  06412
Phone: (860) 526-1100
Fax: (860) 526-1120
E-mail: pklingman@sfmslaw.com