

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| STAMFORD HOLDING COMPANY | : | CIVIL ACTION |
| Plaintiff, | : | NO. 3:02CV1236(CFD) |
| V. | : | |
| | : | |
| MAUREEN CLARK | : | |
| CHRISTOPHER PLUMMER, | : | |
| NEW ENGLAND EQUITY, INC., | : | |
| ATTORNEY CHARLES J. IRVING | : | |
| ATTORNEY RAMONA E. DESALVO | : | |
| AND MERRILL LYNCH PIERCE FENNER | : | |
| & SMITH, INC. | : | |
| Defendants. | : | JUNE 7, 2007 |

## MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT CLARK'S MOTION FOR INVOLUNTARY DISMISSAL

Rule 41(b) empowers the court to involuntarily dismiss a matter for "failure of the

plaintiff to prosecute." Fed. R. Civ. Proc. 41(b). "Involuntary dismissal for plaintiff's

failure to prosecute is a matter committed to the sound discretion of the trial court by

41(b)." Colon v. Mack, 56 F.3d 5, 7 (2d Cir. 1995).

> The authority of a federal court to dismiss a plaintiff's action with
> prejudice because of his failure to prosecute cannot be doubted.
> The power to invoke sanctions is necessary to prevent undue
> delays in pending cases and avoid congestion in the calendars
> of district courts. The power is of ancient origin, having its roots
> in judgments of nonsuit and non-prosquitur entered at common
> law . . . and dismissals for wanton prosecution of bills in equity.

Link v. Wabash Railroad Co., 370 U.S. 626, 629-30 (1962). In this case, the plaintiff

has withdrawn any and all claims against said defendant, therefore, the defendant now

seeks an involuntarily dismissal.

I.    **Procedural History**

First and foremost, the court should note that the alleged wrongdoing occurred

from 1993 to 1995, almost 14 years ago!  The parties had previously litigated this before

Judge Crosky in AAA and the Defendants agreed to settle all claims in exchange of a

payment of $125,000.00 by Plaintiffs to Defendants, said payment was never received

and Defendant had to bring a collection action in an effort to collect said settlement

payment after it was affirmed in Superior Court, New London, Connecticut and as a

result,  the Defendant was awarded costs of the action, fees and statutory interest.  In

the instant action after numerous orders and deliberate delays by the plaintiff,  has

made defendant Clarks ability to defend herself against these claims impossible and

defendant Clark has been unfairly delayed and prejudiced, which is why the defendant

filed prior Motions to Dismiss that this court has not yet acted upon.

Additionally the Plaintiff had on January 12, 2007 amended its claim in AAA and

excluded all claims against the Defendants Maureen Clark, Christopher Plummer and

New England Equity, Inc.  Fortunately, all of that seems moot at this point, as the

plaintiff now has formally filed a voluntarily withdrawal with prejudice of any and all

claims against defendants Clark,  Plummer and New England Equity, Inc.

This case commenced by writ, summons, and complaint filed on January 17,

2002 in the U.S. District Court for the Eastern District of Pennsylvania.  The action was

subsequently transferred to the U.S. District Court, District of Connecticut in July 2002.

In February and March 2002, various defendants, including defendant, Maureen Clark,

Christopher Plummer and New England Equity, Inc. ("Plummer"), filed motions to

dismiss and/or motions to stay the action pending arbitration.  On March 25, 2003, this

court (per J. Droney) entered an order staying the pending lawsuit in favor of arbitration

and ordered the plaintiff to commence arbitration before the American Arbitration

Association ("AAA").  Notwithstanding that order, the plaintiff instead filed with the

NASDAQ Stock Exchange Arbitration (*NSEA*) an application inclusive of claims

against the defendants Clark, Plummer and New England Equity, Inc, forcing the

Defendants to defend and file an answer to the NSEA claim or be defaulted.

Defendants filed a request for dismissal for lack of jurisdiction and failure to adhere to

the order of this Court (per J. Droney) which was eventually granted.  The Plaintiffs

eventually withdrew with prejudice the remaining claims against Defendant MERRILL

LYNCH PIERCE FENNER & SMITH, INC. again on the eve of trial.

       The Plaintiff then waited for two years to file its application with the

appropriate venue AAA, which occurred on March 10, 2005.  During the next two years,

Plaintiff continuously delayed, obviate and displayed vexatious acts which created an

environment where the defendant Clark had became concerned about the diligence with

which the plaintiff was pursuing arbitration and had made requests to AAA to adhere to

a time table for litigation.

       The initial arbitration hearing was finally scheduled after repeated requests by all

of the Defendants for November 27, 2006,  Plaintiff failed to show it was rescheduled for

December 4th 2006, again the plaintiff failed to show and on December 13th 2006 by

order of the Arbitrator the plaintiff showed and announces that the Plaintiff will file an

amended complaint excluding the defendants Clark, Plummer and New England Equity,

Inc. by a withdrawal with prejudice of all claims and subsequently the plaintiff would be

filing a release.  Plaintiff filed said amended complaint in AAA on January 12, 2007

(Exhibit A, Attached) and never filed the release due to the Plaintiffs' instance of a

release by New England Equity, Inc of a Judgment obtained against the plaintiff in the

prior case in April 2000 which was now approximately 750,000.00 dollars.  A scheduling

order excluding the Clark, Plummer and NEW England Equity, Inc defendants was

issued (Exhibit B, Attached)  A hearing was scheduled for early April 2007 (but was

postponed for reasons unrelated);  however, on April 9, 2007, the plaintiff advised the

arbitrator in writing that it was withdrawing its arbitration claims against all defendants

with prejudice.  (Exhibit C, Letter to Ms. Cook dated April 9, 2007).  The defendants

objected to plaintiff's withdrawal because (a) the there were still claims pending in

federal court, claims that this court ordered to arbitration, and (b) the plaintiff cannot

unilaterally withdraw a claim that was ordered to arbitration by this court without also

withdrawing the federal court action.  Fortunately, by follow-up letter dated April 16,

2007, and email dated May 22, 2007, the plaintiff confirmed that it has withdrawn ALL

claims against all defendants Clark, Plummer, New England Equity, Inc and DeSalvo,

not simply the arbitration claim.  (Exhibit D, Letter to Arbitrator Mazadoorian dated April

16, 2007; and Exh. D, email to Mr. Mazadoorian and counsel dated May 15, 2007).  As

a result, defendant Clark seeks a dismissal pursuant to plaintiff's voluntary withdrawal.

## II.    Legal Argument

The voluntary withdrawal with prejudice is appreciated.  However, it is not

enough.  Ms. Clark needs her name cleared.  This case alleges fraud against her.  It

has dragged on for years.  If the court were to GOOGLE Ms. Clarks' name, it will find a

reference to this case, again a claim of fraud against her.  As a result, she needs her

name cleared.  A withdrawal is simply not enough; defendant Clark needs a dismissal,

thus, she is seeking an involuntary dismissal pursuant to Rule 41(b).

Lastly, the court should know that the plaintiff was agreeable to a voluntary

dismissal, however, only if the defendants agreed to release its previously obtained

judgment which is in excess of $750,000.00 and not to pursue any claims against it or

its counsel (e.g. Rule 11 Sanctions).  See signed Release, which is part of Exhibit C.

The defendants would not agree, therefore, defendant Clark is now seeking a Rule

41(b) involuntary dismissal.

## III.  __Conclusion__

WHEREFORE, for the foregoing reasons, the undersigned defendant respectfully

requests that the Court grant the present motion and dismiss the matter with prejudice.

And keep open the file in order to allow the Defendants time to file a motion for Rule 11

Sanctions.

RESPECTFULLY SUBMITTED,
MAUREEN CLARK

By _____
    Maureen Clark
    Pro-se

<u>CERTIFICATION</u>

I hereby certify that on June 7, 2007 a copy of foregoing motion for involuntary dismissal and request for time to file sanctions pursuant to rule 11 was and served by mail on all parties.

Douglas H. Riblet, Esq.
Curtin & Heefner
250 North Pennsylvania Avenue
P. O. Box 217
Morrisville, PA 19067-0217

**For Maureen Clark, Christopher Plummer and New England Equity, Inc.**

Edward R. Scofield, Esq.
Zeldes, Needle & Cooper
1000 Lafayette Blvd., Suite 500
PO Box 1740
Bridgeport, CT 06601-1740

**For Charles J. Irving, Esq.**

Rex F. Brien, Esq.
James W. Christie, Esq.
Christie, Pabarue, Mortensen &
   Young
1880 JFK Blvd., 10th Floor
Philadelphia, PA 19103

**For Charles J. Irving, Esq.**

Rudolph J. DiMassa, Esq.
DiMassa & Associates, Ltd.
1305 Locust Street, 4th Floor
Philadelphia, PA 19107

**For Stamford Holding Company**

James E. Miller, Esq.
Patrick A. Klingman, Esq.
Sheperd Finkelman Miller & Shah-Chester
65 Main St.
Chester, CT 06412

**For Stamford Holding Company**

Maureen Clark

# Exhibit A

Jan 12 07 03:54p        di massa assoc            16104490216          p.2

# DI MASSA ASSOCIATES LTD
## A PROFESSIONAL CORPORATION
### ATTORNEYS & COUNSELORS AT LAW

Fourth Floor
1305 Locust Street
Philadelphia, PA 19107
215-545-4333

157 Juniper Road
Havertown, PA 19083-5409
610-446-0156
Telecopier 610-449-0216
**PLEASE REPLY TO HAVERTOWN OFFICE**

January 12, 2007

*VIA TELECOPIER AND REGULAR MAIL*

David G. Hill, Esquire
Halloran & Sage LLP
One Goodwin Square
225 Asylum Street
Hartford, CT 06103

Hannah R. Cook
The American Arbitration Center
950 Warren Avenue
East Providence, RI 02914

Re:    Stamford Holding Corporation by Edmund Massullo, M.D. Owner
       and Shareholder of Stamford Holding Company v. Maureen Clark,
       Christopher Plummer, New England Equity, Inc. and Ramona DeSalvo
       AAA Arbitration No. 12-199-Y-00156-05

Dear Ms. Cook:

Pursuant to the directive of the arbitrator, enclosed please find Revised/Amended Statement of Claim on behalf of Claimant with reference to the above stated case, together with attachments thereto, copies of which are being served on the parties hereto. Please be further advised that the attachments to the Revised Statement of Claim constitute the submission of documentary evidence pursuant to the directive of the Arbitrator: we will supplement this disclosure pursuant to the directive of the Arbitrator.

Respectfully submitted,

DI MASSA ASSOCIATES LTD

By: _____
    Anthony M. Di Massa

AMDM/rd
Enclosure
cc:  Christopher Plummer
     Maureen Clark
     New England Equity, Inc.

AMERICAN ARBITRATION ASSOCIATION

| | | |
|---|---|---|
| STAMFORD HOLDING CORPORATION BY EDMUND MASSULLO, M.D., OWNER AND SHAREHOLDER OF STAMFORD HOLDING COMPANY | : | AAA No. 12 199 Y 00156 05 |
| Claimant | : | |
| | : | |
| v. | : | |
| | : | |
| MAUREEN CLARK, CHRISTOPHER PLUMMER and NEW ENGLAND EQUITY, INC. | : | |
| Respondents | : | |
| and | : | |
| | : | |
| RAMONA E. DESALVO | : | |
| Respondent | : | JANUARY 12, 2007 |

## REVISED/AMENDED STATEMENT OF CLAIM

COMES NOW the Claimant Stamford Holding Corporation, by and through its owner and sole shareholder, Edmund Massullo, M.D., and their attorney Anthony M. Di Massa, Esquire and hereby submits the following Revised/Amended Statement of Claim to the Arbitrator with reference to the above stated case, as follows:

1. Claimant Stamford Holding Corporation is a corporation duly organized and existing pursuant to the laws of the State of Delaware with a registered office located at Corporate Agents Inc., 1013 Centre Road, Wilmington, Delaware, 19805; the owner and sole shareholder thereof is Edmund Massullo, M.D.

2. Respondents Maureen Clark and Christopher Plummer are individuals who reside respectively at 123 Tipping Rock Road, Stonington, Connecticut, 06378 and 191 Main Street, Niantac, Connecticut, 06357. In addition thereto, Respondent New England Equity Inc. is a

- 1 -

corporation, duly organized pursuant to the laws of the State of Delaware, with a principal place of business located at 191 Main Street, Niantic, Connecticut, 06357, which corporation is and was owned and operated by Respondents Clark and Plummer.

3.   Respondent Ramona DeSalvo, Esquire is an attorney who is and was licensed to practice law pursuant to the laws of the State of Connecticut with principal place of business located at 175 Boston Post Road, Building A, Waterford, Connecticut, 06385.

4.   A true and correct copy of the original Statement of Claim lodged in the above captioned case is attached hereto and marked Exhibit A: Claimant incorporates by reference herein as though same were set forth at length the allegations of the original Statement of Claim and Civil Action Complaint served upon the Respondents stated above.

5.   Claimant revises and/or amends its Statement of Claim by, among other things, withdrawing the Statement of Claim against Respondents Clark, Plummer and New England Equity, Inc. on the basis of a Mutual Release Agreement and Release Of All Claims negotiated between Claimant and Respondents Maureen Clark, Christopher Plummer, and New England Equity Inc., which written Mutual Release Agreement and Release Of All Claims is attached hereto and marked Exhibit B

6    Claimant is proceeding on the Statement of Claim against the Respondent Ramona DeSalvo, Esquire, pursuant to the applicable Arbitration Agreement, applicable law, and the directive of the United States District Court for the District of Connecticut, Civil Action No 3:02-CV-1236, and incorporates by reference herein as though same were set forth at length against the stated Respondent any and all allegations and claims for breach of contract, legal malpractice, negligence, fraud, and breach of fiduciary duty as stated in the Statement of Claim, Civil Action Complaint and herein.

– 2 –

7   Claimant submits the following revised, modified, amended and/or amplified Statement of Claim against Respondent Ramona DeSalvo, Esquire as follows:

a   By corporate resolution enacted August 8, 1995, and pursuant to the terms and provisions of a written agreement dated August 25, 1995, effective September 1, 1995 Respondent Ramona DeSalvo, Esquire (then known as Dittman) contracted to act as corporate counsel for Claimant Stamford Holding Corporation and was appointed custodian of all corporate stock, issued and unissued.  Pursuant to the terms and conditions of the applicable corporate resolution and corporation agreement, effective September 1, 1995, the structure for the withdrawal of funds from the corporate account of SHC at Merrill Lynch was as follows: Attorney Ramona Dittman (now DeSalvo) through the majority stockholder was required to obtain authorization, in writing, to permit authorization of the Merrill Lynch account holders to disperse "a specific amount of funds" for Maureen Clark; the authorization had to be signed and dated for each individual withdrawal. Attached hereto and marked composite Exhibit C are true and correct copies of the Stamford Holding Corporation corporate resolution of August 8, 1995, and the Stamford Holding Corporation agreement dated August 25, 1995, with Schedule A and Schedule B attached thereto  Pursuant to the agreement of the parties, Respondent Ramona DeSalvo's fee for her services was $500.00 per month, for which she was paid a total of $14,000.00 for the time period from September, 1995 through October, 1998  During that time period, Respondent Ramona DeSalvo also received an additional $1,000.00, ostensibly for additional legal work that she performed: these amounts were paid to her from the Claimant's account at Merrill Lynch, during that time period

b.  During the stated time period, with the actual and constructive knowledge of Respondent Ramona DeSalvo Esquire, Respondent Maureen Clark obtained large transfers of money to herself, and to Respondents Christopher Plummer and New England Equity, Inc., and to other

-- 3 --

persons and/or entities on her behalf, from the Claimant's accounts at Merrill Lynch, without the knowledge, consent, nor contractual authorization of the Claimant and the sole stockholder of the Claimant, as a result of which the Claimant suffered significant financial losses and conversion of funds from the Claimant's accounts, as evidenced by the attached copies of the Stamford Holding Corporation cash flow reports for the relevant time periods, attached hereto and marked composite Exhibit D.

       c. In or about October of 1996, without any written or verbal authorization from the Claimant or its stockholder, and in breach of her contractual and fiduciary obligations, Respondent Ramona DeSalvo received $65,000.00 by way of wire transfer from the Claimant's Stamford Holding account into her attorney Trust/Iolta account, ostensibly at the written direction of Respondent Maureen Clark and addressed to the Merrill Lynch representative holding the funds of the Stamford accounts. Neither the Respondent, Ramona DeSalvo, nor any of the other Respondents ever notified Claimant and its stockholder of, and never obtained the required authorization from the Claimant and/or its stockholder for, the unauthorized distributions identified above and herein, with the exception of certain written authorizations obtained after the stated time period. Attached hereto and marked composite Exhibit E is a true and correct copy of the documentation showing the wire transfer of $65,000.00 in or about October of 1996 to the account owned by Respondent Ramona DeSalvo, Esquire, together with the subsequent written authorization for the distribution of certain funds to the IRS.

       d. Following that time period, Respondent Ramona DeSalvo misrepresented information to the Claimant, its stockholder and previous counsel, and attempted to conceal material information from the stated parties. In addition thereto, Respondent Ramona DeSalvo wrongfully failed to return the property of the Claimant to the Claimant and its stockholder, ostensibly delivering

- 4 -

the corporate property to the Respondent Maureen Clark instead, and the Respondent failed to disclose and/or concealed, and misrepresented, information directed to the Claimant, stockholder and previous counsel  Attached hereto and marked composite Exhibit F are true and correct copies of the correspondence dated September 10, 1998 and October 21, 1998 of Respondent Ramona DeSalvo, essentially admitting to the breaches of contract and breach of fiduciary duty and conversion of corporate property. The correspondence completely fails to disclose the unauthorized transfers and conversions of funds from the Stamford Holding account, of which Respondent Ramona DeSalvo had actual and constructive notice, and Respondent Ramona DeSalvo misrepresented and concealed the existence of the stated fraud and embezzlement, and the existence of the governmental investigation and prosecution of certain parties involved herein, as a result of which the Claimant and its stockholder acted to their detriment.  Furthermore, with the actual and constructive knowledge of Respondent Ramona DeSalvo, Respondents Clark and Plummer altered certain contractual documents (including the Agreement between Edmund Massullo, Anne Marie Massullo and New England Equity, Inc., and a document entitled General Power of Attorney dated 11/2/93 or 1/9/95), which documents were in any event superceded by the 8/95 Stamford Holding Corporation agreement.  Respondent Ramona DeSalvo had actual and constructive knowledge of the unauthorized receipt, transfer and conversion of the Stamford Holding Corporation's Merrill Lynch account funds by Respondent Maureen Clark, including the situation where Respondent Clark utilized a General Power of Attorney document (that was not executed by Edmund Massullo, that was obtained through fraudulent and deceptive means, and that was superceded by the 8/95 agreement) to pay funds to herself and/or to other persons on her behalf  As a result of the acts and omissions of the Respondent Ramona DeSalvo, which acts and omissions constitute fraud, concealment, breach of contract, breach of fiduciary duty, and violation of the

- 5 -

applicable professional standard of care, Claimant calculates that its damages can be reasonably stated, based upon the evidence submitted, in the range of $1,367,665.00 to $1,917,665.00.

WHEREFORE, Claimant respectfully requests that this Honorable Arbitrator, after presentation of the evidence submitted, enter an award in favor of the Claimant and against the Respondent Ramona DeSalvo in the amounts stated herein, and/or in an amount assessed as reasonable, appropriate and required pursuant to the applicable evidence.

Respectfully submitted,

DI MASSA ASSOCIATES LTD

By: _____

Anthony M. Di Massa
Attorney for Claimant Stamford Holding
Corporation and Stockholder Edmund
Massullo, M.D.

DI MASSA ASSOCIATES LTD
By: ANTHONY M. DI MASSA, ESQUIRE
157 Juniper Road
Havertown, PA 19083
(610) 446-0156; I D. No. 32859                    Attorney for Claimant

---

STAMFORD HOLDING CORPORATION BY       :       AAA No. 12 199 Y 00156 05
EDMUND MASSULLO, M.D , OWNER AND       :
SHAREHOLDER OF STAMFORD HOLDING        :
COMPANY                                :
        Claimant                       :
                                       :
            v.                         :
                                       :
MAUREEN CLARK, CHRISTOPHER PLUMMER     :
and NEW ENGLAND EQUITY, INC            :
        Respondents                    :
                                       :
and                                    :
                                       :
RAMONA E. DESALVO                      :
        Respondent                     :

### CERTIFICATE OF SERVICE

    Anthony M. Di Massa, Esquire hereby certifies that a true and correct copy of the attached Revised/Amended Statement of Claim, together with the attachments thereto, was served on January 12th, 2007 upon the following individuals by first class United States mail postage prepaid:

David G Hill, Esquire                    Hannah R. Cook
Halloran & Sage LLP                      The American Arbitration Center
One Goodwin Square                       950 Warren Avenue
225 Asylum Street                        East Providence, RI 02914
Hartford, CT 06103
Attorney for Respondent

Maureen Clark                            Christopher Plummer
123 Tipping Rock Road                    191 Main Street
Stonington, CT 06378                     Niantac, CT 06357

New England Equity, Inc
191 Main Street
Niantac, CT 06357

                            DI MASSA ASSOCIATES LTD

                            BY: _____
                                ANTHONY M. DI MASSA,
                                Attorney for Claimant

# Exhibit B

 **American Arbitration Association**
*Dispute Resolution Services Worldwide*

*Northeast Case Management Center*
Catherine Shanks
Vice President
Christopher Fracassa, Yvonne L. Baglini
Assistant Vice Presidents

950 Warren Avenue, East Providence, RI 02914
telephone: 866-293-4053 facsimile: 401-435-6529
internet: http://www.adr.org/

December 27, 2006

Via Electronic Mail

Anthony DiMassa, Esq.
DiMassa Associates, Ltd.
157 Juniper Rd.
Havertown,, PA  19083

Christopher Plummer
P.O. Box 627
Niantic, CT  06357

David G. Hill, Esq./ June M. Sullivan, Esq., Esq.
Halloran & Sage, LLP
225 Asylum Street
One Goodwin Square
Hartford, CT  06103

Re: 12 199 Y 00156 05
    Stamford Holding Company
    and
    Maureen Clark, Christopher Plummer
    and New England Equity, Inc.
    and
    Ramona E. DeSalvo

Dear Counsel:

This will confirm a preliminary hearing in the above matter was held on December 13, 2006. Enclosed please find the scheduling order established during the preliminary hearing.

Another conference call has been scheduled for January 22, 2007 at 1:00 p.m. EST. The Association will initiate the call.

The Association does not require a set of exhibits for our file.

The hearings have been set for April 10,11,12, 2006, pursuant to the enclosed Notice of Hearing.

The hearing has been scheduled for April 10,11,12, 2006. We ask the parties to notify the Association of a mutually agreeable location on or before January 29, 2007. The Association has hearing rooms at many of its offices. The undersigned will be able to answer your questions regarding room availability, special equipment needs and fees. Absent a response the Association will make the hearing room arrangements.

This case will be administered by facilitating the exchange of appropriate written documents through the AAA. Please submit all correspondence to the undersigned for transmittal to the arbitrator, copying the other parties.

All deadlines shown herein will be strictly enforced. After such deadline, the parties may not file such motions except with the permission of the arbitrator, good cause having been shown.

This order shall continue in effect unless and until amended by subsequent order of the arbitrator.

As discussed at the Preliminary hearing, the parties will be making periodic deposits to cover the arbitrator's anticipated compensation and expenses through the various stages of this proceeding.

**February 27, 2006-$3,000.00 due from each party**
**March 27, 2006-Remaining deposits due**

You will be receiving an automatically generated invoice within two weeks and every thirty days thereafter, until the balance is paid. Should you need a copy immediately to facilitate payment please let me know. This will also confirm our discussion that we will be informing the arbitrator of the amount on deposit as of the due date, and if full deposits are not on hand the arbitrator may suspend this proceeding pending the parties' compliance with the rules.

If you have any questions, please do not hesitate to call.

Sincerely,
*Hannah R. Cook*
Case Manager
401 431 4708
cookh@adr.org

*Supervisor Information: Laura E. VanEtten, 401 431 4787, VanEttenl@adr.org*

Encl.

cc:     Harry N. Mazadoorian, Esq.

STAMFORD HOLDINGD SCHEDULING DATES ESTABLISHED AT DEC 13 2006
ADMIN CONF CALL

December 20, 2005 - Releases to be submitted by claimant to all current respondents who will be released from this case.

January 12, 2006 – Any amended claim to be filed.

January 12, 2006 - Voluntary disclosure by claimants. The voluntary disclosure can be supplemented within 30 days.

January 12, 2006 - Compliance by respondent with discovery requests already propounded by claimant. (Claimant to send additional copy by end of the day, December 14, 2005.)

January 15, 2006 - Answer to amended claim to be filed.

January 15, 2006 - Mutual releases to be completed and executed by all parties.
All pleadings, motions and rulings in the USDC case which have not been received by the Arbitrator and which were discussed at the Nov 27th 2006 conference call are to be provided to the Arbitrator through the American Arbitration Association

January 15, 2006 – Any counterclaim to be filed.

January 15-January 19. Parties are to meet and confer on discovery issues.

January 22, 2006 - Response to counterclaim to be filed.

January 22, 2006 – 1: o'clock p.m. ET A conference call between the parties and the arbitrator to report on case status including but not limited to (a) status of completed mutual releases among all respondents being released (b) results of discovery meeting during the week of January 15 and any outstanding discovery issues (c) requested form of award.

January 29, 2006 - All further requests for discovery.

February 5, 2006 - Compliance with further discovery requests.

February 26, 2006 - Fact depositions of all witnesses to be concluded.

February 26, 2006 - All dispositive motions to be filed. Dispositive motions or accompanying brief will cite legal authority for the availability in arbitration of the summary disposition requested as well as a statement of what issues are before the Arbitrator in light of the ruling by Judge Droney and the pleadings in the current arbitration.

Responses to dispositive motions to be filed within 21 days of the motions and Reply within 7 days of the response.

April 2, 2007 - Parties to submit binders of joint exhibits, witness lists, stipulations of undisputed facts and pre-hearing briefs.

April 10 and 11, 2007 - Hearing dates.  Back up date of April 12.

# Exhibit C

# DI MASSA ASSOCIATES LTD

A PROFESSIONAL CORPORATION
ATTORNEYS & COUNSELORS AT LAW

Fourth Floor
1305 Locust Street
Philadelphia, PA 19107

157 Juniper Road
Havertown, PA 19083-5406
610-446-0156
Telecopier 610-449-0216
**PLEASE REPLY TO HAVERTOWN OFFICE**

March 2, 2007

*VIA TELECOPIER (401-435-6529) and REGULAR MAIL*

Ms. Hannah R. Cook, Case Manager
The American Arbitration Association
950 Warren Avenue
East Providence, RI 02914

**Re:** *Stamford Holding Company v. Maureen Clark, et al. AAA Case12199Y0015605*

Dear Ms. Cook:

Please be advised that the undersigned counsel is in the process of withdrawing his appearance on behalf of the Claimant with reference to the above stated case, both in the context of the AAA proceeding and the proceeding pending before the United States District Court for the District of Connecticut. For reasons which will be submitted in the context of the Motion to Withdraw before the Honorable Christopher Droney, the undersigned counsel will be withdrawing his appearance on behalf of the Claimant.

Accordingly, it is respectfully requested that you notify the Arbitrator of this development, and it is respectfully requested that the Arbitrator defer all scheduling deadlines for 90 days, in order to give Claimant's counsel an opportunity to file a Motion to Withdraw with the United States District Court, and have the Motion heard and/or disposed of in that time period. We anticipate that the Motion will be completed, and filed, within the next seven to ten days: of course, the Motion will be served on all parties, including the Claimant, and all parties would presumably have an opportunity to appear and/or respond to the Motion before the District Court.

This information has been provided to David Hill, Esquire, counsel for Respondent Ramona DeSalvo, who indicated that he would forward this information to Respondent Christopher Plummer. In addition, we have notified the Claimant of our intention to proceed to withdraw as counsel, and under cover of this letter, we are again notifying the Claimant of our position with respect to seeking withdrawal in the context of these cases.

Thank you for your courtesy and cooperation in this regard. Please feel free to call me if you have any questions concerning this matter.

Thank you for your courtesy and cooperation in this regard. Please feel free to call me if you have any questions concerning this matter.

Respectfully submitted,

DI MASSA ASSOCIATES LTD

By: _____

Anthony M. Di Massa

AMDM/rd

cc:    David Hill, Esquire
       Christopher Plummer
       Stamford Holding Company/
       Edmund Massullo, M.D.
       Patrick Klingman, Esquire

**From:** Dimassa14@aol.com
**To:** Cookl@adr.org; Cookh@adr.org; RFBrien@cpmy.com; hill@halloran-sage.com; hmazadoorian@comcast.net; plummerchristopher@sbcglobal.net
**Date:** Friday, April 6, 2007 1:22:40 PM
**Subject:** Stamford Holding Co., Case#12-199-Y-00156-05

Dear Arbitrator Mazadoorian:

    We have this date received Mr. Plummer's correspondence with reference to the above-stated case. Please be advised that Mr. Plummer had several conversations with counsel following the last conference call wherein he explained his representations to the Arbitrator as his "posturing", and that he was interested in resolving the matters universally on the basis of an appropriate mutual release agreement that provided the parties with certain safeguards. At a minimum, he promised to contact counsel by Monday, March 26, 2007 to provide documentation of this judgment he referred to; he failed to follow through on this promise, even to date. Mr. Plummer also stated the following information with respect to the Connecticut judgment he referred to:

    (1). That it stemmed from a prior settlement agreement between New England Equity and the Massullos individually in the amount of $125,000.00, and that upon the failure of payment, the $125,000.00 was reduced to judgment in 2000 or 2001;

    (2). That it was transferred to Ohio, as a result of which execution thereon was pursued, and vacated, after the Massullos paid approx. $133,000.00; and

    (3). That the judgment now is constituted only by the attorney fees and post-judgment interest allegedly incurred in collecting the $125,000.00 settlement, Mr. Plummer claiming that judgment-creditor counsel fees to enforce the judgment cost over $350,000.00, and that the rest is interest.

    As a result of Mr. Plummer's latest communication, the cases are not going to be resolved by the execution of the Mutual Release instrument that we prepared on the basis of what we thought were the most common-sense terms of universal resolution, and as ostensibly agreed to by the players involved. Therefore, please be advised that I have been instructed by the Claimant to withdraw the above-captioned case with prejudice. Accordingly, the Claimant requests that the Arbitrator mark the file withdrawn with prejudice, and enter an appropriate written award consistent with this directive. There are no counterclaims or crossclaims, and according to the applicable case-management order, the pleadings are closed. We will forward a formal letter of withdrawal to the Arbitrator and the parties by Monday, April 9, 2007.

    Respectfully submitted, DiMassa Associates Ltd/By: Anthony M. DiMassa, Esquire
                157 Juniper Road, Havertown, PA. 19083
                (610)446-0156;FAX(610)449-0216; email address: dimassa14@aol.com

See what's free at AOL.com.

# DI MASSA ASSOCIATES LTD
### A PROFESSIONAL CORPORATION
### ATTORNEYS & COUNSELORS AT LAW

Fourth Floor
1305 Locust Street
Philadelphia, PA 19107

157 Juniper Road
Havertown, PA 19083-5409
610-446-0156
Telecopier 610-449-0216
PLEASE REPLY TO HAVERTOWN OFFICE

April 9, 2007

## *VIA TELECOPIER (401-435-6529) and REGULAR MAIL*

Ms. Hannah R. Cook
Case Manager
The American Arbitration Association
950 Warren Avenue
East Providence, RI 02914

> Re:  *Stamford Holding Company v. Maureen Clark, et al.*
> Case No. 12-199Y0015605

Dear Ms. Cook:

Please be advised that the Claimant hereby withdraws with prejudice the Statement of Claim in the above-captioned case. Accordingly, it would be appreciated if you would forward this communication to the Arbitrator, so that he may enter a decision confirming this directive. Under cover of copy of this letter, we are notifying all interested parties of this disposition.

Thank you for your courtesy and cooperation in this regard, and please feel free to call me if you have any questions concerning this case.

Respectfully submitted,
DI MASSA ASSOCIATES LTD

By: _____
Anthony M. DiMassa

AMDM/rd
cc: Stamford Holding Co./Dr and Mrs. Edmund Massullo
    David Hill, Esquire
    Rex Brien, Esquire
    Maureen Clark/Christopher Plummer/New England Equity, Inc.

# Exhibit D

Plummer has expressly so stated in his last communication, and Mr. Hill's latest communication is strong evidence of this.

It appears that the stumbling block is the judgment which Mr. Plummer professes to be valid: while we believe that it is invalid, and possibly fraudulent, we are not concerned with any potential attempt to collect it. Rather, my concern was that it would perpetuate the parties' disputes by giving the principals of the Claimant additional bases to sue Respondents Plummer, Clark, and New England Equity, Inc., and possibly their legal representatives, for indemnity for failure to satisfy a judgment that has already been paid, and for including illegal and invalid items of attorneys fees (with interest) that were never paid or incurred by New England Equity, Inc. in the context of its collection of the Massullo's settlement amount of $125,000.00. (Recall, Plummer agreed that the judgment was transferred to Ohio, and was thereafter vacated in Ohio, when the Massullos paid $125,000.00 plus interest to Plummer's attorneys). After all of their complaints about the years of protracted litigation and contentious disputes between the parties, the Respondents continue to act in a manner that evidences their desire to perpetuate these disputes.

Under the circumstances, and given the latest round of Respondent-communications, we have been advised to notify AAA that the claim is simply withdrawn, without any reflection on the form of withdrawal. This would change, of course, if the Respondents came to their senses and agreed to the termination of the case on the basis stated in the Mutual Release and Settlement Agreement.

Respectfully submitted,

DI MASSA ASSOCIATES LTD

By: _____
Anthony M. DiMassa

AMDM/rd
Enclosure
cc: All parties & counsel of record (w/enc.)

## MUTUAL RELEASE AGREEMENT AND RELEASE OF ALL CLAIMS

The undersigned Stamford Holding Company, Anne Marie Massullo, and Edmund Massullo, M.D., including their heirs, representatives and assigns, for the consideration stated herein, and for other good and valuable consideration, the receipt whereof is hereby acknowledged, and the sufficiency whereof is hereby acknowledged, hereby for themselves, and their heirs, personal representatives and assigns, release and forever discharge Ramona DeSalvo, Charles Irving, Maureen Clark, Christopher Plummer and New England Equity Inc., their heirs, representatives and assigns, from any and all claims, demands, damages, costs, expenses, judgments, awards, verdicts, court orders, financial losses, loss of services, actions and causes of action, arising from any act or occurrence from the beginning of time to the date of these presents and particularly on account of financial losses, injuries, financial damages, and/or losses or damages of any kind already sustained and/or that may hereafter be sustained in consequence of the transactions and/or occurrences, claims and/or demands, which are the subject of a lawsuit entitled Stamford Holding Company v. Maureen Clark, et al, in the United States District Court for the Eastern District of Pennsylvania, Civil Action Number 2002 CV-269, and in the United District Court for the District of Connecticut, Civil Action Number 3:02-CV-1236, and/or in the Statement of Claim filed in the American Arbitration Association, Case Number 2-199-Y-00156-05 and/or in the context of any previous Statement of Claim or complaint filed in the American Arbitration Association or in any other court, jurisdiction, or venue, and/or as a result of any claim, counter-claim, cross-claim and/or defense which was and/or which could have been raised in any of the above stated Civil Actions and/or Arbitration proceedings.

The undersigned Ramona DeSalvo, Charles Irving, Maureen Clark, Christopher Plummer and New England Equity Inc., including their heirs, representatives and assigns, for the consideration stated herein, and for other good and valuable consideration, the receipt whereof is hereby acknowledged, and the sufficiency whereof is hereby acknowledged, hereby for themselves, and their heirs, personal representatives and assigns, release and forever discharge, Stamford Holding Company, Anne Marie Massullo, and Edmund Massullo, M.D., their heirs, representatives and assigns, from any and all claims, demands, damages, costs, expenses, judgments, awards, verdicts, court orders, financial losses, loss of services, actions and causes of action, arising from any act or occurrence from the beginning of time to the date of these presents and particularly on account of financial losses, injuries, financial damages, and/or losses or damages of any kind already sustained and/or that may hereafter be sustained in consequence of the transactions and/or occurrences, claims and/or demands, which are the subject of a lawsuit entitled Stamford Holding Company v. Maureen Clark, et al, in the United States District Court for the Eastern District of Pennsylvania, Civil Action Number 2002 CV-269, and in the United District Court for the District of Connecticut, Civil Action Number 3:02-CV-1236, and/or in the Statement of Claim filed in the American Arbitration Association, Case Number 2-199-Y-00156-05 and/or in the context of any previous Statement of Claim or complaint filed in the American Arbitration Association or in any other court, jurisdiction, or venue, and/or as a result of any claim, counter-claim, cross-claim and/or defense which was and/or which could have been raised in any of the above stated Civil Actions and/or Arbitration proceedings.

Each of the undersigned parties hereto shall bear its own attorney's fees and costs in connection with any matter and/or proceeding which has occurred and/or which remains pending in the context of the above stated Civil Actions and/or Arbitration proceedings, and/or as a result of any other matter or thing from the beginning of time to the date of these presents. The parties hereto understand and agree that the parties, and each of them, respectively, are releasing each other, their heirs, personal representatives, and assigns, from any and all causes of action and/or liability as a result of any matter or thing, whether pending or not pending as of this date, whether reduced to judgment or not, and/or whether paid and/or unpaid, from the beginning of time to the date of these presents.

In consideration of the Mutual Releases herein stated, the parties hereto agree that Stamford Holding Company Inc., Dr. Edmund Massullo, Anne Marie Massullo, and/or any of their related corporations, heirs, personal representatives and/or assigns shall not claim, file, serve, prosecute, or cause to be claimed, filed, served, or prosecuted, on behalf of the stated parties, in any state, jurisdiction, or venue, any lawsuit, statement of claim, arbitration action, civil action, or other proceeding against any of the parties hereto, for any matter, cause, or thing arising as a result of any act, omission, or other circumstance which occurred from the beginning of time to the date of these presents, regardless of when any such act, omission, or circumstance was discovered. The stated parties agree to indemnify, defend, and hold-harmless any of the parties released herein from any and all damages, counsel fees, and costs incurred as a result of any breach of this paragraph by the parties stated herein, and it is further understood and agreed that if any claim, arbitration action, civil action, or other proceeding is commenced, filed, or served in violation of this paragraph, then in that event, it is agreed that judgment may be entered against any party who has violated this paragraph on motion of any party aggrieved thereby on the claim, arbitration action, civil action, or proceeding filed, served, or prosecuted in violation of this paragraph, which judgment shall include the counsel fees and costs incurred as a result of the breach of this paragraph.

In consideration thereof, Stamford Holding Company, and/or its principals, heirs, personal representatives and assigns, shall withdraw with prejudice any and all claims pending in the above stated Civil Actions and/or the above stated Arbitration proceedings against the undersigned Ramona DeSalvo, Charles Irving, Maureen Clark, Christopher Plummer and New England Equity, Inc., and the stated Ramona DeSalvo, Charles Irving, Maureen Clark, Christopher Plummer, and New England Equity, Inc. shall withdraw with prejudice, if applicable, any claims, counterclaims, crossclaims, Rule 11 sanction claims, counsel fee claims, or other claims that are pending in the above-stated Civil Actions and/or the above-stated Arbitration proceedings, and the parties hereto shall have no further liability to each other, all such claims being released, discharged and abated.

In further consideration thereof, Maureen Clark, Christopher Plummer, and New England Equity, Inc., and/or their principals, heirs, personal representatives and assigns, shall withdraw, and cause to be marked settled, discontinued, ended and/or satisfied, any judgment, verdict, award, arbitration proceeding, civil action, or claim, which now exists, and/or which did exist, in any forum or venue, on behalf of the stated parties and against the stated Stamford Holding Company, Anne Marie Massullo, and Edmund Massullo, M.D., and their principals, heirs, related corporations,

and/or assigns, which withdrawal and orders to mark settled, discontinued, ended and/or satisfied must be filed and concluded within 30 days of the date hereof.


Signed and sealed this _____ day of _____ (SEAL)

Witnessed by:

_Anne Massullo Schelle_ (signature)                   _____ (SEAL)

                                                        _____ (SEAL)


_____

_Edmund Massullo, M.D._ (signature)
_____
Stamford Holding Company by Edmund Massullo, M.D. majority/sole shareholder and
authorized corporate representative

_Edmund Massullo, M.D._ (signature)
_____
Edmund Massullo, M.D.

_Anne Marie Massullo_ (signature)
_____
Anne Marie Massullo


_____
New England Equity Inc. by Christopher Plummer, authorized corporate representative


_____          _____
Christopher Plummer                        Ramona DeSalvo


_____          _____
Maureen Clark                              Charles Irving

## Hill, David G.

**From:** Dimassa14@aol.com
**Sent:** Tuesday, May 22, 2007 11:14 AM
**To:** Cookh@adr.org; plummerchristopher@sbcglobal.net; Hill, David G.
**Cc:** hmazadoorian@comcast.net
**Subject:** Re: AAA CASE 12 199 Y 0156 05-Stamford et al.

Dear Ms Cook: Please be advised that we responded to the Arbitrator's questions on May 17, 2007, in conformity with the Arbitrator's directive: apparently no one else did, however. We do herein amend our request for a ruling from the Arbitrator as follows: (1). In view of Respondents Plummer, NEEquity, Inc and Clark's failure to file an answer or other response to the Statement of Claim and/or Amended Statement of Claim, Claimant requests the entry of an Award in its favor and against the defaulting Respondents for the amount claimed in the original Statement of Claim; and (2) We have submitted our request for a Mutual Release and Settlement Agreement to Respondent DeSalvo and Defendant Irving, and if accepted, would request the entry of a ruling in conformity therewith.

Since the only remaining claims in the District Court are those against Defendant Irving, the District Court case would therefore be terminated in conformity with the terms of the agreement and pursuant to Rule 23b of the District Court Rules of Court. I have spoken to counsel for Defendant Irving, and he has already agreed to this disposition, pending review of the wording of the Mutual Release and Settlement Agreement Counsel for Respondent DeSalvo had requested in the past the disposition of the claims against his client on this basis as well, but I have not heard from him recently concerning this matter, although we sent correspondence to his attention recently notifying him of this disposition.

Respectfully submitted, Anthony M. DiMassa, Esquire, for the Claimant

See what's free at AOL.com.

5/22/2007