UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| STAMFORD HOLDING COMPANY | : | CIVIL ACTION |
| Plaintiff, | : | NO. 3:02CV1236(CFD) |
| V. | : | |
| | : | |
| MAUREEN CLARK | : | |
| CHRISTOPHER PLUMMER, | : | |
| NEW ENGLAND EQUITY, INC., | : | |
| ATTORNEY CHARLES J. IRVING | : | |
| ATTORNEY RAMONA E. DESALVO | : | |
| AND MERRILL LYNCH PIERCE FENNER | : | |
| & SMITH, INC. | : | |
| Defendants. | : | JULY 2, 2007 |

**OBJECTION TO**
**PLAINTIFFS MOTION FOR ADDITIONAL TIME TO FILE RESPONSD TO**
**MOTIONS FOR INVOLUNTARY DISMISSAL**

Pursuant to the Federal Rules of Civil Procedure, the defendant Maureen Clark, respectfully moves the court to deny the Plaintiffs motion for additional time to respond to motions filed by Defendant. Plaintiff's motion lacks legal merit on which the additional time should be granted and was not properly briefed

Plaintiff alleges in his motion that somehow Defendant Clark should have had knowledge as to the movements of Plaintiffs counsel, Mr. Dimassa. And further indicates that there is some Rule which requires Defendant Clark to serve a Pleading electronically.

This case involves litigation which has been ongoing for over five years and Plaintiff further states that because Defendant is acting at this time as a Pro-se Defendant that Defendant Clark should be aware of the Address Change of Mr. Dimassa. To the contrary, not only is Defendant Clark not aware of a change of address, but also the Court itself, as this court has the same purportedly "old" address of Plaintiffs counsel.

It is ridiculous for plaintiffs counsel to state that it lacks time for a response when Plaintiffs counsel took the time to request more time (i.e. his motion for additional time).

Mr. Dimassa his firm Dimassa & Associates and the firm of Shepard, Finkleman, Miller & Shah, LLC ( pro hac vice for Dimassa) are surely adequately equipped to get any motions out under the timeframe Pursuant to the Federal Rules of Civil Procedure. Further is appears that based on Dimassa's own admission he will have had a full 6 days in which to respond.

Defendant Clark has several motions pending against the Plaintiff and its Counsel and this only adds to strengthen the ongoing egregious behavior as defined in the Defendants motion for Sanctions pursuant to Rule 11 of the Federal Rules of Civil Procedure.

Plaintiff's counsel continues to submit deliberate misrepresentations and allegations unsupported by fact or law, to this Court in the instant COMPLAINT and subsequent responses.

RESPECTFULLY SUBMITTED,

MAUREEN CLARK

By /s/ M. Clark
Maureen Clark
123 Tippingrock Road
Stonington, Connecticut 06378
Tel: 860-857-6702

## CERTIFICATION

I hereby certify that on July 2, 2007 a copy of foregoing motion was served by mail on all parties.

| | |
|---|---|
| Douglas H. Riblet, Esq.<br>Curtin & Heefner<br>250 North Pennsylvania Avenue<br>P. O. Box 217<br>Morrisville, PA  19067-0217<br><br>**For Maureen Clark, Christopher Plummer and New England Equity, Inc.** | Edward R. Scofield, Esq.<br>Zeldes, Needle & Cooper<br>1000 Lafayette Blvd., Suite 500<br>PO Box 1740<br>Bridgeport, CT 06601-1740<br><br>**For Charles J. Irving, Esq.** |
| Rex F. Brien, Esq.<br>James W. Christie, Esq.<br>Christie, Pabarue, Mortensen &<br>   Young<br>1880 JFK Blvd., 10th Floor<br>Philadelphia, PA  19103<br><br>**For Charles J. Irving, Esq.** | Anthony DiMassa, Esq.<br>DiMassa & Associates, Ltd.<br>1305 Locust Street, 4th Floor<br>Philadelphia, PA  19107<br><br>**For Stamford Holding Company** |
| James E. Miller, Esq.<br>Sheperd Finkelman Miller & Shah-Chester<br>65 Main St.<br>Chester, CT 06412<br><br>**For Stamford Holding Company** | David G. Hill, Esq.<br>Halloran & Sage  LLP<br>One Goodwin Square<br>Hartford, CT 06103-4303<br>Telephone: 860-522-6103<br>Fax: 860-548-0006 |

_____
Maureen Clark

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| STAMFORD HOLDING COMPANY | : | CIVIL ACTION |
| Plaintiff, | : | NO. 3:02CV1236(CFD) |
| V. | : | |
| | : | |
| MAUREEN CLARK | : | |
| CHRISTOPHER PLUMMER, | : | |
| NEW ENGLAND EQUITY, INC., | : | |
| ATTORNEY CHARLES J. IRVING | : | |
| ATTORNEY RAMONA E. DESALVO | : | |
| AND MERRILL LYNCH PIERCE FENNER | : | |
| & SMITH, INC. | : | |
| Defendants. | : | JULY 2, 2007 |

## MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT PLUMMER'S OBJECTION TO PLAINTIFFS REQUEST FOR ADDITIONAL TIME TO RESPOND

Defendant, Maureen Clark, provides the following Memorandum of Law in support of his Objection to Plaintiffs request for additional time to respond to Defendants motion of dismissal pursuant to Rule 41(b) of the Federal Rules of Civil Procedure.

Plaintiff's counsel inaccurately asserts that Defendants' Motion for involuntary dismissal suddenly appeared on the "electronic filing system" on June 26, 2007 in the clerk's office and that no mailed correspondence came due to a purported address change which was also never updated on the courts file. (See Exhibit A attached)

This case has been ongoing for over five years, Defendant Clark has other motions pending before this court for sanctions against the Plaintiff and its counsel and this is just another wild excuse as to why the Plaintiff can not comply with the Rules of Federal Procedure.

Pursuant to Rule 5(b) of the Federal Rule of Civil Procedure, which provides specific time frames designed specifically for the expedited judicial

process for the benefit of all parties to a complaint and mailing a copy on the last known address of the person served, service by mail is complete.

The courts have developed a two-pronged inquiry to determine whether the grant of an extension of time is proper under Rule 5(b). First, the court must determine whether good cause exists for the failure to have affected service in a timely manner. If so, the extension must be granted. Rules are meant to be applied in such a way as to promote justice. See Fed. R. Civ. P. 1. However the Courts often deny motions for extension of time when the movants argument is vague and incomplete.

In this case Plaintiffs' counsel Dimassa is attempting to use Defendant Clark and the Court itself as a scapegoat for the inability of Plaintiffs' counsel to respond in a timely fashion.

Mr. Dimassa has repeatedly delayed, obviate and mislead the Court. Mr. Dimassa has shown contempt for the prior orders of the court (per J. Droney) and has continued to avoid at each turn the Rules as defined by the Federal Rules of Civil procedure.

Wherefore, Defendant Clark hereby respectively requests that this Honorable Court Deny Plaintiffs Request for an extension of time in which to file a Response to Defendants motion for Involuntary Dismissal.

RESPECTFULLY SUBMITTED,

MAUREEN CLARK

By __/s/ M Clark_____
Maureen Clark
123 Tippingrock Road
Stonington, Connecticut 06378
Tel: 860-857-6702

CERTIFICATION

I hereby certify that on July 2, 2007 a copy of foregoing motion was served by mail on all parties.

| | |
|---|---|
| Douglas H. Riblet, Esq.<br>Curtin & Heefner<br>250 North Pennsylvania Avenue<br>P. O. Box 217<br>Morrisville, PA 19067-0217<br><br>**For Maureen Clark, Christopher Plummer and New England Equity, Inc.** | Edward R. Scofield, Esq.<br>Zeldes, Needle & Cooper<br>1000 Lafayette Blvd., Suite 500<br>PO Box 1740<br>Bridgeport, CT 06601-1740<br><br>**For Charles J. Irving, Esq.** |
| Rex F. Brien, Esq.<br>James W. Christie, Esq.<br>Christie, Pabarue, Mortensen & Young<br>1880 JFK Blvd., 10th Floor<br>Philadelphia, PA 19103<br><br>**For Charles J. Irving, Esq.** | Anthony DiMassa, Esq.<br>DiMassa & Associates, Ltd.<br>1305 Locust Street, 4th Floor<br>Philadelphia, PA 19107<br><br>**For Stamford Holding Company** |
| James E. Miller, Esq.<br>Sheperd Finkelman Miller & Shah-Chester<br>65 Main St.<br>Chester, CT 06412<br><br>**For Stamford Holding Company** | David G. Hill, Esq.<br>Halloran & Sage LLP<br>One Goodwin Square<br>Hartford, CT 06103-4303<br>Telephone: 860-522-6103<br>Fax: 860-548-0006 |

_____
Maureen Clark

# EXHIBIT A