# Exhibit A

# DI MASSA ASSOCIATES LTD
## 157 Juniper Road
## Havertown, Pennsylvania  19083
## Telephone (610) 446-0156


FILE: ____ Massullo/Stamford Holding Co. _____          DATED: ____ 4-4-07

------------------------
### TELECOPIER COVER SHEET
------------------------


Deliver To Fax No: ____ **860-548-0006** _____  **Our Fax No:** (610) 449-0216

To: _____ David G. Hill, Esquire/June M. Sullivan, Esquire _____

From:  **Anthony M. Di Massa**

Total Number Of Pages (Including Cover Sheet): 6

Comments, If Any:


*********************************************

The documents accompanying this telefax contain information from the law firm of DI MASSA ASSOCIATES LTD which is confidential and/or legally privileged. The information is intended only for the use of the individual or entity named hereon. If you are not the intended recipient, you are hereby notified that any disclosure, copying, distribution or the taking of any action in reliance on the contents of this telefax is strictly prohibited, and the documents should be returned to this firm immediately. If you have received this telefax in error, please notify us via telephone immediately so that we may arrange for the return of the original documents at no cost to you.

IN THE EVENT OF ANY PROBLEM RECEIVING THIS TRANSMISSION, PLEASE CALL (610) 446-0156 - Rae-THANK YOU.

# DI MASSA ASSOCIATES LTD

A PROFESSIONAL CORPORATION
ATTORNEYS & COUNSELORS AT LAW

Fourth Floor
1305 Locust Street
Philadelphia, PA 19107

157 Juniper Road
Havertown, PA 19083-5409
610-446-0156
Telecopier 610-449-0216
**PLEASE REPLY TO HAVERTOWN OFFICE**

April 4, 2007

Ms. Hannah R. Cook
Case Manager
The American Arbitration Association
950 Warren Avenue
East Providence, RI 02914

**Re:** ***Stamford Holding Company v. Maureen Clark, et al.***
**Case No. 12-199Y0015605**

Dear Ms. Cook:

Please be advised that the parties are in the process of working-out a universal resolution and settlement of the claims contained in the above-stated proceeding, which resolution would also include the pending claims in the related District Court case. We have prepared and forwarded Mutual Release and Settlement Agreements to all parties, including the parties in the related District Court case; as soon as we receive confirmation of the parties' agreement to the terms and conditions stated therein, we will notify you.

In the meantime, it would be appreciated if you would forward this notice to Arbitrator Mazadoorian: we have an April 10, 2007 deadline by which to file our anticipated Motion for Leave to Withdraw as counsel, but the parties' agreement to resolve the cases completely would make this motion moot. Accordingly, we are requesting a brief extension of time to file the motion if for any reason the cases are not resolved by way of mutual release. It does appear, however, that the parties have reached an agreement on the terms of resolution, but we may require some additional time to hash-out the exact language of the mutual release instrument. The Arbitrator should be advised that the mutual release instrument has been prepared and forwarded to all parties by the undersigned counsel for approval and execution.

Respectfully submitted,
DI MASSA ASSOCIATES LTD

By: _____
Anthony M. DiMassa

AMDM/rd
cc: All parties/counsel of record

# DI MASSA ASSOCIATES LTD

A PROFESSIONAL CORPORATION
ATTORNEYS & COUNSELORS AT LAW

Fourth Floor
1305 Locust Street
Philadelphia, PA 19107

157 Juniper Road
Havertown, PA 19083-5409
610-446-0156
Telecopier 610-449-0216
PLEASE REPLY TO HAVERTOWN OFFICE

April 4, 2007

David G. Hill, Esquire
Halloran & Sage LLP
One Goodwin Square
225 Asylum Street
Hartford, CT 06103

Rex F. Brien, Esquire
Christie Pabarue Mortensen Young
1880 JFK Boulevard, 10th Floor
Philadelphia, PA 19103-7424

Christopher Plummer
P.O. Box 627
Niantic, CT 06357

Re:   ***Stamford Holding Company, Claimant v. Maureen Clark,
Christopher Plummer, New England Equity, Inc., Ramona DeSalvo and Charles Irving
AAA No. 12-199-Y-00156-05; U.S. District Court Civil Action No. 3:02-CV-1236(CFD)***

Dear Counsel and Mr. Plummer:

Enclosed please find Revised Mutual Release and Settlement Agreement with reference to the above-stated cases. It is my understanding that the parties have agreed to the resolution of these cases on the basis of mutual releases, provided the instrument concludes the parties' relationships and causes of action completely: hence, the paragraph requiring satisfaction of any open judgments, and the paragraph requiring Releasors to indemnify, hold-harmless, and defend Releasees from any violation of the proscription against filing, serving, or prosecuting any additional actions. That paragraph also authorizes any aggrieved party to move for the entry of judgment against any party who violates that paragraph, in the context of any action or proceeding that violates the provision, with the authority to have the judgment include counsel fees and costs incurred by the aggrieved party.

The document has been forwarded to the Claimant for approval and execution: it is my understanding that all parties are in agreement therewith, but it would nevertheless be appreciated if you would all confirm your receipt hereof, and your agreement to the terms stated.

Very truly yours,
DI MASSA ASSOCIATES LTD

By: _____
Anthony M. DiMassa

AMDM/rd
Enclosure

# MUTUAL RELEASE AGREEMENT AND RELEASE OF ALL CLAIMS

The undersigned Stamford Holding Company, Anne Marie Massullo, and Edmund Massullo, M.D., including their heirs, representatives and assigns, for the consideration stated herein, and for other good and valuable consideration, the receipt whereof is hereby acknowledged, and the sufficiency whereof is hereby acknowledged, hereby for themselves, and their heirs, personal representatives and assigns, release and forever discharge Ramona DeSalvo, Charles Irving, Maureen Clark, Christopher Plummer and New England Equity Inc., their heirs, representatives and assigns, from any and all claims, demands, damages, costs, expenses, judgments, awards, verdicts, court orders, financial losses, loss of services, actions and causes of action, arising from any act or occurrence from the beginning of time to the date of these presents and particularly on account of financial losses, injuries, financial damages, and/or losses or damages of any kind already sustained and/or that may hereafter be sustained in consequence of the transactions and/or occurrences, claims and/or demands, which are the subject of a lawsuit entitled Stamford Holding Company v. Maureen Clark, et al, in the United States District Court for the Eastern District of Pennsylvania, Civil Action Number 2002 CV-269, and in the United District Court for the District of Connecticut, Civil Action Number 3:02-CV-1236, and/or in the Statement of Claim filed in the American Arbitration Association, Case Number 2-199-Y-00156-05 and/or in the context of any previous Statement of Claim or complaint filed in the American Arbitration Association or in any other court, jurisdiction, or venue, and/or as a result of any claim, counter-claim, cross-claim and/or defense which was and/or which could have been raised in any of the above stated Civil Actions and/or Arbitration proceedings.

The undersigned Ramona DeSalvo, Charles Irving, Maureen Clark, Christopher Plummer and New England Equity Inc., including their heirs, representatives and assigns, for the consideration stated herein, and for other good and valuable consideration, the receipt whereof is hereby acknowledged, and the sufficiency whereof is hereby acknowledged, hereby for themselves, and their heirs, personal representatives and assigns, release and forever discharge, Stamford Holding Company, Anne Marie Massullo, and Edmund Massullo, M.D., their heirs, representatives and assigns, from any and all claims, demands, damages, costs, expenses, judgments, awards, verdicts, court orders, financial losses, loss of services, actions and causes of action, arising from any act or occurrence from the beginning of time to the date of these presents and particularly on account of financial losses, injuries, financial damages, and/or losses or damages of any kind already sustained and/or that may hereafter be sustained in consequence of the transactions and/or occurrences, claims and/or demands, which are the subject of a lawsuit entitled Stamford Holding Company v. Maureen Clark, et al, in the United States District Court for the Eastern District of Pennsylvania, Civil Action Number 2002 CV-269, and in the United District Court for the District of Connecticut, Civil Action Number 3:02-CV-1236, and/or in the Statement of Claim filed in the American Arbitration Association, Case Number 2-199-Y-00156-05 and/or in the context of any previous Statement of Claim or complaint filed in the American Arbitration Association or in any other court, jurisdiction, or venue, and/or as a result of any claim, counter-claim, cross-claim and/or defense which was and/or which could have been raised in any of the above stated Civil Actions and/or Arbitration proceedings.

Each of the undersigned parties hereto shall bear its own attorney's fees and costs in connection with any matter and/or proceeding which has occurred and/or which remains pending in the context of the above stated Civil Actions and/or Arbitration proceedings, and/or as a result of any other matter or thing from the beginning of time to the date of these presents. The parties hereto understand and agree that the parties, and each of them, respectively, are releasing each other, their heirs, personal representatives, and assigns, from any and all causes of action and/or liability as a result of any matter or thing, whether pending or not pending as of this date, whether reduced to judgment or not, and/or whether paid and/or unpaid, from the beginning of time to the date of these presents.

In consideration of the Mutual Releases herein stated, the parties hereto agree that Stamford Holding Company Inc., Dr. Edmund Massullo, Anne Marie Massullo, and/or any of their related corporations, heirs, personal representatives and/or assigns shall not claim, file, serve, prosecute, or cause to be claimed, filed, served, or prosecuted, on behalf of the stated parties, in any state, jurisdiction, or venue, any lawsuit, statement of claim, arbitration action, civil action, or other proceeding against any of the parties hereto, for any matter, cause, or thing arising as a result of any act, omission, or other circumstance which occurred from the beginning of time to the date of these presents, regardless of when any such act, omission, or circumstance was discovered. The stated parties agree to indemnify, defend, and hold-harmless any of the parties released herein from any and all damages, counsel fees, and costs incurred as a result of any breach of this paragraph by the parties stated herein, and it is further understood and agreed that if any claim, arbitration action, civil action, or other proceeding is commenced, filed, or served in violation of this paragraph, then in that event, it is agreed that judgment may be entered against any party who has violated this paragraph on motion of any party aggrieved thereby on the claim, arbitration action, civil action, or proceeding filed, served, or prosecuted in violation of this paragraph, which judgment shall include the counsel fees and costs incurred as a result of the breach of this paragraph.

In consideration thereof, Stamford Holding Company, and/or its principals, heirs, personal representatives and assigns, shall withdraw with prejudice any and all claims pending in the above stated Civil Actions and/or the above stated Arbitration proceedings against the undersigned Ramona DeSalvo, Charles Irving, Maureen Clark, Christopher Plummer and New England Equity, Inc., and the stated Ramona DeSalvo, Charles Irving, Maureen Clark, Christopher Plummer, and New England Equity, Inc. shall withdraw with prejudice, if applicable, any claims, counterclaims, crossclaims, Rule 11 sanction claims, counsel fee claims, or other claims that are pending in the above-stated Civil Actions and/or the above-stated Arbitration proceedings, and the parties hereto shall have no further liability to each other, all such claims being released, discharged and abated.

In further consideration thereof, Maureen Clark, Christopher Plummer, and New England Equity, Inc., and/or their principals, heirs, personal representatives and assigns, shall withdraw, and cause to be marked settled, discontinued, ended and/or satisfied, any judgment, verdict, award, arbitration proceeding, civil action, or claim, which now exists, and/or which did exist, in any forum or venue, on behalf of the stated parties and against the stated Stamford Holding Company, Anne Marie Massullo, and Edmund Massullo, M.D., and their principals, heirs, related corporations,

and/or assigns, which withdrawal and orders to mark settled, discontinued, ended and/or satisfied must be filed and concluded within 30 days of the date hereof.


Signed and sealed this _____ day of _____ (SEAL)

Witnessed by:

_____          _____ (SEAL)


_____          _____ (SEAL)


_____

Stamford Holding Company by Edmund Massullo, M.D. majority/sole shareholder and authorized corporate representative


_____

Edmund Massullo, M.D.


_____

Anne Marie Massullo


_____

New England Equity Inc. by Christopher Plummer, authorized corporate representative


_____          _____

Christopher Plummer                Ramona DeSalvo


_____          _____

Maureen Clark                      Charles Irving

**Exhibit B**

 **MAIL**

Print - Close Window

**Date:** Fri, 6 Apr 2007 08:49:15 -0700 (PDT)

**From:** "CHRISTOPHER R PLUMMER" <plummerchristopher@sbcglobal.net>

**Subject:** Re: Stamford Holding vs. Clark, Plummer, NE Equity, Inc. & DeSalvo

**To:** "Linda Cook" <Cookl@adr.org>, "Rex Brien" <RFBrien@cpmy.com>, "David G. Hill" <hill@halloran-sage.com>, hmazadoorian@comcast.net, "Charles Irving" <attyirving@sbcglobal.net>, "ramona" <attorneydesalvo@snet.net>, dimassa14@aol.com

Dear Judge Mazadoorian and Ms Cook :

This is to advise you that I am in receipt of a letter from Attorney DiMassa dated 4-4-07 attached hereto which I only received because it was forwarded to me by Atty. Hill. as well as your letter dated today.

Mr. Dimassa has indicated in his letter that there is an imminent settlement for the above captioned case, this is ***Not*** accurate and there is no final resolution pending with me whatsoever. There have been some discussions, however i feel that negotiations have just begun and that any final resolution is not at all decided. It will require much discussions to reach any final resolution of the matter at hand, therefore at this time due to the unsettled issues I must object to any delays in the filing of motions or appearance in court for discovery or any other reason.

I have a judgment of almost $900,000.00 against the Massullos and their settlement request involves negotiations which would require a release of this judgment for no consideration. Mr. Dimassa has indicated that his clients have no money and that our judgment legally obtained from the last litigation with the Massullos, is not collectable, I may need to have a financial disclosure made and possibly a debtors examination prior to my accepting any agreement to forgo the judgment. This is reasoning for not delaying any forward movement in this case as there are many outstanding issues which would need to be addressed prior to any release.

Further in your order dated March 20, 2007, you directed Mr. Dimassa to the following:

1. Claimant's counsel will report to the Association by Friday March 23rd whether Claimant will withdraw its claim against Respondent Ramona DeSalvo in exchange for full and mutual releases.

2. Claimant's counsel will file all motions to withdraw his appearance from the arbitration and USDC District of Connecticut matters by April 10 2007 .

As of this date I am not aware of any changes to this order nor if the order was adhered to from Mr. Dimassa.

I have been litigating with the Massullos for the past nine years and in this case for five years, I am tired of delays and want to have this case proceed without further delay until there is some final resolution, whatever that may be. Therefore i would respectively request that there are no further delays in this case and any orders previously entered be adhered to.

Thank You for your consideration in this matter.

Sincerely,

Christopher Plummer

**Linda Cook <Cookl@adr.org> wrote:**

Dear Parties:

Attached please find the Association's letter dated April 6, 2007 and supporting documents.

Linda J. Cook
Case Manager
American Arbitration Association
Northeast Case Management Center
950 Warren Avenue
East Providence, RI  02914
Toll Free 866-293-4053
Direct Dial 401-431-4832
Fax 401-435-6529
www.adr.org
Supervisor Information:  Heather Santo (401)431-4832 SantoH@adr.org

**Attachments**

Files:

📎 **69696.tif** (230k)

**Exhibit C**

# YAHOO! MAIL

Print - Close Window

**From:**   Dimassa14@aol.com

**Date:**   Fri, 6 Apr 2007 13:22:40 EDT

**Subject:**   Stamford Holding Co., Case#12-199-Y-00156-05

**To:**   Cookl@adr.org, Cookh@adr.org, RFBrien@cpmy.com, hill@halloran-sage.com, hmazadoorian@comcast.net,
plummerchristopher@sbcglobal.net

Dear Arbitrator Mazadoorian:

We have this date received Mr. Plummer's correspondence with reference to the above-stated case. Please be advised that Mr. Plummer had several conversations with counsel following the last conference call wherein he explained his representations to the Arbitrator as his "posturing", and that he was interested in resolving the matters universally on the basis of an appropriate mutual release agreement that provided the parties with certain safeguards. At a minimum, he promised to contact counsel by Monday, March 26, 2007 to provide documentation of this judgment he referred to: he failed to follow through on this promise, even to date. Mr. Plummer also stated the following information with respect to the Connecticut judgment he referred to:

(1). That it stemmed from a prior settlement agreement between New England Equity and the Massullos individually in the amount of $125,000.00, and that upon the failure of payment, the $125,000.00 was reduced to judgment in 2000 or 2001;

(2). That it was transferred to Ohio, as a result of which execution thereon was pursued, and vacated, after the Massullos paid approx. $133,000.00; and

(3). That the judgment now is constituted only by the attorney fees and post-judgment interest allegedly incurred in collecting the $125,000.00 settlement, Mr. Plummer claiming that judgment-creditor counsel fees to enforce the judgment cost over $350,000.00, and that the rest is interest.

As a result of Mr. Plummer's latest communication, the cases are not going to be resolved by the execution of the Mutual Release instrument that we prepared on the basis of what we thought were the most common-sense terms of universal resolution, and as ostensibly agreed to by the players involved. Therefore, please be advised that I have been instructed by the Claimant to withdraw the above-captioned case with prejudice. Accordingly, the Claimant requests that the Arbitrator mark the file withdrawn with prejudice, and enter an appropriate written award consistent with this directive. There are no counterclaims or crossclaims, and according to the applicable case-management order, the pleadings are closed. We will forward a formal letter of withdrawal to the Arbitrator and the parties by Monday, April 9, 2007.

Respectfully submitted, DiMassa Associates Ltd/By: Anthony M. DiMassa, Esquire
157 Juniper Road, Havertown, PA. 19083
(610)446-0156;FAX(610)449-0216; email address: dimassa14@aol.com

---

See what's free at AOL.com.

**Exhibit D**

DAVID G. HILL  Direct 860 297-4628  hill@halloran-sage.com

April 13, 2007

*Via Facsimile (401) 435-6529*
*and Regular Mail*

Ms. Hannah R. Cook
Case Manager
American Arbitration Association
950 Warren Avenue
East Providence, RI 02914

Re:    **Stamford Holding Company v. Maureen Clark, et al.**
AAA Case No. : 12 199 Y 00156 05
Our File No.   : 10361.0082

Dear Ms. Cook:

On behalf of the Respondents in this matter, each of whom has consented to my request, we hereby request an order from the Arbitrator dismissing this arbitration with prejudice. Given the tortured history of this claim, and the potential for additional litigation by the Claimant, we cannot accept a withdrawal with prejudice. We need a dismissal with prejudice.

Counsel for the Claimant e-mailed AAA on April 6, 2007 and advised:

The Claimant requests that the Arbitrator mark the file withdrawn with prejudice, and enter <u>an</u> <u>appropriate</u> <u>written</u> <u>award</u> consistent with this directive. (Emphasis added).

In addition, counsel's follow-up letter of April 9, 2007 also requested that the Arbitrator "enter a <u>decision</u> confirming [the Claimant's] directive." We agree with these requests. We also request that the Arbitrator "enter an appropriate written award" which includes a dismissal with prejudice.

Alternatively, we ask that the AAA hold its file in abeyance for 30-60 days while we seek an order of dismissal from the court.

Ms. Hannah R. Cook
July 2, 2007
Page 2


      Please feel free to contact me if you have any questions about this request.  In addition, our office will gladly coordinate a conference call if necessary.  Thank you for your attention.  Thank you for your consideration.


                       Very truly yours,

                       /s/

                       David G. Hill

DGH/ekc


cc:   Ms. Maureen Clark
      Anthony M. Di Massa, Esq. (by facsimile)
      Christopher Plummer, Esq. (by facsimile)

979407v.1

# DI MASSA ASSOCIATES LTD

A PROFESSIONAL CORPORATION
ATTORNEYS & COUNSELORS AT LAW

Fourth Floor
1305 Locust Street
Philadelphia, PA 19107

157 Juniper Road
Havertown, PA 19083-5409
610-446-0156
Telecopier 610-449-0216
**PLEASE REPLY TO HAVERTOWN OFFICE**

March 2, 2007

## *VIA TELECOPIER (401-435-6529) and REGULAR MAIL*

Ms. Hannah R. Cook, Case Manager
The American Arbitration Association
950 Warren Avenue
East Providence, RI 02914

Re: *Stamford Holding Company v. Maureen Clark, et al, AAA Case12199Y0015605*

Dear Ms. Cook:

Please be advised that the undersigned counsel is in the process of withdrawing his appearance on behalf of the Claimant with reference to the above stated case, both in the context of the AAA proceeding and the proceeding pending before the United States District Court for the District of Connecticut. For reasons which will be submitted in the context of the Motion to Withdraw before the Honorable Christopher Droney, the undersigned counsel will be withdrawing his appearance on behalf of the Claimant.

Accordingly, it is respectfully requested that you notify the Arbitrator of this development, and it is respectfully requested that the Arbitrator defer all scheduling deadlines for 90 days, in order to give Claimant's counsel an opportunity to file a Motion to Withdraw with the United States District Court, and have the Motion heard and/or disposed of in that time period. We anticipate that the Motion will be completed, and filed, within the next seven to ten days: of course, the Motion will be served on all parties, including the Claimant, and all parties would presumably have an opportunity to appear and/or respond to the Motion before the District Court.

This information has been provided to David Hill, Esquire, counsel for Respondent Ramona DeSalvo, who indicated that he would forward this information to Respondent Christopher Plummer. In addition, we have notified the Claimant of our intention to proceed to withdraw as counsel, and under cover of this letter, we are again notifying the Claimant of our position with respect to seeking withdrawal in the context of these cases.

Thank you for your courtesy and cooperation in this regard. Please feel free to call me if you have any questions concerning this matter.

Thank you for your courtesy and cooperation in this regard. Please feel free to call me if you have any questions concerning this matter.

Respectfully submitted,

**DI MASSA ASSOCIATES LTD**

By: _____
Anthony M. Di Massa

AMDM/rd
cc:     David Hill, Esquire
        Christopher Plummer
        Stamford Holding Company/
        Edmund Massullo, M.D.
        Patrick Klingman, Esquire

**Exhibit F**

# YAHOO! MAIL

Print - Close Window

**To:** Cookh@adr.org, plummerchristopher@sbcglobal.net, hill@halloran-sage.com

**Subject:** Re: AAA CASE 12 199 Y 0156 05-Stamford et al. -PHCC on 11/27@3pm

**Date:** Tue, 15 May 2007 15:02:37 -0400

**From:** dimassa14@aol.com

**CC:** hmazadoorian@comcast.net

Dear Mr. Mazadoorian, Ms. Cook, Counsel, and Mr. Plummer:

Please be advised that I am available on May 22 from 4PM-5PM for the telephone conference; I am not available from May 23rd to May 25th because of attachments in unrelated cases. Please be further advised of the following on behalf of the Claimant:
1) Claimant requests the entry of a ruling indicating that the Claimant has withdrawn the Statement of Claim against the Respondents, and noting that the Claimant has proffered the previously submitted Mutual Release Agreement and that Respondents Plummer, NEE, Inc., and Clark have refused to accept its terms;
2) The only issues which remain in the District Court action are those liability claims related to Defendant, Charles Irving, Esquire, only, on the basis of that Defendant's representation of, and transactions with, the Claimant;
3) This matter came to Arbitration on the basis of the Respondents' motions and applications to the District Court, requesting that the case be dismissed on the basis of a collateral estoppel defense, and requesting in the alternative that the issues of estoppel, and the substantive issues, be adjudicated by Arbitration; and
4) A dismissal with or without prejudice will have no substantive effect on the District Court action; the final disposition of the Arbitration case would, however, trigger lifting the stay in the District Court case, which would clear the way for the case to proceed in the District Court against Defendant Irving.

It should be noted that the Claimant, and its principal, included Defendant Irving, and the termination of the District Court action, in the proposed Mutual Release Agreement. We trust that this communication sufficiently responds to your queries, and we request that any future telephone conferences include Dr. Massullo, the principal of the Claimant.

Respectfully submitted, DiMassa Associates Ltd/Anthony M. DiMassa, Attorney for Claimant

```
-----Original Message-----
From: Cookh@adr.org
To: dimassa14@aol.com; plummerchristopher@sbcglobal.net; hill@halloran-sage.com
Cc: hmazadoorian@comcast.net
Sent: Wed, 8 Nov 2006 9:51 AM
Subject: AAA CASE 12 199 Y 0156 05-Stamford et al. -PHCC on 11/27@3pm

Dear Counsel:

Please see the attached letter.

Thank you,
Hannah R. Cook
American Arbitration Association-Northeast Case Management Center
950 Warren Avenue
East Providence, RI 02914
Toll Free: 866-293-4053
Direct Dial: (401) 431-4708
```

Facsimile: (401) 435-6529
www.adr.org
Supervisor Information: Laura Van Etten, 401 431 4787, vanettenl@adr.org

This e-mail communication is confidential and is intended only for the
individuals or entity named above and others who have been specifically
authorized to receive it. If you are not the intended recipient, please do not
read, copy, use or disclose the contents of this communication to others. Please
notify the sender that you have received this e-mail in error by replying to the
e-mail or by telephoning (866) 293 4053 during the hours of 8:30 A.M.- 5:30 P.M.
(eastern time). Please then delete the e-mail and any copies of it. Thank you.

 <<12_199_Y_156_5_CC6_6430812.doc>>

AOL now offers free email to everyone. Find out more about what's free from AOL at **AOL.com**.

**Exhibit G**

# DI MASSA ASSOCIATES LTD

### A PROFESSIONAL CORPORATION
### ATTORNEYS & COUNSELORS AT LAW

Fourth Floor
1305 Locust Street
Philadelphia, PA 19107

157 Juniper Road
Havertown, PA 19083-5409
610-446-0156
Telecopier 610-449-0216
**PLEASE REPLY TO HAVERTOWN OFFICE**

June 21, 2007

*VIA TELECOPIER AND REGULAR MAIL (401-435-6529)*

Harry Mazadoorian, Esquire
American Arbitration Association - Northeast Case Management Center
950 Warren Avenue
East Providence, RI 02914

Dear Mr. Mazadoorian:

Pursuant to your scheduling order of June 13, 2007, please be advised of the following information.

## I.    COMPLIANCE WITH THE ARBITRATOR'S ORDER OF MAY 25, 2007

~~Pursuant to the Arbitrator's Order of May~~ 25, 2007, DeSalvo was to file a Motion for Dismissal by Stipulation with the District Court by June 5, 2007, and Stamford was to file a Motion for Dismissal by Stipulation with reference to Defendant Irving by June 5, 2007: Plummer, New England Equity Inc. and Maureen Clark were to file a Motion for Dismissal or some other unspecified request for relief with the District Court by June 12, 2007. Neither Plummer, New England Equity Inc., nor Maureen Clark filed anything with the District Court on June 12, 2007 nor at any time to date from that time: DeSalvo did not file a Motion for Dismissal by Stipulation with the District Court, but filed instead a Motion for Involuntary Dismissal Pursuant to Rule 41b, citing the reason as her intention to request sanctions pursuant to Rule 11 against the Claimant and/or its counsel. According to the applicable Rules of Civil Procedure, Claimant had until June 15, 2007 within which time to file a Response to DeSalvo's Motion to Dismiss: Stamford filed its Response to the Defendant's Motion with the District Court on June 15, 2007, with service thereof on Counsel and/or the parties hereto. Attached hereto and marked Composite Exhibit A is a true and correct copy of the Response filed on behalf of Stamford Holding Company in opposition to DeSalvo's Motion for Involuntary Dismissal.

Claimant submitted to the Arbitrator a letter on June 4, 2007, notifying the Arbitrator as to why the Claimant did not file a Motion for Dismissal by Stipulation with Defendant Irving by June 5, 2007. Initially, the Claimant determined that it would not withdraw or dismiss any of its claims ~~against any of the parties, if any of those parties intended to pursue any additional action against the Claimant after any proposed withdrawal or voluntary dismissal~~. DeSalvo's Motion in violation of the Arbitrator's Order of May 25, 2007 changed the landscape of the Claimant's proposed withdrawal or dismissal of the Claims when DeSalvo, on cue from Plummer, changed her mind and determined she intended to pursue additional case activity or sanctions after any proposed withdrawal or dismissal. As late as May 18, 2007, Claimant's counsel had forwarded the proposed Mutual Release and Settlement Agreement to counsel for DeSalvo and Defendant

Irving: copies of that correspondence with enclosures is attached hereto and marked Composite Exhibit B. Following that submission, as stated, DeSalvo changed her mind and stated that she wanted to pursue additional sanctions against the Claimant and/or its counsel after any proposed withdrawal or dismissal. Since the Motion required between Claimant and Defendant Irving was a Motion for Dismissal by Stipulation, as stated in our previous correspondence addressed to the Arbitrator dated June 4, 2007, the Motion would have been premature under the circumstances, especially where we have yet to receive a response from Mr. Irving's counsel concerning the proposed mutual release that was submitted to him on May 18, 2007. As stated, any Motion for Dismissal by Stipulation would be premature with reference to Defendant Irving unless and until he has accepted the written terms of the Mutual Release, which was submitted to his counsel on May 18, 2007.

In addition thereto, and in view of Plummer's, and then DeSalvo's, change of mind with reference to seeking additional sanctions after dismissal and/or withdrawal of the case, we had requested that the Arbitrator rescind the May 25, 2007 Order and set the case down for disposition of the issue preclusion defense pursuant to the Order of Judge Droney. For these reasons, and for the reasons stated in our correspondence addressed to the Arbitrator dated June 4, 2007, we did not file a Motion for Dismissal by Stipulation with the District Court by June 5, 2007: this does not foreclose the possibility in the near future that such a Motion can be filed, if the circumstances become ripe to do so, with respect to Defendant Irving, once he has agreed to the terms and conditions of the Mutual Release submitted to him and his counsel on May 18, 2007.

## II.     RESPONSE TO INSTRUCTIONS OF MAY 11 AND MAY 21, 2007

### A.     THE RULING REQUESTED

Under the circumstances currently presented, the Claimant requests a ruling in its favor and against the Respondents insofar as the Respondents DeSalvo and Plummer have reneged on their agreements for a Mutual Release and Settlement Agreement of the cases, and have failed to abide by the Arbitrator's deadlines as contained in the original scheduling Order and the Order extending those deadlines, as a result of which those Respondents have waived their right to raise the issue preclusion defense in arbitration at this time. In the alternative, Claimant asks for a ruling rescinding the May 25, 2007 Order and setting the case down for a deadline by which Respondents are to file their Motion with supporting documentation on the issue preclusion defense, within an appropriate period of time for the Claimant to file its response, so that the Arbitrator may then make a determination on the merits. We would also request a ruling that Respondents Plummer, New England Equity Inc., and Maureen Clark appear in this case by and through their legal representatives, and/or licensed attorneys. We object to the failure of appearance by Respondents Maureen Clark and New England Equity Inc. in the context of these proceedings, and we further object to Respondent Plummer, a non-lawyer, engaging in what amounts to legal representation on behalf of Respondents New England Equity Inc. and Maureen Clark.

### B.    REMAINING ISSUES IN THE DISTRICT COURT

Claimant had believed that the only remaining issues in the District Court were those of liability and damages against Defendant Irving only: Claimant had been under the impression that the entire case, not just the issue preclusion defense, had been referred to Arbitration. Claimant concedes that this is not the actual procedural posture of this case: Judge Droney's Order addressed several Motions to Dismiss filed by the Respondents, and concluded, as the previous District Court (Judge Kelly) had that "the Court finds that it does have subject matter jurisdiction since Plaintiffs' claims are arguable and not so absolutely devoid of merit or frivolous as to warrant dismissal for lack of subject matter jurisdiction". See page 8 of Judge Droney's decision of March 25, 2003.

At page 13 of Judge Droney's decision of March 25, 2003, he concludes that "the Arbitration clauses of the Agreement and Addendum require the preclusive effect of the prior Arbitration and Settlement Agreement to be arbitrated". The Claimant concedes that it was incorrect when it assumed that the entire case was submitted to Arbitration for disposition: according to Judge Droney's decision, it appears that the only thing to be arbitrated is the Respondents' Motion to Dismiss on the basis of the issue preclusion defense. Following that, it appears that the District Court has acknowledged that it would retain jurisdiction of the case to determine the substantive claims involved.

### C.    HOW THE MATTER CAME TO ARBITRATION

This matter came to Arbitration, as a result of the filing of various Motions by Respondents Plummer, New England Equity Inc., Maureen Clark and DeSalvo for disposition of the case by way of Arbitration. As stated, disposition of these Motions by Judge Droney by his decision of March 25, 2003 referred the matter to Arbitration, and appeared to confine the issue to be arbitrated as the preclusive effect of the previous Arbitration and Settlement. This is a legal issue to be determined by the Arbitrator on the basis of the documentation submitted and/or to be submitted by the parties in connection with the alleged issue preclusion defense.

### D.    EFFECT OF ARBITRATION ON DISTRICT COURT PROCEEDING

Claimant reiterates its position that any disposition by the Arbitrator with respect to a determination of the merits, withdrawal, and/or a dismissal would have no effect whatsoever on the existing claims in District Court against Defendant Irving, with the exception of providing the parties with a basis to have the stay imposed by Judge Droney in that case lifted, so that the parties could thereafter proceed against Defendant Irving. Since the only issue to be determined by Arbitration is the technical legal defense of issue preclusion asserted by Respondents Plummer, New England Equity Inc., Maureen Clark and DeSalvo, then a determination on the merits of that issue would have an impact on whether or not the Claimant could proceed with its substantive claims against those Respondents in the context of the pending District Court action. It appears clear now that the Claimant cannot "withdraw" the claims against

Respondents Plummer, New England Equity Inc., Maureen Clark and DeSalvo in Arbitration since the substantive claims by the Claimant are not the subject of Arbitration. Accordingly, any withdrawal or attempted withdrawal by the Claimant would literally have no effect whatsoever on the substantive claims against Respondents Plummer, New England Equity Inc., Maureen Clark and DeSalvo: only a disposition on the merits of the Respondents' issue preclusion defense would have an impact on whether or not the Claimant could proceed with its substantive claims against those Respondents in the context of the District Court proceeding.

## III.    ADDITIONAL REQUESTS FOR RULING

Under the circumstances now presented, Claimant respectfully requests that the Arbitrator enter an Order finding that the Respondents have waived and/or forfeited the issue preclusion defense: in the alternative, the Claimant requests a ruling rescinding the Arbitrator's May 25, 2007 Order, and reinstating a reasonable motion schedule for disposition of the substantive issue as directed by the District Court. In addition thereto, Claimant respectfully requests a ruling directed to Respondents New England Equity Inc. and Maureen Clark, requiring those Respondents to enter into, and appear, in this proceeding, through their legal counsel, and/or pro se if an individual is involved, within a certain limited period of time, the violation of which will permit the entry of an Order by the Arbitrator finding that those Respondents who did not appear or participate to have waived and/or forfeited the alleged issue preclusion defense and/or the right to arbitrate a defense at this time.

Claimant also requests a ruling from the Arbitrator precluding Mr. Plummer, a non-lawyer, from acting as the legal representative of Respondents New England Equity Inc. and Maureen Clark.

Respectfully submitted,

DI MASSA ASSOCIATES LTD.

By: _____
     Anthony M. Di Massa
     **Attorney for Claimant**
     **Stamford Holding Company**

AMDM/rd
Enclosures
cc:    David Hill, Esq.
       Christopher Plummer
       Maureen Clark and New England Equity, Inc.

Di MASSA ASSOCIATES LTD.    •    A PROFESSIONAL CORPORATION

Halloran & Sage
One Goodwin Sq., 225 Asylum St.
Hartford, CT 06103

The following document(s) are associated with this transaction:

**Document description:**Main Document
**Original filename:**n/a
**Electronic document Stamp:**
[STAMP dcecfStamp_ID=1034868047 [Date=6/15/2007] [FileNumber=1283528-0
] [61cd2f8e3165e1ee2a7a7645e0cf262e579acc124133323fc72302d21c5b4f2692c
1ffa61bd52a81cfae7cd3d18d82bad1fcd958e3cbfee9d6cb3c00e8444f33]]
**Document description:**Exhibit A
**Original filename:**n/a
**Electronic document Stamp:**
[STAMP dcecfStamp_ID=1034868047 [Date=6/15/2007] [FileNumber=1283528-1
] [08bd23cf1cf42d91c664cc948746ada48a769a2e24048dcb3d2da16c7b5cf759419
429f523d7acd8f947d7d756624a53825180c4c068c00f32a815244a145c38]]

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| STAMFORD HOLDING COMPANY, | : | CIVIL ACTION NO. |
| | : | 3:02-CV-1236-CFD |
| Plaintiff, | : | |
| | : | |
| vs. | : | |
| | : | |
| MAUREEN CLARK et al, | : | |
| | : | |
| Defendants. | : | June 15, 2007 |

## PLAINTIFF'S MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANT DESALVO'S MOTION FOR INVOLUNTARY DISMISSAL

Plaintiff, Stamford Holding Company ("Stamford"), respectfully submits this Memorandum of Law in Opposition to the Motion for Involuntary Dismissal ("Motion") of Defendant, Ramona E. DeSalvo ("DeSalvo"). For the reasons explained fully below, DeSalvo's Motion should be denied in its entirety.

## INTRODUCTION

DeSalvo's Motion is bereft of any factual or legal support for the remedy she seeks. As DeSalvo admits, Stamford has confirmed its intention to withdraw all claims against her, subject only to the proviso that the parties mutually agree to release all claims between each other. Motion at 3. DeSalvo asserts that she needs more; she wants not only the claims against her withdrawn, but also the ability to pursue unspecified claims against Stamford and/or its counsel.[1] Putting aside whether the parties will be able to conclude this litigation on mutually agreeable

---

[1] In her Motion, DeSalvo refers cryptically to "Rule 11 Sanctions," but does not explain what exactly Stamford has presented to the Court that was for an improper purpose, asserted a frivolous argument, or lacked evidentiary support (either existing or obtainable through discovery). *See* Fed. R. Civ. P. 11(b)(1)-(3). Furthermore, DeSalvo has not identified to Stamford any challenged submission nor given Stamford the opportunity to withdraw it. *See* Fed. R. Civ. P. 11(c)(1)(A). Therefore, it does not appear that DeSalvo has any basis for seeking Rule 11 sanctions.

terms, it is clear that DeSalvo has failed to show that she is entitled to an involuntary dismissal.
Thus, her Motion should be denied in its entirety.

## BACKGROUND

In this action, Stamford asserts claims against Defendants[2] either jointly or individually for
(a) violations of, *inter alia*, the Racketeer Influenced and Corrupt Organizations Act ("RICO"),
18 U.S.C. §§ 1961 *et seq*, (b) breach of contract, (c) legal malpractice, (d) breach of fiduciary
duty, (e) malicious interference with business relations, and (f) breach of the implied covenant of
good faith and fair dealing.  Defendants all deny liability to Stamford.

By Order dated March 25, 2003, the Court ordered that the claims asserted against Clark,
Plummer, New England and Merrill Lynch be arbitrated and that this case be stayed as to Irving
and DeSalvo pending resolution of those arbitration proceedings.  Stamford instituted arbitration
proceedings against Clark, Plummer, New England and Merrill Lynch before the National
Association of Securities Dealers, Inc. ("NASD").

Pursuant to the Court's Order dated April 15, 2004, as well as the Court's Order dated
March 25, 2003, Stamford withdrew the claims asserted against Clark, Plummer and New
England in the NASD arbitration proceeding and, on March 10, 2005, proceeded against Clark,
Plummer, DeSalvo and New England in an arbitration proceeding before the American Arbitration
Association ("AAA").[3]  During a pre-hearing conference held on July 15, 2005, the NASD
arbitration panel granted claimant's request for an order of discontinuance with prejudice, and by

---

[2]Maureen Clark, Christopher Plummer, New England Equity, Inc., Charles J. Irving, and
Merrill Lynch, Pierce, Fenner & Smith, Inc. ("Merrill Lynch") were named as Defendants in this
proceeding.  By this Court's August 21, 2006 Order, all claims were dismissed as to Merrill
Lynch.

[3]By this Court's July 13, 2004 Order, DeSalvo's request to be included in the AAA
proceeding was granted.

-2-



Award dated July 29, 2005, the NASD dismissed all claims against Merrill Lynch with prejudice.

Thereafter, Stamford proceeded with its claims against Clark, Plummer, New England and

DeSalvo in the AAA proceeding.[4] On or about December 13, 2006, an initial scheduling order

was entered by the arbitrator, Harry N. Mazadoorian, and discovery requests were exchanged

between Stamford and DeSalvo. However, no discovery was actually conducted, and all parties

subsequently negotiated a settlement in principle of all claims upon the exchange of mutual

releases. Following a telephonic hearing with Mr. Mazadoorian on May 22, 2007, and based

upon the agreement of all parties, it was ordered, *inter alia*, that Stamford and DeSalvo would file

a motion for dismissal by stipulation by June 5, 2007.

In the days thereafter, DeSalvo apparently had a change of heart and instead filed her

Motion. *See* May 29, 2007 communication from DeSalvo's counsel (attached hereto as Exhibit

"A"). In response, on May 29, 2007, Stamford informed Mr. Mazadoorian that because a

settlement agreement has not been effectuated, the AAA proceeding should now go forward and

requested that his May 22nd order be rescinded. A conference call with all parties has been

scheduled by Mr. Mazadoorian for June 26, 2007.

## ARGUMENT

### A.  Defendant's Motion Fails To Establish Any Basis for Dismissal Under Fed.R.Civ.P. 41(b).

The Motion is the second request by DeSalvo to obtain an involuntary dismissal of

Stamford's claims against her. *Cf.*, January 18, 2006 Motion to Dismiss Plaintiff's Complaint

With Prejudice [docket no. 128]. Contrary to DeSalvo's assertion, *see* Motion at 2, this Court's

---

[4]Although the undersigned counsel, Shepherd, Finkelman, Miller & Shah, LLC, local
counsel in this action, are not counsel in the AAA proceeding, Stamford's claims are being
prosecuted in that proceeding by DiMassa & Associates, Ltd. (which has granted permission to
appear *pro hac vice* and serves as principal counsel in this action).

-3-

August 21, 2006 Order [docket no. 138] denied her first motion for involuntary dismissal. The Court should similarly deny the instant Motion.

DaSalvo does not base her Motion on a purported violation by Stamford of any of this Court's orders, but rather on Stamford's alleged failure to prosecute this action. In this Circuit, dismissal on this basis is recognized as "a harsh remedy to be utilized only in extreme circumstances." *Jackson v. City of New York*, 22 F.3d 71, 75 (2d Cir. 1994) (citations and internal quotations omitted); *see Valentin v. Dinkins*, 121 F.3d 72, 75 (2d Cir. 1997) (same); *Sundwall v. Basil*, No. 96-CV-2590 (CFD), 2004 WL 2743578, at *2 (D. Conn. Nov. 23, 2004) (same). To properly evaluate a Rule 41(b) motion for failure to prosecute, the Court should consider (i) the duration of Stamford's purported failures; (ii) the notice Stamford received of potential dismissal; (iii) the prejudice that would accrue to DeSalvo by further delay; (iv) whether the Court carefully balanced the demands on its calendar with Stamford's due process rights; and (v) whether the Court assessed the adequacy of lesser sanctions. *See Jackson*, 22 F.3d at 74; *Valentin*, 121 F.3d at 76; *Sundwall*, 2004 WL 2743578, at *2.

An examination of these factors indicates that involuntary dismissal is not warranted. Fundamentally, the Motion fails to identify Stamford's supposed failures, let alone their duration. Admittedly, there was little activity in this action prior to March 10, 2005, when Stamford filed its application with the AAA, but since that time, the arbitration has proceeded. DeSalvo concedes that an arbitration hearing had been scheduled for April, 2007 (but was postponed for unspecified reasons), and that the parties thereafter reached an agreement pursuant to which Stamford would withdraw all claims asserted in the arbitration, as well as the claims asserted in this action. Motion at 3. These overtures culminated in the Arbitrator's May 22, 2007 Order, which DeSalvo has now apparently reconsidered. Based upon these events, it does not appear that Stamford has

-4-

failed to prosecute; rather, DeSalvo has simply reneged on a settlement agreement. Clearly, this does not translate into her entitlement to an involuntary dismissal.

Similarly, the Motion is silent as to, *inter alia*, any notice of possible dismissal for Stamford's alleged failure to prosecute, the balancing this Court's docket versus Stamford's rights, or the availability of lesser sanctions (assuming *arguendo* that sanctions would be warranted – which they are not). As to prejudice, DeSalvo asserts that she has been prejudiced by the claims asserted against her. *See* Motion at 3. But such prejudice does not arise from any failure to prosecute, but rather from the claims themselves. To the extent DeSalvo seeks vindication of her defenses of the claims against her, the arbitration proceeding is the proper forum. Accordingly, having failed to avail herself of the forum that she specifically requested, it is improper for DeSalvo to attempt an "end run" and seek an involuntary dismissal from this Court.

## CONCLUSION

For all of the reasons explained above, Plaintiff, Stamford Holding Company, respectfully requests that the Motion for Involuntary Dismissal of Defendant, Ramona E. DeSalvo, be denied.

Dated: June 15, 2007

/s/ Patrick A. Klingman
James E. Miller
Federal Bar No. CT-21560
Patrick A. Klingman
Federal Bar No. CT-17813
Shepherd, Finkelman, Miller, & Shah, LLC
65 Main Street
Chester, CT 06412
(Tel)(860) 526-1100
(Fax)(860) 526-1120
(E-mail) pklingman@sfmslaw.com

-5-

Anthony M. DiMassa (*pro hac vice*)
DiMassa & Associates Ltd.
157 Juniper Road
Havertown, Pennsylvania 19083-5409
(Tel)(610) 446-0156
(Fax)(610) 449-0216
(E-mail) DiMassa14@aol.com

Attorneys for Plaintiff

-6-

## CERTIFICATE OF SERVICE

I hereby certify that on June 15, 2007, a copy of the foregoing, together with attached

exhibit, was filed electronically and served by mail on anyone unable to accept electronic filing.

Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing

system or by mail to anyone unable to accept electronic filing as indicated on the Notice of

Electronic Filing. Parties may access this filing through the Court's CM/ECF System.

                            /s/ Patrick A. Klingman
                            Patrick A. Klingman (ct17813)
                            Shepherd Finkelman Miller & Shah, LLC
                            65 Main Street
                            Chester, Connecticut  06412
                            Phone: (860) 526-1100
                            Fax: (860) 526-1120
                            E-mail: pklingman@sfmslaw.com

# EXHIBIT A

Case 3:02-cv-01236-CFD    Document 154-3    Filed 07/02/2007    Page 35 of 43
Case 3:02-cv-01236-CFD    Document 147-2    Filed 06/15/2007    Page 2 of 3
Page 1 of 2

Subj:     RE: AAA CASE 12 199 Y 00156 05: Stamford et al.
Date:     5/29/2007 11:26:08 AM Eastern Daylight Time
From:     HILL@halloran-sage.com
To:       Cookh@adr.org, dimassa14@aol.com, plummerchristopher@sbcglobal.net
CC:       hmazadoorian@comcast.net

Dear Ms. Cook and counsel:

In accordance with our conference call last week, we filed our Motion to Dismiss last Friday, May 25. However, the motion is not a motion by stipulation, but a Rule 41(b) Motion for Involuntary Dismissal.

In speaking with my client, she is not sure whether she intends to seek Rule 11 Sanctions at some point in the future. Therefore, in order to preserve her right to do so, we could not agree to Mr. DiMassa's offer to stipulate to a dismissal in return for our agreement to release any and all claims. I have forwarded a copy of our motion to all parties. I have also sent a courtesy copy to AAA.

Thank you for your attention.

---

From: Hannah R. Cook [mailto:Cookh@adr.org]
Sent: Friday, May 25, 2007 10:42 AM
To: dimassa14@aol.com; plummerchristopher@sbcglobal.net; Hill, David G.
Cc: hmazadoorian@comcast.net
Subject: AAA CASE 12 199 Y 00156 05: Stamford et al.

Dear Counsel:

Please see the following Order of the Arbitrator:

At a conference call on May 22 2007, it was agreed among the parties that:

1. Counsel for Claimant and Respondent DeSalvo will file a Motion for Dismissal by stipulation of their clients in the US District Court for the District of CT (No 3:02CV1236(CFD) by June 5th 2007. Counsel agree that such Dismissal will render this arbitration proceeding moot as to their clients.

2. Mr DiMassa will file a Motion for Dismissal by stipulation of his client and Defendant Irving in the US District Court for the District of Connecticut( No 3:02CV1236) by June 5th 2007. Claimant's Counsel agrees that such Dismissal will render this arbitration proceeding moot as to its clients.

3. Respondent Plummer and/or his related Respondents? Defendants will file a claim for dismissal or other request or action sought with the US District Court for the District of Connecticut( No 3:02CV1236) by June 12th 2007.

4. Copies of all of the above filings will be submitted by the filing counsel or party to the American Arbitration Association.

5. Counsel or parties will advise the Association of all action taken and orders by the Court upon their motions.

6. Any matters not disposed of by the above filings will continue in this arbitration proceeding to the extent ordered by the  March 23 2003 Order of Judge Christopher F. Droney.

7. Another scheduling conference call will be scheduled with remaining parties to the Arbitration after the aforementioned District Court matters have been completed or at a time to be determined by the Arbitrator.

Sincerely,

Hannah R. Cook

American Arbitration Association-Northeast Case Management Center

950 Warren Avenue

East Providence, RI 02914

Toll Free: 866-293-4053

Direct Dial: (401) 431-4708

Facsimile: (401) 435-6529

www.adr.org

Supervisor Information: Heather Santo, 401-431-4702 santoh@adr.org

This e-mail communication is confidential and is intended only for the individuals or entity named above and others who have been specifically authorized to receive it. If you are not the intended recipient, please do not read, copy, use or disclose the contents of this communication to others. Please notify the sender that you have received this e-mail in error by replying to the e-mail or by telephoning (866) 293 4053 during the hours of 8:30 A.M.- 5:30 P.M. (eastern time). Please then delete the e-mail and any copies of it. Thank you.

# EXHIBIT B

# DI MASSA ASSOCIATES LTD    FILE COPY
### A PROFESSIONAL CORPORATION
### ATTORNEYS & COUNSELORS AT LAW

Fourth Floor
1305 Locust Street
Philadelphia, PA 19107

157 Juniper Road
Havertown, PA 19083-5409
610-446-0156
Telecopier 610-449-0216
**PLEASE REPLY TO HAVERTOWN OFFICE**

May 18, 2007

David G. Hill, Esquire
Halloran & Sage LLP
One Goodwin Square
225 Asylum Street
Hartford, CT 06103

Rex F. Brien, Esquire
Christie Pabarue Mortensen Young
1880 JFK Boulevard, 10th Floor
Philadelphia, PA 19103-7424

Re:    ***Stamford Holding Company, Claimant v. Maureen Clark,
Christopher Plummer, New England Equity, Inc., Ramona DeSalvo and Charles Irving
AAA No. 12-199-Y-00156-05; U.S. District Court Civil Action No. 3:02-CV-1236(CFD)***

Dear Counsel:

Enclosed please find copy of Claimant/Plaintiffs' executed Mutual Release and Settlement Agreement with reference to the above stated cases: it does not appear that we will be able to proceed with this Mutual Release and Settlement Agreement to include all of the parties and claims involved in these cases, insofar as Mr. Plummer has continuously indicated that its terms are not acceptable to him, New England Equity, Inc., and, we are assuming, Maureen Clark.

Accordingly, please be advised that we see no need to continue to embroil Defendant Irving or Respondent DeSalvo in what appears to be the continuing controversies and disputes between Mr. Plummer and the Claimant. Accordingly, the Mutual Release and Settlement Agreement will be revised to encompass only those relationships between the Claimant, its principals, and Defendant Irving and Respondent DeSalvo: we will deal with the circumstances surrounding Mr. Plummer's involvement, and that of New England Equity, Inc. and Maureen Clark, in a different manner.

Accordingly, please review the proposed Mutual Release and Settlement Agreement and contact me immediately, if you are interested in resolving these cases on that basis just as between DeSalvo, Irving and the Claimant and its principals: of course, references to Plummer, New England Equity, Inc., and Clark and its judgment will be deleted from the proposed Mutual Release and Settlement Agreement.

Very truly yours,

DI MASSA ASSOCIATES LTD

By: _____
Anthony M. Di Massa

AMDM/rd
Enclosures

## MUTUAL RELEASE AGREEMENT AND RELEASE OF ALL CLAIMS

The undersigned Stamford Holding Company, Anne Marie Massullo, and Edmund Massullo, M.D., including their heirs, representatives and assigns, for the consideration stated herein, and for other good and valuable consideration, the receipt whereof is hereby acknowledged, and the sufficiency whereof is hereby acknowledged, hereby for themselves, and their heirs, personal representatives and assigns, release and forever discharge Ramona DeSalvo, Charles Irving, Maureen Clark, Christopher Plummer and New England Equity Inc., their heirs, representatives and assigns, from any and all claims, demands, damages, costs, expenses, judgments, awards, verdicts, court orders, financial losses, loss of services, actions and causes of action, arising from any act or occurrence from the beginning of time to the date of these presents and particularly on account of financial losses, injuries, financial damages, and/or losses or damages of any kind already sustained and/or that may hereafter be sustained in consequence of the transactions and/or occurrences, claims and/or demands, which are the subject of a lawsuit entitled Stamford Holding Company v. Maureen Clark, et al, in the United States District Court for the Eastern District of Pennsylvania, Civil Action Number 2002 CV-269, and in the United District Court for the District of Connecticut, Civil Action Number 3:02-CV-1236, and/or in the Statement of Claim filed in the American Arbitration Association, Case Number 2-199-Y-00156-05 and/or in the context of any previous Statement of Claim or complaint filed in the American Arbitration Association or in any other court, jurisdiction, or venue, and/or as a result of any claim, counter-claim, cross-claim and/or defense which was and/or which could have been raised in any of the above stated Civil Actions and/or Arbitration proceedings.

The undersigned Ramona DeSalvo, Charles Irving, Maureen Clark, Christopher Plummer and New England Equity Inc., including their heirs, representatives and assigns, for the consideration stated herein, and for other good and valuable consideration, the receipt whereof is hereby acknowledged, and the sufficiency whereof is hereby acknowledged, hereby for themselves, and their heirs, personal representatives and assigns, release and forever discharge, Stamford Holding Company, Anne Marie Massullo, and Edmund Massullo, M.D., their heirs, representatives and assigns, from any and all claims, demands, damages, costs, expenses, judgments, awards, verdicts, court orders, financial losses, loss of services, actions and causes of action, arising from any act or occurrence from the beginning of time to the date of these presents and particularly on account of financial losses, injuries, financial damages, and/or losses or damages of any kind already sustained and/or that may hereafter be sustained in consequence of the transactions and/or occurrences, claims and/or demands, which are the subject of a lawsuit entitled Stamford Holding Company v. Maureen Clark, et al, in the United States District Court for the Eastern District of Pennsylvania, Civil Action Number 2002 CV-269, and in the United District Court for the District of Connecticut, Civil Action Number 3:02-CV-1236, and/or in the Statement of Claim filed in the American Arbitration Association, Case Number 2-199-Y-00156-05 and/or in the context of any previous Statement of Claim or complaint filed in the American Arbitration Association or in any other court, jurisdiction, or venue, and/or as a result of any claim, counter-claim, cross-claim and/or defense which was and/or which could have been raised in any of the above stated Civil Actions and/or Arbitration proceedings.

Each of the undersigned parties hereto shall bear its own attorney's fees and costs in connection with any matter and/or proceeding which has occurred and/or which remains pending in the context of the above stated Civil Actions and/or Arbitration proceedings, and/or as a result of any other matter or thing from the beginning of time to the date of these presents. The parties hereto understand and agree that the parties, and each of them, respectively, are releasing each other, their heirs, personal representatives, and assigns, from any and all causes of action and/or liability as a result of any matter or thing, whether pending or not pending as of this date, whether reduced to judgment or not, and/or whether paid and/or unpaid, from the beginning of time to the date of these presents.

In consideration of the Mutual Releases herein stated, the parties hereto agree that Stamford Holding Company Inc., Dr. Edmund Massullo, Anne Marie Massullo, and/or any of their related corporations, heirs, personal representatives and/or assigns shall not claim, file, serve, prosecute, or cause to be claimed, filed, served, or prosecuted, on behalf of the stated parties, in any state, jurisdiction, or venue, any lawsuit, statement of claim, arbitration action, civil action, or other proceeding against any of the parties hereto, for any matter, cause, or thing arising as a result of any act, omission, or other circumstance which occurred from the beginning of time to the date of these presents, regardless of when any such act, omission, or circumstance was discovered. The stated parties agree to indemnify, defend, and hold-harmless any of the parties released herein from any and all damages, counsel fees, and costs incurred as a result of any breach of this paragraph by the parties stated herein, and it is further understood and agreed that if any claim, arbitration action, civil action, or other proceeding is commenced, filed, or served in violation of this paragraph, then in that event, it is agreed that judgment may be entered against any party who has violated this paragraph on motion of any party aggrieved thereby on the claim, arbitration action, civil action, or proceeding filed, served, or prosecuted in violation of this paragraph, which judgment shall include the counsel fees and costs incurred as a result of the breach of this paragraph.

In consideration thereof, Stamford Holding Company, and/or its principals, heirs, personal representatives and assigns, shall withdraw with prejudice any and all claims pending in the above stated Civil Actions and/or the above stated Arbitration proceedings against the undersigned Ramona DeSalvo, Charles Irving, Maureen Clark, Christopher Plummer and New England Equity, Inc., and the stated Ramona DeSalvo, Charles Irving, Maureen Clark, Christopher Plummer, and New England Equity, Inc. shall withdraw with prejudice, if applicable, any claims, counterclaims, crossclaims, Rule 11 sanction claims, counsel fee claims, or other claims that are pending in the above-stated Civil Actions and/or the above-stated Arbitration proceedings, and the parties hereto shall have no further liability to each other, all such claims being released, discharged and abated.

In further consideration thereof, Maureen Clark, Christopher Plummer, and New England Equity, Inc., and/or their principals, heirs, personal representatives and assigns, shall withdraw, and cause to be marked settled, discontinued, ended and/or satisfied, any judgment, verdict, award, arbitration proceeding, civil action, or claim, which now exists, and/or which did exist, in any forum or venue, on behalf of the stated parties and against the stated Stamford Holding Company, Anne Marie Massullo, and Edmund Massullo, M.D., and their principals, heirs, related corporations,

and/or assigns, which withdrawal and orders to mark settled, discontinued, ended and/or satisfied must be filed and concluded within 30 days of the date hereof.

Signed and sealed this _____ day of _____ (SEAL)

Witnessed by:

_Anne Massullo Sabella_ _____ (SEAL)

_____ _____ (SEAL)

_Edmund Massullo M.D._
Stamford Holding Company by Edmund Massullo, M.D. majority/sole shareholder and authorized corporate representative

_Edmund Massullo M.D._
Edmund Massullo, M.D.

_Anne Marie Massullo_
Anne Marie Massullo

_____
New England Equity Inc. by Christopher Plummer, authorized corporate representative

_____          _____
Christopher Plummer                Ramona DeSalvo

_____          _____
Maureen Clark                      Charles Irving

# EXHIBIT A

Subj:     **Activity in Case 3:02-cv-01236-CFD Stamford Holding Co v. Clark, et al Memorandum in Opposition to Motion**
Date:     6/15/2007 3:26:22 PM Eastern Daylight Time
From:     CMECF@ctd.uscourts.gov
To:       CMECF@ctd.uscourts.gov

This is an automatic e-mail message generated by the CM/ECF system. Please DO NOT RESPOND to this e-mail because the mail box is unattended.
***NOTE TO PUBLIC ACCESS USERS*** You may view the filed documents once without charge. To avoid later charges, download a copy of each document during this first viewing.

### U.S. District Court

### United States District Court for the District of Connecticut

### Notice of Electronic Filing

The following transaction was entered by Klingman, Patrick on 6/15/2007 at 3:25 PM EDT and filed on 6/15/2007
**Case Name:**      Stamford Holding Co v. Clark, et al
**Case Number:**    3:02-cv-1236
**Filer:**          Stamford Holding Co
**Document Number:** 147

Docket Text:
Memorandum in Opposition re [145] MOTION to Dismiss for Lack of Prosecution filed by Stamford Holding Co. (Attachments: # (1) Exhibit A)(Klingman, Patrick)

**3:02-cv-1236 Notice has been electronically mailed to:**

Michael D. Blanchard     michael.blanchard@bingham.com

Rex F. Brien     rfbrien@cpmy.com

James W. Christie     jwchristie@cpmy.com

Anthony M. Di Massa     dimassa14@aol.com

Rudolph J. DiMassa     dimassa14@aol.com

Jill Hartley     jhartley@sabiahart.com

David G. Hill     hill@halloran-sage.com, ecroxford@halloran-sage.com

Patrick A. Klingman     pklingman@sfmslaw.com

James E. Miller     jmiller@sfmslaw.com

Douglas H. Riblet     dhr@curtinheefner.com

James Scott Rollins     james.rollins@bingham.com

Edward R. Scofield     escofield@znclaw.com

**3:02-cv-1236 Notice has been delivered by other means to:**

June M. Sullivan