UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| STAMFORD HOLDING COMPANY | : | CIVIL ACTION |
| Plaintiff, | : | NO. 3:02CV1236(CFD) |
| V. | : | |
| | : | |
| MAUREEN CLARK | : | |
| CHRISTOPHER PLUMMER, | : | |
| NEW ENGLAND EQUITY, INC., | : | |
| CHARLES J. IRVING AND | : | |
| RAMONA E. DESALVO | : | |
| Defendants. | : | JULY 3, 2007 |

## DEFENDANT DESALVO'S REPLY TO PLAINTIFF'S MEMORANDUM IN OPPOSITION TO RULE 41(B) MOTION

### A. PLAINTIFF'S WITHDRAWAL WITH PREJUDICE WAS NOT SUBJECT TO ANY CONDITIONS OR "PROVISO"

Incredibly, Plaintiff's Memorandum in Opposition claims that its withdrawal against Defendant DeSalvo was "subject only to the proviso that the parties mutually agree to release all claims between each other." Memorandum, p.1. This claim is completely false. If the court reviews the exhibits attached to Defendant's Rule 41(b) motion, which are also attached here as **Exhibits A, B and C**, it will see that no such "proviso" was ever made. In fact, in **Exhibit B**, Plaintiff admits that it tried to attach a "proviso", but Defendants refused. Furthermore, if the court wishes, Defendant DeSalvo will provide affidavits from her counsel, as well as those defendants who participated in these discussions, as further proof of the absence of any "proviso".

One Goodwin Square
225 Asylum Street
Hartford, CT 06103

10361.0082
HALLORAN
& SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No. 26105

In fact, Plaintiff's alleged "proviso" only appeared when counsel learned of the possibility of Rule 11 sanctions. Ironically, in a desperate attempt to avoid sanctions, Plaintiff is now trying to withdraw its withdrawal by claiming a "proviso", a claim that is sanctionable itself. [1] Nevertheless, Plaintiff's Memorandum in Opposition does not contest the factual basis for a 41(b) dismissal:

- a. this court ordered the parties to arbitration over four years ago (March 25, 2003);

- b. notwithstanding that order, the Plaintiff did not file its claim with AAA until two years later (March 10, 2005);

- c. in the year after it filed its claim, Plaintiff did nothing to prosecute its claim, other than to request that AAA hold its file in abeyance beginning in November 2005; see correspondence with AAA, attached as **Exhibit D**;

- d. Defendant DeSalvo objected and filed a Rule 41(b) Motion to Dismiss dated January 18, 2006;

- e. the Motion was denied, but the court denied it without prejudice and warned the parties that it would "entertain a similar motion if arbitration is not pursued expeditiously"; see copy of court order, attached as **Exhibit E**;

- f. finally, in October 2006, 18 months after the arbitration matter was filed, AAA scheduled a conference call to schedule a hearing to resolve this matter once and for all; however, the conference call was cancelled when Plaintiff's counsel failed to appear;

- g. Defendant DeSalvo filed another status report with this Court to alert it to this latest delay, and to yet another basis for dismissing this claim; see correspondence to court dated November 7, 2006, attached as **Exhibit F**;

---

1/  By way of clarification, local counsel was not involved in any of the discussions between counsel, therefore, he has no basis to claim a "proviso." Pro hac counsel, the one against whom sanctions may be sought, needs to articulate the basis for this claim, or alternatively, withdraw it.

One Goodwin Square
225 Asylum Street
Hartford, CT 06103


HALLORAN
& SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No. 26105

    h.      the conference call was rescheduled and the arbitration hearing was finally scheduled for April 10-11, 2007;

    i.      on April 9, 2007, the plaintiff withdrew its arbitration claim with prejudice; see Letter to AAA dated April 9, 2007, attached as **Exhibit A**;

    j.      the Defendants objected to Plaintiff's withdrawal, as (a) there were still claims pending in the federal court, and (b) the Plaintiff cannot unilaterally withdraw an arbitration proceeding that was ordered by the court without also withdrawing the federal court action; see **Exhibit B**; [2]

    k.      by letter dated April 16, 2007, Plaintiff advised AAA and the parties that it had withdrawn ALL claims against Defendant DeSalvo; see Letter to AAA dated April 16, 2007, attached as **Exhibit B**; [3]

    l.      Plaintiff reiterated its intention to withdraw ALL claims by e-mail to AAA dated May 22, 2007; see e-mail to AAA, attached as **Exhibit C**. [4]

In short, any claim of a so-called "proviso" is absolutely without merit. Plaintiff withdrew its claims unilaterally and with prejudice. The alleged "proviso" only arose when counsel learned that he may be faced with Rule 11 sanctions. Therefore, Defendant now seeks a dismissal under Rule 41(b) in accordance with Plaintiff's withdrawal.

---

2/    Specifically, Plaintiff wrote: "Mr. Hill cannot object to the fact or form of the withdrawal of this claim, especially where he has filed no cross claim, counter claim or dispositive motion on behalf of [Defendant DeSalvo]."

3/    Specifically, Plaintiff wrote: "Once the claim is withdrawn by the Claimant, the case is completely over with respect to Defendant DeSalvo, and no case or controversy exists which would permit Mr. Hill to apply to the District Court for any type of relief at this juncture."

4/    Specifically, Plaintiff wrote: "Since the only remaining claims in the District Court are those against [another] Defendant . . ."

One Goodwin Square
225 Asylum Street
Hartford, CT 06103

HALLORAN
& SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No. 26105

**B.     THE RULE 41(b) MOTION IS BASED BOTH UPON THE FAILURE TO PROSECUTE AND THE VIOLATION OF THIS COURT'S ORDER**

Plaintiff's Memorandum states that the Rule 41(b) motion is based solely on its failure to prosecute, not on a violation of this Court's orders. This point is well-taken since the Defendant's 41(b) motion is not clear as to both reasons for dismissal. By way of clarification, the motion is based upon BOTH Plaintiff's failure to prosecute and its violation of this Court's order. The first reason (i.e. the failure to prosecute) is laid out in both the Rule 41(b) motion and the arguments above. The second reason (i.e. the violation of court order) obviously needs to be clarified.

The arbitration was not agreed to by the parties, it was ordered by this court. In addition, the order was not a qualified order, it was a specific order to compel arbitration pursuant to a mandatory arbitration provision between the parties. Therefore, any attempt to withdraw it is a violation of this court's order. Nevertheless, Plaintiff tried to unilaterally withdraw the arbitration proceeding (**Exhibit A**), Defendant DeSalvo objected (**Exhibit B**) and Plaintiff responded by withdrawing ALL claims (**Exhibits B and C**). Again, any attempt to withdraw that which is ordered by the court is a violation of the court's order. A subsequent attempt to withdraw the withdrawal does not alter the analysis, particularly when this Court has previously warned that it would "entertain a [Motion to Dismiss] if arbitration is not pursued expeditiously". See court order, attached as **Exhibit E**.



One Goodwin Square
225 Asylum Street
Hartford, CT 06103

HALLORAN
& SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No. 26105

In short, this claim, like the arbitration claim, was withdrawn by Plaintiff with prejudice.  Defendant DeSalvo now seeks a 41(b) dismissal pursuant to said withdrawal.  The reasons are outlined in the 41(b) motion – Defendant DeSalvo needs to clear her name.  She has been defending various claims of fraud for 8+ years.  The first claim (**Exhibit G**) resulted in a dismissal of all claims, and an order that the principals of this Plaintiff pay $125,000.  The second claim was transferred from Pennsylvania to this court.  The present claim is the third claim, which has sat idly since it was first filed in 2002.  It is time to put these claims to rest, and most importantly, to do so in a way that cannot be resurrected by this Plaintiff or its principals.

Rule 41(b) permits a district court to dismiss an action when a plaintiff fails to comply with a court order, or fails to prosecute a claim.  Fed.R.Civ.P. 41(b).  A district court has discretion to determine if a matter should be dismissed pursuant to Rule 41(b).  Alvarez vs. Simmons Market Research, Inc., 839 F.2d 930, 932 (2d Cir. 1988) (citing Link vs. Wabash Railroad Company, 370 U.S. 626, 633, 82 S. Ct. 1386(1962)).  Dismissal with prejudice is a "harsh remedy," but "all litigants . . . have an obligation to comply with court orders.  When they flout that obligation, they, like all litigants, must suffer the consequences of their actions."  Rzayeva, et al. vs. United States of America, 2007 U.S. Dist. LEXIS 39530 (May 31, 2007) (citing McDonald vs. Head Criminal Court Officer, 850 F.22, 121, 124 (22 Cir. 1988)).  "The power to invoke this sanction is

One Goodwin Square
225 Asylum Street
Hartford, CT 06103

HALLORAN
& SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No. 26105

necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the District Courts." Link, 370 U.S. at 629-30.

Regardless of the reason for dismissal (i.e. failure to prosecute or violation of court order), our courts have applied 5 factors when deciding a 41(b) motion:

1. the duration of the plaintiff's failures;

2. the notice the plaintiff received of potential dismissal;

3. whether the plaintiff is likely to be prejudiced by further delay;

4. whether the Court carefully balanced the demands on its calendar with the plaintiff's due process rights; and

5. whether the Court assessed the adequacy of lesser sanctions.

Selletti v. Carey, 173 F.3d 104, 111 (2d Cir. 1999). Applying those factors here, clearly a dismissal is appropriate. In fact, our Second Circuit has dismissed cases for far less egregious conduct.

1. Duration of Plaintiff's Failures

There are two components to this factor: (1) whether the failures are attributable to the Plaintiff, and (2) whether the failures were of significant duration. Spencer vs. Doe, 139 F.3d 107, 113 (2d Cir. 1988). Here, the failures are attributable only to the Plaintiff, and their duration has been significant, more than 4 years if we consider only the arbitration, 5+ years if we consider the date this lawsuit was filed, and 8+ years if we

-6-

One Goodwin Square
225 Asylum Street
Hartford, CT 06103


HALLORAN
& SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No. 26105

consider the first time this Plaintiff, or its principals, filed a claim against Defendant DeSalvo. See Ohio Complaint, attached as **Exhibit H**.

2.  Notice the Plaintiff Received of Potential Dismissal

Plaintiff received more than ample notice. First, Defendant DeSalvo has previously sought a Rule 41(b) dismissal. Second, though the court denied that motion, it did so "without prejudice" and specifically warned all parties that it "will entertain a similar motion if arbitration is not pursued expeditiously. See **Exhibit E**. Third, after the plaintiff missed the conference call scheduled by AAA, Defendant DeSalvo sent a status report to this court, and warned of another 41(b) motion if Plaintiff continued to delay. Clearly, Plaintiff has had more than ample notice of a potential dismissal.

3.  Whether Defendant Is Likely To Be Prejudiced By Further Delay

Defendant's ability to defend herself has long been compromised. First, the lawsuit itself is five years old, having been filed in 2002. Second, the alleged wrongdoing occurred 12-14 years ago (from 1993-1995). Third, this lawsuit is the third claim by this Plaintiff, or its principals, against Defendant DeSalvo. None of the other claims resulted in a finding against these defendants; in fact, one resulted in judgment for some of the defendants, a judgment that is 6+ years old. See Exhibit G. In short, the trail has grown cold, and the Defendant's ability to defend herself could not be more compromised.

One Goodwin Square
225 Asylum Street
Hartford, CT 06103

HALLORAN
& SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No. 26105

Had this claim been prosecuted in 2000 or 2001, immediately after the original judgment, perhaps the prejudice would be limited. However, the plaintiff waited two years to file another suit (until 2002), chose to pursue a federal court claim instead of mandatory arbitration (again in 2002), waited another year for this Court to order it to arbitration (2003), waited two years from that order to file its arbitration claim (2005), and promptly did nothing once the claim was filed, but to request that AAA keep the matter in abeyance (2006). Clearly, these acts or omissions warrant dismissal. Even more clearly, the prejudice to Defendants DeSalvo could not be greater.

4. <u>Whether the Court Carefully Balanced the Demands on its Calendar with Plaintiff's Due Process Rights</u>

Plaintiff has had every opportunity to pursue its due process rights. Not only has it sat on its right to do so, but the Court should recall that it ordered arbitration to resolve the preliminary issue of res judicata. The dispute between these parties has already been litigated and resolved through AAA by order dated April 5, 2000, attached as Exhibit G. That dispute is the same as the present dispute. The only difference is that the original claim involved Edmund Massullo and his wife, while the present claim involves their corporate entity, Stamford Holding. As a result, the arbitration that Defendant DeSalvo has been waiting 4+ years to conduct, and that Plaintiff has delayed for 4+ years is, ironically, intended to determine if this lawsuit is precluded by res judicata.

One Goodwin Square
225 Asylum Street
Hartford, CT 06103

HALLORAN
& SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No. 26105

Presumably, this court cannot rule on the issue of res judicata at this time. However, when balancing Plaintiff's due process rights, the Court should note that this Plaintiff, through its principals, has already exercised those rights. Again, the question we have been waiting to answer (i.e. the question the Plaintiff wants to avoid) is whether they are allowed to exercise them again.

5.  Whether the Court Assessed the Adequacy of Lesser Sanctions

Respectfully, no lesser sanction will suffice. The audacity of withdrawing an arbitration proceeding that was ordered by this court, having delayed the matter for years beforehand, and having been warned that this Court will "entertain a [Motion to Dismiss] if arbitration is not pursued expeditiously", necessitates only one type of sanction – involuntary dismissal. By way of reminder, Plaintiff had already agreed to a voluntary dismissal in accordance with their withdrawal with prejudice. Only after they learned that the voluntary dismissal may result in Rule 11 sanctions did they seek to withdraw the withdrawal (i.e. did they allege a "proviso").

WHEREFORE, for the foregoing reasons, Defendant DeSalvo seeks a Rule 41(b) involuntary dismissal of this claim in accordance with Plaintiff's withdrawal with prejudice.

One Goodwin Square
225 Asylum Street
Hartford, CT 06103

HALLORAN
& SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No. 26105

RESPECTFULLY SUBMITTED,
RAMONA E. DESALVO, ESQ.


By       /s/
    David G. Hill, Esq.
    Fed. Bar #ct 13435
    HALLORAN & SAGE LLP
    One Goodwin Square
    225 Asylum Street
    Hartford, CT 06103
    (860) 522-6103
    Her Attorneys

One Goodwin Square
225 Asylum Street
Hartford, CT 06103

HALLORAN
& SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No. 26105

CERTIFICATION

       I hereby certify that on July 3, 2007 a copy of foregoing Reply to Plaintiff's Memorandum in Opposition to Rule 41(b) Motion was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF system.

| | |
|---|---|
| Douglas H. Riblet, Esq.<br>Curtin & Heefner<br>250 North Pennsylvania Avenue<br>P. O. Box 217<br>Morrisville, PA 19067-0217<br>**For Maureen Clark, Christopher Plummer and New England Equity, Inc.** | Edward R. Scofield, Esq.<br>Zeldes, Needle & Cooper<br>1000 Lafayette Boulevard, Suite 500<br>PO Box 1740<br>Bridgeport, CT 06601-1740<br>**For Charles J. Irving, Esq.** |
| Rex F. Brien, Esq.<br>James W. Christie, Esq.<br>Christie, Pabarue, Mortensen & Young<br>1880 JFK Boulevard, 10th Floor<br>Philadelphia, PA 19103<br>**For Charles J. Irving, Esq.** | Anthony Di Massa, Esq.<br>DiMassa & Associates, Ltd.<br>1305 Locust Street, 4th Floor<br>Philadelphia, PA 19107<br>**For Stamford Holding Company** |
| James E. Miller, Esq.<br>Patrick A. Klingman, Esq.<br>Sheperd Finkelman Miller & Shah-Chester<br>65 Main Street<br>Chester, CT 06412<br>**For Stamford Holding Company** | Ms. Maureen Clark<br>123 Tipping Rock Road<br>Stonington, CT 06378<br>860-857-6702<br>**(Pro Se)** |
| Mr. Christopher Plummer<br>P.O. Box 627<br>Niantic, CT 06357<br>860-857-6704<br>**(Pro se)** | |

                                                  /s/
                                               David G. Hill

1007680v.1

One Goodwin Square
225 Asylum Street
Hartford, CT 06103

HALLORAN
& SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No. 26105