# Exhibit A

# DI MASSA ASSOCIATES LTD

A PROFESSIONAL CORPORATION
ATTORNEYS & COUNSELORS AT LAW

Fourth Floor
1305 Locust Street
Philadelphia, PA 19107

157 Juniper Road
Havertown, PA 19083-5409
610-446-0156
Telecopier 610-449-0216
**PLEASE REPLY TO HAVERTOWN OFFICE**

April 9, 2007

## *VIA TELECOPIER (401-435-6529) and REGULAR MAIL*

Ms. Hannah R. Cook
Case Manager
The American Arbitration Association
950 Warren Avenue
East Providence, RI 02914

Re:  *Stamford Holding Company v. Maureen Clark, et al.*
     Case No. 12-199Y0015605

Dear Ms. Cook:

Please be advised that the Claimant hereby withdraws with prejudice the Statement of Claim in the above-captioned case. Accordingly, it would be appreciated if you would forward this communication to the Arbitrator, so that he may enter a decision confirming this directive. Under cover of copy of this letter, we are notifying all interested parties of this disposition.

Thank you for your courtesy and cooperation in this regard, and please feel free to call me if you have any questions concerning this case.

Respectfully submitted,
DI MASSA ASSOCIATES LTD

By: _____
     Anthony M. DiMassa

AMDM/rd
cc: Stamford Holding Co./Dr and Mrs. Edmund Massullo
    David Hill, Esquire
    Rex Brien, Esquire
    Maureen Clark/Christopher Plummer/New England Equity, Inc.

# Exhibit B

# DI MASSA ASSOCIATES LTD

A PROFESSIONAL CORPORATION
ATTORNEYS & COUNSELORS AT LAW

Fourth Floor
1305 Locust Street
Philadelphia, PA 19107

157 Juniper Road
Havertown, PA 19083-5409
610-446-0156
Telecopier 610-449-0216
PLEASE REPLY TO HAVERTOWN OFFICE

April 16, 2007

## VIA TELECOPIER (401-435-6529) and REGULAR MAIL

Harry Mazadoorian, Esquire
Arbitrator
The American Arbitration Association
950 Warren Avenue
East Providence, RI 02914

Re: *Stamford Holding Company v. Maureen Clark, et al.*
    Case No. 12-199Y0015605

Dear Mr. Mazadoorian:

We have this date received Mr. Hill's letter dated April 13, 2007, addressed to the Arbitrator with reference to the above-stated claim. There cannot be a decision that states that the claim is "dismissed with prejudice" where there has been no adjudication on the merits, and where the Claimant has already withdrawn the claim. Moreover, Mr. Hill cannot object to the fact or form of the withdrawal of the claim, especially where he has filed no cross claim, counter claim, or dispositive motion on behalf of the Respondent. In addition thereto, Mr. Hill and his client have moved the District Court to require the removal of the claim to AAA Arbitration, with the requirement that the substantive claim against Respondent DeSalvo be determined in its entirety in the AAA forum: once the claim has been withdrawn by the Claimant, the case is completely over with respect to Respondent DeSalvo, and no case or controversy exists which would permit Mr. Hill to apply to the District Court for any type of relief at this juncture.

After the email communication to the Arbitrator by Mr. Plummer, and after notice of the withdrawal of the claim by the Claimant, we received in the mail the executed Mutual Release and Settlement Agreement from the Claimant, executed by Dr. Massullo on behalf of the Claimant, and executed by Dr. and Mrs. Massullo individually: I am enclosing a copy thereof herein, so that you can see the terms and conditions the parties requested therein, and the Claimant's good-faith actions in agreeing thereto. The agreement would resolve the parties' contentious relationships and disputes universally and completely, once and for all: it appears that the Respondents are the parties who desire the perpetuation of the parties' contentious relationships and continuing disputes. Respondent

Plummer has expressly so stated in his last communication, and Mr. Hill's latest communication is strong evidence of this.

It appears that the stumbling block is the judgment which Mr. Plummer professes to be valid: while we believe that it is invalid, and possibly fraudulent, we are not concerned with any potential attempt to collect it. Rather, my concern was that it would perpetuate the parties' disputes by giving the principals of the Claimant additional bases to sue Respondents Plummer, Clark, and New England Equity, Inc., and possibly their legal representatives, for indemnity for failure to satisfy a judgment that has already been paid, and for including illegal and invalid items of attorneys fees (with interest) that were never paid or incurred by New England Equity, Inc. in the context of its collection of the Massullo's settlement amount of $125,000.00. (Recall, Plummer agreed that the judgment was transferred to Ohio, and was thereafter vacated in Ohio, when the Massullos paid $125,000.00 plus interest to Plummer's attorneys). After all of their complaints about the years of protracted litigation and contentious disputes between the parties, the Respondents continue to act in a manner that evidences their desire to perpetuate these disputes.

Under the circumstances, and given the latest round of Respondent-communications, we have been advised to notify AAA that the claim is simply withdrawn, without any reflection on the form of withdrawal. This would change, of course, if the Respondents came to their senses and agreed to the termination of the case on the basis stated in the Mutual Release and Settlement Agreement.

Respectfully submitted,

DI MASSA ASSOCIATES LTD

By: _____
Anthony M. DiMassa

AMDM/rd
Enclosure
cc: All parties & counsel of record (w/enc.)

# MUTUAL RELEASE AGREEMENT AND RELEASE OF ALL CLAIMS

The undersigned Stamford Holding Company, Anne Marie Massullo, and Edmund Massullo, M.D., including their heirs, representatives and assigns, for the consideration stated herein, and for other good and valuable consideration, the receipt whereof is hereby acknowledged, and the sufficiency whereof is hereby acknowledged, hereby for themselves, and their heirs, personal representatives and assigns, release and forever discharge Ramona DeSalvo, Charles Irving, Maureen Clark, Christopher Plummer and New England Equity Inc., their heirs, representatives and assigns, from any and all claims, demands, damages, costs, expenses, judgments, awards, verdicts, court orders, financial losses, loss of services, actions and causes of action, arising from any act or occurrence from the beginning of time to the date of these presents and particularly on account of financial losses, injuries, financial damages, and/or losses or damages of any kind already sustained and/or that may hereafter be sustained in consequence of the transactions and/or occurrences, claims and/or demands, which are the subject of a lawsuit entitled Stamford Holding Company v. Maureen Clark, et al, in the United States District Court for the Eastern District of Pennsylvania, Civil Action Number 2002 CV-269, and in the United District Court for the District of Connecticut, Civil Action Number 3:02-CV-1236, and/or in the Statement of Claim filed in the American Arbitration Association, Case Number 2-199-Y-00156-05 and/or in the context of any previous Statement of Claim or complaint filed in the American Arbitration Association or in any other court, jurisdiction, or venue, and/or as a result of any claim, counter-claim, cross-claim and/or defense which was and/or which could have been raised in any of the above stated Civil Actions and/or Arbitration proceedings.

The undersigned Ramona DeSalvo, Charles Irving, Maureen Clark, Christopher Plummer and New England Equity Inc., including their heirs, representatives and assigns, for the consideration stated herein, and for other good and valuable consideration, the receipt whereof is hereby acknowledged, and the sufficiency whereof is hereby acknowledged, hereby for themselves, and their heirs, personal representatives and assigns, release and forever discharge, Stamford Holding Company, Anne Marie Massullo, and Edmund Massullo, M.D., their heirs, representatives and assigns, from any and all claims, demands, damages, costs, expenses, judgments, awards, verdicts, court orders, financial losses, loss of services, actions and causes of action, arising from any act or occurrence from the beginning of time to the date of these presents and particularly on account of financial losses, injuries, financial damages, and/or losses or damages of any kind already sustained and/or that may hereafter be sustained in consequence of the transactions and/or occurrences, claims and/or demands, which are the subject of a lawsuit entitled Stamford Holding Company v. Maureen Clark, et al, in the United States District Court for the Eastern District of Pennsylvania, Civil Action Number 2002 CV-269, and in the United District Court for the District of Connecticut, Civil Action Number 3:02-CV-1236, and/or in the Statement of Claim filed in the American Arbitration Association, Case Number 2-199-Y-00156-05 and/or in the context of any previous Statement of Claim or complaint filed in the American Arbitration Association or in any other court, jurisdiction, or venue, and/or as a result of any claim, counter-claim, cross-claim and/or defense which was and/or which could have been raised in any of the above stated Civil Actions and/or Arbitration proceedings.

Each of the undersigned parties hereto shall bear its own attorney's fees and costs in connection with any matter and/or proceeding which has occurred and/or which remains pending in the context of the above stated Civil Actions and/or Arbitration proceedings, and/or as a result of any other matter or thing from the beginning of time to the date of these presents. The parties hereto understand and agree that the parties, and each of them, respectively, are releasing each other, their heirs, personal representatives, and assigns, from any and all causes of action and/or liability as a result of any matter or thing, whether pending or not pending as of this date, whether reduced to judgment or not, and/or whether paid and/or unpaid, from the beginning of time to the date of these presents.

In consideration of the Mutual Releases herein stated, the parties hereto agree that Stamford Holding Company Inc., Dr. Edmund Massullo, Anne Marie Massullo, and/or any of their related corporations, heirs, personal representatives and/or assigns shall not claim, file, serve, prosecute, or cause to be claimed, filed, served, or prosecuted, on behalf of the stated parties, in any state, jurisdiction, or venue, any lawsuit, statement of claim, arbitration action, civil action, or other proceeding against any of the parties hereto, for any matter, cause, or thing arising as a result of any act, omission, or other circumstance which occurred from the beginning of time to the date of these presents, regardless of when any such act, omission, or circumstance was discovered. The stated parties agree to indemnify, defend, and hold-harmless any of the parties released herein from any and all damages, counsel fees, and costs incurred as a result of any breach of this paragraph by the parties stated herein, and it is further understood and agreed that if any claim, arbitration action, civil action, or other proceeding is commenced, filed, or served in violation of this paragraph, then in that event, it is agreed that judgment may be entered against any party who has violated this paragraph on motion of any party aggrieved thereby on the claim, arbitration action, civil action, or proceeding filed, served, or prosecuted in violation of this paragraph, which judgment shall include the counsel fees and costs incurred as a result of the breach of this paragraph.

In consideration thereof, Stamford Holding Company, and/or its principals, heirs, personal representatives and assigns, shall withdraw with prejudice any and all claims pending in the above stated Civil Actions and/or the above stated Arbitration proceedings against the undersigned Ramona DeSalvo, Charles Irving, Maureen Clark, Christopher Plummer and New England Equity, Inc., and the stated Ramona DeSalvo, Charles Irving, Maureen Clark, Christopher Plummer, and New England Equity, Inc. shall withdraw with prejudice, if applicable, any claims, counterclaims, crossclaims, Rule 11 sanction claims, counsel fee claims, or other claims that are pending in the above-stated Civil Actions and/or the above-stated Arbitration proceedings, and the parties hereto shall have no further liability to each other, all such claims being released, discharged and abated.

In further consideration thereof, Maureen Clark, Christopher Plummer, and New England Equity, Inc., and/or their principals, heirs, personal representatives and assigns, shall withdraw, and cause to be marked settled, discontinued, ended and/or satisfied, any judgment, verdict, award, arbitration proceeding, civil action, or claim, which now exists, and/or which did exist, in any forum or venue, on behalf of the stated parties and against the stated Stamford Holding Company, Anne Marie Massullo, and Edmund Massullo, M.D., and their principals, heirs, related corporations,

and/or assigns, which withdrawal and orders to mark settled, discontinued, ended and/or satisfied must be filed and concluded within 30 days of the date hereof.

Signed and sealed this _____ day of _____ (SEAL)

Witnessed by:

*[signature: Anne Massullo Isabella]*     _____ (SEAL)

_____     _____ (SEAL)

*[signature: Edmund Massullo, M.D.]*
Stamford Holding Company by Edmund Massullo, M.D. majority/sole shareholder and authorized corporate representative

*[signature: Edmund Massullo, M.D.]*
Edmund Massullo, M.D.

*[signature: Anne Marie Massullo]*
Anne Marie Massullo


_____
New England Equity Inc. by Christopher Plummer, authorized corporate representative


_____     _____
Christopher Plummer     Ramona DeSalvo


_____     _____
Maureen Clark     Charles Irving

# Exhibit C

## Hill, David G.

| | |
|---|---|
| **From:** | Dimassa14@aol.com |
| **Sent:** | Tuesday, May 22, 2007 11:14 AM |
| **To:** | Cookh@adr.org; plummerchristopher@sbcglobal.net; Hill, David G. |
| **Cc:** | hmazadoorian@comcast.net |
| **Subject:** | Re: AAA CASE 12 199 Y 0156 05-Stamford et al. |

Dear Ms. Cook: Please be advised that we responded to the Arbitrator's questions on May 17, 2007, in conformity with the Arbitrator's directive: apparently no one else did, however. We do herein amend our request for a ruling from the Arbitrator as follows: (1) In view of Respondents Plummer, NEEquity, Inc. and Clark's failure to file an answer or other response to the Statement of Claim and/or Amended Statement of Claim, Claimant requests the entry of an Award in its favor and against the defaulting Respondents for the amount claimed in the original Statement of Claim; and (2) We have submitted our request for a Mutual Release and Settlement Agreement to Respondent DeSalvo and Defendant Irving, and if accepted, would request the entry of a ruling in conformity therewith.

Since the only remaining claims in the District Court are those against Defendant Irving, the District Court case would therefore be terminated in conformity with the terms of the agreement and pursuant to Rule 23b of the District Court Rules of Court. I have spoken to counsel for Defendant Irving, and he has already agreed to this disposition, pending review of the wording of the Mutual Release and Settlement Agreement. Counsel for Respondent DeSalvo had requested in the past the disposition of the claims against his client on this basis as well, but I have not heard from him recently concerning this matter, although we sent correspondence to his attention recently notifying him of this disposition.

Respectfully submitted, Anthony M. DiMassa, Esquire, for the Claimant

See what's free at AOL.com.

**Croxford, Edie K.**

| | |
|---|---|
| From: | CMECF@ctd.uscourts.gov |
| Sent: | Friday, May 25, 2007 2:34 PM |
| To: | CMECF@ctd.uscourts.gov |
| Subject: | Activity in Case 3:02-cv-01236-CFD Stamford Holding Co v. Clark, et al Memorandum in Support of Motion |

This is an automatic e-mail message generated by the CM/ECF system. Please DO NOT RESPOND to this e-mail because the mail box is unattended.
***NOTE TO PUBLIC ACCESS USERS*** You may view the filed documents once without charge. To avoid later charges, download a copy of each document during this first viewing.

### U.S. District Court

### United States District Court for the District of Connecticut

### Notice of Electronic Filing

The following transaction was entered by Hill, David on 5/25/2007 at 2:33 PM EDT and filed on 5/25/2007
**Case Name:** Stamford Holding Co v. Clark, et al
**Case Number:** 3:02-cv-1236
**Filer:** Ramona E. Desalvo
**Document Number:** 146

**Docket Text:**
Memorandum in Support re [145] MOTION to Dismiss for Lack of Prosecution filed by Ramona E. Desalvo. (Attachments: # (1) Exhibit A-C)(Hill, David)


**3:02-cv-1236 Notice has been electronically mailed to:**

Michael D. Blanchard    michael.blanchard@bingham.com

Rex F. Brien    rfbrien@cpmy.com

James W. Christie    jwchristie@cpmy.com

Anthony M. Di Massa    dimassa14@aol.com

Rudolph J. DiMassa    dimassa14@aol.com

Jill Hartley    jhartley@sabiahart.com

David G. Hill    hill@halloran-sage.com, ecroxford@halloran-sage.com

Patrick A. Klingman    pklingman@sfmslaw.com


5/25/2007

James E. Miller    jmiller@sfmslaw.com

Douglas H. Riblet    dhr@curtinheefner.com

James Scott Rollins    james.rollins@bingham.com

Edward R. Scofield    escofield@znclaw.com

**3:02-cv-1236 Notice has been delivered by other means to:**

June M. Sullivan
Halloran & Sage
One Goodwin Sq., 225 Asylum St.
Hartford, CT 06103

The following document(s) are associated with this transaction:

**Document description:** Main Document
**Original filename:** n/a
**Electronic document Stamp:**
[STAMP dcecfStamp_ID=1034868047 [Date=5/25/2007] [FileNumber=1262466-0
] [a2a0cc874473f319f05f4fb19ed5a5e11daa93d7e1c16ea3dc980b478eac033d871
377292a254dbbe57fa3e4139c209d4330e05ffef213d31de4b89b703d665a]]
**Document description:** Exhibit A-C
**Original filename:** n/a
**Electronic document Stamp:**
[STAMP dcecfStamp_ID=1034868047 [Date=5/25/2007] [FileNumber=1262466-1
] [6f4910313127864a11fb111c27a34ea3d5bf031cd9b01632403378a006b80279648
7167d1e659fce54332c67e902866b724458952990efafe58501ae5ca8c94c]]

5/25/2007

# Croxford, Edie K.

| | |
|---|---|
| **From:** | Croxford, Edie K. on behalf of Hill, David G |
| **Sent:** | Wednesday, June 06, 2007 10:32 AM |
| **To:** | 'plummerchristopher@sbcglobal.net' |
| **Subject:** | FW: Stamford Holding vs. Maureen Clark |



SDOC1134.pdf
(860 KB)

```
             Please see attached.

RESPONSES TO:

Edie K. Croxford
Halloran & Sage  LLP
One Goodwin Square
Hartford, CT 06103-4303
Telephone:  860-522-6103
Fax:  860-548-0006
mailto:ecroxford@halloran-sage.com
www.halloran-sage.com


IRS Circular 230 Disclosure:  In compliance with Treasury Department Regulations, we
inform you that any U.S. tax advice contained in this communication (including any
attachments) is not intended or written to be used by any taxpayer, and cannot be used,
for the purpose of: (i) avoiding penalties under the Internal Revenue Code that may be
imposed on the taxpayer; or (ii) promoting, marketing or recommending to another party any
transaction or matter addressed herein.

Confidentiality:  The information contained in this e-mail message is intended only for
the use of the individual or entity named above and is privileged and confidential.  Any
dissemination, distribution, or copy of this communication other than to the individual or
entity named above is strictly prohibited.  If you have received this communication in
error, please notify us immediately by telephone.
```

# Exhibit D

**American Arbitration Association**
*Dispute Resolution Services Worldwide*

*Northeast Case Management Center*
Catherine Shanks
Vice President

Christopher Fracasso, Yvonne Nelson
Assistant Vice Presidents

950 Warren Avenue, East Providence, RI 02914
telephone: 866-293-4053 facsimile: 401-435-6529
internet: http://www.adr.org/

August 2, 2005

Via Facsimile

Rudolph J. DiMassa, Esq.
DiMassa Associates, Ltd.
1305 Locust Street
Fourth Floor
Philadelphia, PA 19107

Christopher Plummer
P.O. Box 627
Niantic, CT 06357

David G. Hill, Esq./ June M. Sullivan, Esq., Esq.
Halloran & Sage, LLP
225 Asylum Street
Hartford, CT 06103

Re: 12 199 Y 00156 05
    Stamford Holding Company
    and
    Maureen Clark, Christopher Plummer
    and New England Equity, Inc.
    and
    Ramona E. DeSalvo

Dear Counsel and Parties:

We ask the parties to kindly advise us as to the status of the above referenced matter on or before November 2, 2005.

Please be advised it is the policy of the Association to hold cases in abeyance for one year. The parties may continue to hold the matter in abeyance beyond that period provided they remit a payment of $300.00 to the Association to cover the administrative expense of continued tracking of such cases.

You may also view case financial information, as well as make payments with a credit card online via AAA's WebFile.

Absent remittance of this fee when requested by the Association in one year, we will close our file.

Should you have any questions regarding the above, please do not hesitate to call.

Sincerely,

Hannah R. Cook
Case Manager
401 431 4708
cookh@adr.org

Linda L. Beyea

Supervisor
401 431 4725
Beyeal@adr.org

**American Arbitration Association**
*Dispute Resolution Services Worldwide*

Northeast Case Management Center
Catherine Shanks
Vice President

Christopher Fracassa, Yvonne Nelson
Assistant Vice Presidents

950 Warren Avenue, East Providence, RI 02914
telephone: 866-293-4053 facsimile: 401-435-6529
Internet: http://www.adr.org/

# FAX

Date: December 13, 2005

To
Rudolph J. DiMassa, Esq.
DiMassa Associates, Ltd.
1305 Locust Street
Fourth Floor
Philadelphia, PA 19107

Christopher Plummer
P.O. Box 627
Niantic, CT 06357

David G. Hill, Esq./ June M. Sullivan, Esq., Esq.
Halloran & Sage, LLP
225 Asylum Street
Hartford, CT 06103

Fax Number:
215-546-8133
860-434-5985
860-548-0006

From: Hannah R. Cook

Number of Pages: (including cover) 4

Re: 12 199 Y 00156 05
   Stamford Holding Company
   and
   Maureen Clark, Christopher Plummer
   and New England Equity, Inc.
   and
   Ramona E. DeSalvo

THIS FAX TRANSMISSION IS INTENDED ONLY FOR THE USE OF THE PERSON TO WHOM IT IS ADDRESSED. IT MAY CONTAIN INFORMATION THAT IS CONFIDENTIAL, PRIVILEGED OR OTHERWISE EXEMPT FROM DISCLOSURE. IF YOU ARE NOT THE INTENDED RECIPIENT OR THE PERSON AUTHORIZED TO DELIVER THIS FAX TO THE INTENDED RECIPIENT, YOU ARE HEREBY NOTIFIED THAT ANY DISSEMINATION OF THIS FAX IS PROHIBITED. IF YOU HAVE RECEIVED THIS FAX IN ERROR, PLEASE NOTIFY US IMMEDIATELY BY TELEPHONE AT THE NUMBER LISTED ABOVE AND RETURN THE ORIGINAL FAX TO US BY FIRST CLASS MAIL AT THE ABOVE ADDRESS.

**American Arbitration Association**
*Dispute Resolution Services Worldwide*

Northeast Case Management Center
Catherine Shanks
Vice President

Christopher Fracassa, Yvonne Nelson
Assistant Vice Presidents

950 Warren Avenue, East Providence, RI 02914
telephone: 866-293-4053 facsimile: 401-435-6529
internet: http://www.adr.org/

December 13, 2005

Via Facsimile

Rudolph J. DiMassa, Esq.
DiMassa Associates, Ltd.
1305 Locust Street
Fourth Floor
Philadelphia, PA 19107

Christopher Plummer
P.O. Box 627
Niantic, CT 06357

David G. Hill, Esq./ June M. Sullivan, Esq., Esq.
Halloran & Sage, LLP
225 Asylum Street
Hartford, CT 06103

Re: 12 199 Y 00156 05
    Stamford Holding Company
    and
    Maureen Clark, Christopher Plummer
    and New England Equity, Inc.
    and
    Ramona E. DeSalvo

Dear Counsel:

This will confirm receipt of letter dated November 1, 2005, from Mr. DiMassa, which is enclosed.

We ask the parties to kindly advise us as to the status of the above referenced matter on or before February 2, 2006.

Please be advised it is the policy of the Association to hold cases in abeyance for one year. The parties may continue to hold the matter in abeyance beyond that period provided they remit a payment of $300.00 to the Association to cover the administrative expense of continued tracking of such cases.

You may also view case financial information, as well as make payments with a credit card online via AAA's WebFile.

The Association will request this fee after this case has been in abeyance for eleven months. Absent remittance of this fee, we will close our file.

Should you have any questions regarding the above, please do not hesitate to call.

Sincerely,

Hannah R. Cook

Case Manager
401 431 4708
cookh@adr.org

*Supervisor Information: Carli H. Del Solio, 401 431 4810, solioc@adr.org*

## Hannah R. Cook

From: dimassa13@aol.com
Sent: Tuesday, November 01, 2005 9:53 AM
To: Hannah R. Cook
Subject: Stamford v. Clark

This will confirm that I advised you that the case will remain open. RJDM

11/2/2005