UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| STAMFORD HOLDING COMPANY, | : | CIVIL ACTION NO. |
| | : | 3:02-CV-1236-CFD |
| Plaintiff, | : | |
| | : | |
| vs. | : | |
| | : | |
| MAUREEN CLARK, *et al*, | : | |
| | : | |
| Defendants. | : | July 6, 2007 |

**PLAINTIFF'S MEMORANDUM OF LAW IN OPPOSITION TO
THE MOTIONS FOR INVOLUNTARY DISMISSAL OF
*PRO SE* DEFENDANTS, MAUREEN CLARK AND CHRISTOPHER PLUMMER**

Plaintiff, Stamford Holding Company ("Stamford"), respectfully submits this Memorandum of Law in Opposition to the Motions for Involuntary Dismissal (the "Motions") of *pro se* Defendants, Maureen Clark ("Clark") and Christopher Plummer ("Plummer") (collectively, "Defendants").[1]  For the reasons explained below, Defendants' Motions, which are virtually indistinguishable from each other and largely based upon the May 25, 2007 Motion for Involuntary Dismissal of Defendant DeSalvo ("DeSalvo's Motion"), should be denied in their

---

[1] As explained in Plaintiff's June 27, 2007 Motion for an Extension of Time ("Extension Motion"), the Motions were never served on either Plaintiff's principal counsel, Attorney DiMassa, or its local counsel, Shepherd Finkelman Miller & Shah, LLC, and Plaintiff's first indication that the Motions were even filed was a brief mention of them during the June 26, 2007 telephone conference in connection with the arbitration proceedings before the American Arbitration Association ("AAA").  While it is conceivable that Defendants used Attorney DiMassa's former address (even through his correspondence, attached to the Motions, clearly indicates his Havertown, Pennsylvania address), if the Motions were served by mail as indicated on the certifications that accompany them, it is inexplicable as to why they were never received by Plaintiff's local counsel.  In any event, the Motions were not served via the Court's ECF System until June 26, 2007, indicating that, pursuant to Local Civil Rule 7(a), oppositions to the Motions were due on July 2, 2007.  Thus, Plaintiff's counsel was allowed only four business days within which to submit any opposition, which necessitated the Extension Motion.  However, given the vitriol in Defendants' July 2, 2007 Objections to the Extension Motion, Plaintiff files its Opposition to the Motions now, in an effort to dissuade any additional filings on this secondary issue.

entirety.

# INTRODUCTION

Like DeSalvo's Motion, Defendants' Motions fail to provide a factual or legal basis for their request for involuntary dismissal. Federal Rule of Civil Procedure 41(b) permits involuntary dismissal in only two situations – violation of Court order or failure to prosecute – and Defendants have failed to demonstrate that either condition exists here. To the extent Defendants claim violation of a court order, they have failed to identify the order with which Plaintiff has allegedly failed to comply. To the extent that Defendants' Motions are based upon the arbitration proceeding, the arbitration is the proper venue for that objection (which neither Clark nor Plummer have ever raised). In either situation, involuntary dismissal by this Court is not the appropriate remedy.

Defendants state that Stamford has offered to withdraw all claims against them, subject only to the condition that the parties mutually agree to release all claims between each other and their respective counsel. Clark Motion at 5; Plummer Motion at 5.[2] Like DeSalvo, Defendants asserts that Plaintiff's offer is "not enough." Clark Motion at 4; Plummer Motion at 5.[3]

---

[2] DeSalvo's Motion stated virtually the same thing: "[T]he court should know that the plaintiff was agreeable to a voluntary dismissal, however, only if the defendants agreed not to pursue any claims against it or its counsel (e.g. Rule 11 sanctions). ... The defendants would not agree, therefore defendant DeSalvo is now seeking a Rule 41(a) involuntary dismissal." DeSalvo's Motion at 4; *compare* Clark Motion at 5; Plummer Motion at 5. From Defendant DeSalvo's statement (repeated in Defendants' Motions), it appears that Plaintiff's withdrawal was conditioned on a mutual release of all claims by all parties. Based upon the July 3, 2007 Reply in support of DaSalvo's Motion, DeSalvo apparently disputes the existence of the condition to withdrawal that she herself described. In any event, this "finger-pointing" simply illustrates that the proper forum for this dispute in the arbitration proceeding, and not this Court.

[3] On July 2, 2007, Defendants each filed a Motion For Order Imposing Sanctions Pursuant to Rule 11 of the Federal Rules of Civil Procedure ("Sanctions Motions"). The Sanctions Motions are virtually identical, and Plaintiff's Opposition is not due to be filed until July 23, 2007. It is noted, however, that neither Clark nor Plummer have provided Stamford with the 21-

However, if the parties are unwilling or unable to reach a compromised resolution to this dispute, the arbitration proceedings, and not this Court, provide the appropriate forum for exoneration or vindication. Accordingly, Defendants' Motions should be denied in their entirety.

## BACKGROUND

In this action, Stamford asserts claims against Defendants,[4] either jointly or individually, for (a) violations of, *inter alia*, the Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. §§ 1961 *et seq*, (b) breach of contract, (c) legal malpractice, (d) breach of fiduciary duty, (e) malicious interference with business relations, and (f) breach of the implied covenant of good faith and fair dealing. Defendants all deny liability to Stamford.

By Order dated March 25, 2003, the Court ordered that the claims asserted against Clark, Plummer, New England and Merrill Lynch be arbitrated and that this case be stayed as to Irving and DeSalvo pending resolution of those arbitration proceedings. Stamford thereafter instituted arbitration proceedings against Clark, Plummer, New England and Merrill Lynch before the National Association of Securities Dealers, Inc. ("NASD").

Pursuant to the Court's April 15, 2004 Order, as well as the Court's Order dated March 25, 2003, Stamford withdrew the claims asserted against Clark, Plummer and New England in the NASD arbitration proceeding. Thereafter, this Court's July 13, 2004 Order granted

---

day "safe harbor" mandated by Rule 11(c)(1)(A), *see Herrera-Mendoza v. Byrne*, No. 3:05-CV-1195 (RNC), 2006 WL 2850410, at *1 (D. Conn. Oct. 3, 2006), and to the extent that the Sanctions Motions are directed toward Plaintiff's Complaint, filed over five years ago, any basis for Rule 11 sanctions now have been waived. *See Safe-Strap Co., Inc. v. Koala Corp.*, 270 F.Supp.2d 407, 413 n.3 (S.D.N.Y. 2003) ("Parties that initially remain idle after a Rule 11 violation has come to their attention risk the denial of their subsequent Rule 11 motion on the basis of unreasonable delay") (citations omitted).

[4]Clark, Plummer, New England Equity, Inc., Charles J. Irving, and Merrill Lynch, Pierce, Fenner & Smith, Inc. ("Merrill Lynch") were initially named as Defendants in this proceeding. By this Court's August 21, 2006 Order, all claims were dismissed as to Merrill Lynch.

DeSalvo's request to be included in any arbitration proceeding. Stamford initiated an AAA proceeding on March 10, 2005 against Clark, Plummer, DeSalvo and New England.[5] On or about December 13, 2006, an initial scheduling order was entered by the arbitrator, Harry N. Mazadoorian ("Mr. Mazadoorian"), and initial discovery requests were exchanged (although no discovery was actually conducted). Subsequently, Stamford understood that a settlement in principle of all claims upon the exchange of mutual releases had been reached. Accordingly, following a telephonic hearing with Mr. Mazadoorian on May 22, 2007, and based upon the agreement of all parties, it was ordered, *inter alia*, that certain of the parties would file motions for dismissal by stipulation beginning on June 5, 2007. *See* May 25, 2007 communication from AAA (attached hereto as Exhibit "A").

In the days thereafter, Defendants (and DeSalvo) apparently changed their positions with respect to settlement; DeSalvo's Motion was filed on May 25, 2007. *See* May 29, 2007 letter from DeSalvo's counsel (attached hereto as Exhibit "B"). In response, on May 29, 2007, Stamford informed Mr. Mazadoorian that the AAA proceeding should now go forward and requested that his May 22nd order be rescinded. *See* June 5, 2007 letter from Stamford's counsel (attached hereto as Exhibit "C"). A conference call with all parties was conducted with Mr. Mazadoorian on June 26, 2007, who effectively rescinded his May 22nd ruling, reactivated the arbitration proceedings, and scheduled arbitration hearing dates for January 16 and 17, 2008. See July 3, 2007 AAA Notice of Commercial Hearings (attached hereto as Exhibit "D"). Stamford understands that the scheduled AAA hearing will proceed unless (i) the Court grants DeSalvo's

---

[5]Although the undersigned counsel, Shepherd, Finkelman, Miller & Shah, LLC, local counsel in this action, are not counsel in the AAA proceeding, Stamford's claims are being prosecuted in that proceeding by DiMassa & Associates, Ltd. (which has been granted permission to appear *pro hac vice* and serves as principal counsel in this action).

Motion and Defendants' Motions for involuntary dismissal; (ii) the parties reach a settlement, or (iii) the parties file a dispositive motion, which Mr. Mazadoorian grants.

## ARGUMENT

### A. Defendants' Motions Fail To Establish Any Basis for Dismissal Under Fed.R.Civ.P. 41(b).

Like DeSalvo, Defendants do not base their Motions on a purported violation by Stamford of any of this Court's orders, but rather on Stamford's alleged failure to prosecute this action. However, since this action has been stayed in favor of arbitration, Defendants are actually claiming a failure to prosecute the arbitration, not the proceedings before this Court. In light of the arbitrator's most recent ruling, which invited, *inter alia*, dispositive motions by the parties, the arbitration proceeding clearly is the most appropriate forum to determine the validity of the parties' claims and defenses.

In this Circuit, dismissal based upon a failure to prosecute is viewed as "a harsh remedy to be utilized only in extreme circumstances." *Jackson v. City of New York*, 22 F.3d 71, 75 (2d Cir. 1994) (citations and internal quotations omitted); *see Valentin v. Dinkins*, 121 F.3d 72, 75 (2d Cir. 1997) (same); *Sundwall v. Basil*, No. 96-CV-2590 (CFD), 2004 WL 2743578, at *2 (D. Conn. Nov. 23, 2004) (same). To properly evaluate a Rule 41(b) motion for failure to prosecute, the Court should consider (i) the duration of Stamford's purported failures; (ii) the notice Stamford received of potential dismissal; (iii) the prejudice that would accrue to Defendants by further delay; (iv) whether the Court carefully balanced the demands on its calendar with Stamford's due process rights; and (v) whether the Court assessed the adequacy of lesser sanctions. *See Jackson*, 22 F.3d at 74; *Valentin*, 121 F.3d at 76; *Sundwall*, 2004 WL 2743578, at *2.

An examination of these factors indicates that involuntary dismissal is not warranted.

Fundamentally, the Motions fail to identify Stamford's supposed failures, let alone their duration. Admittedly, there was little activity in this action prior to March 10, 2005, when Stamford filed its application with the AAA, but since that time, the arbitration has proceeded. Defendants concede that an arbitration hearing had been scheduled for April, 2007 (but was postponed for unspecified reasons), and that the parties thereafter attempted to reach a settlement whereby Stamford would withdraw all claims asserted in the arbitration, as well as the claims asserted in this action. Clark Motion at 4; Plummer Motion at 4. These overtures culminated in Mr. Mazadoorian's May 22, 2007 Order, which Defendants have now apparently reconsidered. Once the arbitrator was informed that no settlement had been reached, he scheduled hearing dates for January 2008. Based upon this sequence of events, it does not appear that Stamford has failed to prosecute; rather, Defendants have simply reneged on a settlement agreement. Importantly, the parties have not lost anything other than time; they still possess a suitable forum for complete resolution of all claims. None of this means that Defendants are entitled to an order for involuntary dismissal.

Similarly, the Motions are silent as to, *inter alia*, any notice of possible dismissal for Stamford's alleged failure to prosecute,[6] the balancing of this Court's docket versus Stamford's rights, or the availability of lesser sanctions (assuming *arguendo* that sanctions would be warranted – which they are not). As to prejudice, like DeSalvo, Defendants assert that they have been prejudiced by the claims asserted against them. *See* Clark Motion at 4-5; Plummer Motion

---

[6]This Court's September 7, 2005 Order directed that arbitration should be "pursued expeditiously." However, despite Defendants' claims, delays in connection with the arbitration cannot be attributed solely to Stamford. For example, while all parties agree that a hearing was scheduled for April 2007, none claim that its subsequent postponement was because of Plaintiff. Furthermore, to the extent any determination is needed as to which party has delayed arbitration, it is respectfully suggested that Mr. Mazadoorian is in the best position to make that finding.

at 5. But such supposed prejudice does not arise from any failure to prosecute, but rather from the *existence* of the claims themselves. To the extent Defendants seek exoneration or vindication of their defenses to the claims asserted against them, the arbitration proceeding is the proper forum. Indeed, the arbitrator has most recently invited the parties to make such submissions before him. Accordingly, it is improper for Defendants to request involuntary dismissal from this Court when they have an adequate forum before the arbitrator.

## CONCLUSION

For all of the reasons explained above, Plaintiff, Stamford Holding Company, respectfully requests that the Motions for Involuntary Dismissal of *Pro Se* Defendants, Maureen Clark and Christopher Plummer, be denied.

Dated: July 6, 2007

/s/ Patrick A. Klingman
James E. Miller (ct21560)
Patrick A. Klingman (ct17813)
Shepherd, Finkelman, Miller, & Shah, LLC
65 Main Street
Chester, CT 06412
(Tel)(860) 526-1100
(Fax)(860) 526-1120
(E-mail) jmiller@sfmslaw.com
(E-mail) pklingman@sfmslaw.com

Anthony M. DiMassa (*pro hac vice*)
DiMassa & Associates Ltd.
157 Juniper Road
Havertown, PA 19083-5409
(Tel)(610) 446-0156
(Fax)(610) 449-0216
(E-mail) DiMassa14@aol.com

Attorneys for Plaintiff

**CERTIFICATE OF SERVICE**

I hereby certify that on July 6, 2007, a copy of the foregoing, together with attached exhibits, was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF System.

   /s/ Patrick A. Klingman
Patrick A. Klingman (ct17813)
Shepherd Finkelman Miller & Shah, LLC
65 Main Street
Chester, Connecticut 06412
Phone: (860) 526-1100
Fax: (860) 526-1120
E-mail: pklingman@sfmslaw.com