# EXHIBIT C

# DI MASSA ASSOCIATES LTD
A PROFESSIONAL CORPORATION
ATTORNEYS & COUNSELORS AT LAW

**FILE COPY**

Fourth Floor
1305 Locust Street
Philadelphia, PA 19107

157 Juniper Road
Havertown, PA 19083-5409
610-446-0156
Telecopier 610-449-0216
**PLEASE REPLY TO HAVERTOWN OFFICE**

June 5, 2007

## <u>VIA TELECOPIER (401-435-6529) and REGULAR MAIL</u>

The American Arbitration Association
950 Warren Avenue
East Providence, RI 02914
**Attention:** Harry Mazadoorian, Esquire

Re: *Stamford Holding Company v. Maureen Clark, Christopher Plummer, Ramona DeSalvo, New England Equity Inc. and Charles Irving*
<u>Case No. 12-199Y0015605</u>

Dear Mr. Mazadoorian:

We are in receipt of DeSalvo's Motion for Involuntary Dismissal and correspondence indicating that DeSalvo intends to seek Rule 11 sanctions against Claimant and counsel: as a result, we will be responding to that motion and filing a cross-motion for relief. The response to that motion is due June 15, 2007, and we will forward a copy thereof to your attention after it is filed.

We were under the impression that the Arbitrator was going to determine the entire case by the Claimant against the Respondents, as a result of which a case-management schedule was entered, setting deadlines for pleading, discovery, dispositive motions, and hearing on the merits. Our attempt to withdraw the case was made on the basis of this understanding: at the last telephone conference, it was determined by the Arbitrator that we could not withdraw the case without Court intervention, since the case came to you by Court Order, for the limited purpose of determining the issue-preclusion defense. This required only the submission of a motion by the Respondents with a response to be submitted by the Claimant; unfortunately, none of the Respondents ever filed any dispositive motion with the Arbitrator, and now the Respondents are seeking relief from the District Court without having the Arbitration portion of the case concluded.

Under these circumstances, we again reiterate our request on behalf of the Claimant to rescind the last order and set a deadline for the submission of motions and responses so that the Arbitrator can rule on the substantive issue: this will not require the exchange of discovery or a hearing, since the Respondents raised the issue by way of motion with the District Court, and the issue can be submitted and briefed to the Arbitrator in the same fashion. With respect to the anticipated motion for voluntary dismissal by stipulation with respect to Defendant Irving, we request that the Arbitrator grant the Claimant and Mr. Irving an extension of time to file this motion with the District Court, insofar as the Arbitrator's last order gave leave to DeSalvo to file a motion for voluntary dismissal by stipulation of the parties, but she instead filed a motion that is substantively different, based upon the attempted withdrawal of the claim by the Claimant, even

though DeSalvo and her attorney knew that the Arbitrator ruled that the claim could not have been, and was not, withdrawn. We request that the deadline for submission of the Irving motion be extended to 20 days following the next case activity by the Arbitrator or disposition of the DeSalvo/Plummer activity in District Court, whichever is earlier. Given the Respondent's unauthorized motion and latest statement of intention, the motion for dismissal by stipulation with Defendant Irving would probably be premature.

                              Respectfully submitted,

                              DI MASSA ASSOCIATES LTD

                              By: _____
                                    Anthony M. DiMassa

AMDM/rd
cc: David Hill/Christopher Plummer/NEE, Inc./Maureen Clark