UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| STAMFORD HOLDING COMPANY, | : | CIVIL ACTION NO. |
| | : | 3:02-CV-1236-CFD |
| Plaintiff, | : | |
| | : | |
| vs. | : | |
| | : | |
| MAUREEN CLARK, *et al*, | : | |
| | : | |
| Defendants. | : | July 23, 2007 |

**PLAINTIFF'S MEMORANDUM OF LAW IN OPPOSITION TO THE MOTIONS OF *PRO SE* DEFENDANTS, MAUREEN CLARK AND CHRISTOPHER PLUMMER, FOR THE IMPOSITION OF SANCTIONS**

Plaintiff, Stamford Holding Company ("Stamford" or "Plaintiff"), respectfully submits this Memorandum of Law in Opposition to the Motions for Orders Imposing Sanctions pursuant to Rule 11 of the Federal Rules of Civil Procedure (the "Motions") of *pro se* Defendants, Maureen Clark ("Clark") and Christopher Plummer ("Plummer") (collectively, "Defendants"). For the reasons explained below, Defendants' Motions should be denied in their entirety.

## INTRODUCTION

Defendants' Motions, which are virtually verbatim of each other (even with respect to the same typographical errors), are procedurally defective, in that they fail to comply with the "safe harbor" requirements of Rule 11(c)(1)(A). Furthermore, to the extent the Motions are aimed at Stamford's Complaint, which was filed over five years ago, they are untimely. If Defendants had any basis for their contentions that Stamford's Complaint was being presented for an improper purpose, was based on frivolous arguments, or otherwise lacked evidentiary support, they had

ample opportunity to seek sanctions before now.[1] In addition, since there is a pending proceeding before the American Arbitration Association ("AAA"), Defendants can seek complete exoneration or vindication of their defenses in that forum. For all these reasons, there is no merit to Defendants' Motions and they should be denied in their entirety.

## BACKGROUND

This action was originally commenced on January 17, 2002 in the Eastern District of Pennsylvania and assigned to the docket of the Honorable Robert F. Kelly. In its Complaint, Stamford asserts claims for (a) violations of, *inter alia*, the Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. §§ 1961 *et seq*; (b) breach of contract; (c) legal malpractice; (d) breach of fiduciary duty; (e) malicious interference with business relations; and (f) breach of the implied covenant of good faith and fair dealing. Thereafter, all named Defendants,[2] including Clark and Plummer, moved to dismiss for, *inter alia*, failure to state a claim. However, before ruling on the motions to dismiss, by its May 23, 2002 Order, the Eastern District of Pennsylvania granted that portion of the motions that sought transfer to this Court. In finding that it had federal subject matter jurisdiction over the claims asserted in Plaintiff's Complaint

---

[1]Plaintiff's Complaint was subject to several motions to dismiss filed in 2002 which, following the May 23, 2002 Order transferring this action from the United States District Court for the Eastern District of Pennsylvania ("Eastern District of Pennsylvania") to this Court, were largely denied by this Court's March 25, 2003 Ruling (the "March 25, 2003 Ruling"). In denying the motions to dismiss, this Court agreed with the determination of the Eastern District of Pennsylvania that "Plaintiff's claims are arguable and not so absolutely devoid of merit or frivolous to warrant dismissal for lack of subject matter jurisdiction." *See* March 25, 2003 Ruling at 8.

[2]Clark, Plummer, New England Equity, Inc. ("New England"), Charles J. Irving, and Merrill Lynch, Pierce, Fenner & Smith, Inc. ("Merrill Lynch") were initially named as Defendants in this proceeding. By this Court's August 21, 2006 Order, all claims were dismissed as to Merrill Lynch.

sufficient to transfer the action, the Eastern District of Pennsylvania determined that, "[w]ithout addressing the merits of Plaintiff's case, the Court finds that it does have subject matter jurisdiction since Plaintiff's claims are arguable and not so absolutely devoid of merit or frivolous to warrant dismissal for lack of subject matter jurisdiction." *See* May 23, 2002 Order (Kelly, D.J.) at 2, n.2.

Following transfer, this Court issued its March 25, 2003 Ruling, specifically incorporating Judge Kelly's finding that federal subject matter jurisdiction was present, and denied the motions to dismiss. *See* March 25, 2003 Ruling at 8. Rather than dismissing Plaintiff's claims, this Court granted those portions of the motions which sought arbitration and stayed this action pending completion of arbitration.

Stamford thereafter instituted arbitration proceedings against Clark, Plummer, New England and Merrill Lynch before the National Association of Securities Dealers, Inc. ("NASD"). Pursuant to the Court's April 15, 2004 Order, as well as the Court's March 25, 2003 Ruling, Stamford withdrew the claims asserted against Clark, Plummer and New England in the NASD arbitration proceeding. Thereafter, this Court's July 13, 2004 Order granted Defendant DeSalvo's ("DeSalvo") request to be included in any arbitration proceeding, and on March 10, 2005, Stamford initiated an AAA proceeding against Clark, Plummer, DeSalvo and New England.[3]

On or about December 13, 2006, an initial scheduling order was entered by the arbitrator,

---

[3]The undersigned counsel, Shepherd, Finkelman, Miller & Shah, LLC, local counsel in this action, are not counsel in the AAA proceeding (and were not counsel in the NASD arbitration proceedings). Stamford's claims are being prosecuted in the AAA proceeding by DiMassa & Associates, Ltd., which has been granted permission to appear *pro hac vice* and has acted as Stamford's principal counsel throughout these proceedings.

Harry N. Mazadoorian ("Mr. Mazadoorian"), and initial discovery requests were exchanged (although no discovery was actually conducted). Following a telephonic hearing with Mr. Mazadoorian on May 22, 2007, it was ordered, *inter alia*, that certain of the parties would file motions for dismissal by stipulation beginning on June 5, 2007.[4] A subsequent conference call with all parties was conducted with Mr. Mazadoorian on June 26, 2007, and he effectively rescinded his May 22, 2007 Order, reactivated the arbitration proceedings, and scheduled arbitration hearing dates for January 16 and 17, 2008. Stamford understands that the scheduled AAA hearing will proceed unless (i) the Court grants the Motions for Involuntary Dismissal; (ii) the parties reach a settlement; or (iii) the parties file a dispositive motion in the arbitration, which Mr. Mazadoorian grants.

## ARGUMENT

### 1.   Defendants' Motion Must Be Denied For Failure To Comply With The "Safe Harbor" Provisions Of Rule 11.

Pursuant to Rule 11(c)(1)(A), a motion for sanctions "shall be served as provided in Rule 5, but shall not be filed with or presented to the court unless, within 21 days after service of the motion (or such other period as the court may prescribe), the challenged paper, claim, defense, contention, allegation, or denial is not withdrawn or appropriately corrected." Fed. R. Civ. P. 11(c)(1)(A). As the Advisory Committee Notes to the 1993 Amendments state,

> These provisions are intended to provide a type of "safe harbor"

---

[4] A dispute arose thereafter regarding whether a settlement had been reached and whether the claims before the AAA could be voluntarily withdrawn. These issues are addressed in Defendant DeSalvo's May 25, 2007 Motion for Involuntary Dismissal, and Clark and Plummer's June 11, 2007 Motions for Involuntary Dismissal and Request for Time to File Sanctions pursuant to Rule 11 (collectively, "Motions for Involuntary Dismissal"). The Motions for Involuntary Dismissal are now fully briefed.

>against motions under Rule 11 in that a party will not be subject to sanctions on the basis of another party's motion unless, after receiving the motion, it refuses to withdraw that position or to acknowledge candidly that it does not currently have evidence to support a specified allegation. Under the former rule, parties were sometimes reluctant to abandon a questionable contention lest that be viewed as evidence of a violation of Rule 11; under the revision, the timely withdrawal of a contention will protect a party against a motion for sanctions.

Fed. R. Civ. P. 11 Advisory Committee's Notes (1993 Amendments).

The safe harbor provision of Rule 11 "permits the subjects of sanctions motions to confront their accuser and rebut the charges leveled against them in a pointed fashion [and] gives the subject the opportunity to withdraw the potentially offending statements before the sanctions motion is officially filed." *Storey v. Cello Holdings, L.L.C.*, 347 F.3d 370, 389 (2d Cir. 2003). As other courts in this Circuit have recognized, Rule 11's "safe harbor" provision "has the salutary effect of providing appropriate due process considerations to sanction litigation, reducing Rule 11 volume and eliminating abuses proscribed by this Rule." *Photocircuits v. Marathon Agents, Inc.*, 162 F.R.D. 449, 452 (E.D.N.Y.1995).

Provision of the 21-day safe harbor period is an absolute prerequisite to the imposition of sanctions under Rule 11. *See Hadges v. Yonkers Racing Corp.*, 48 F.3d 1320, 1329 (2d Cir. 1995) (imposition of sanctions reversed where party sanctioned was not afforded the 21-day safe harbor period). Thus, a party seeking to impose sanctions pursuant to Rule 11 is obligated to follow the Rule's requirements, including adherence to the "safe harbor" procedure, "and a Rule 11 motion that is not made in compliance with this procedural aspect of the Rule is subject to denial on this basis alone." *O'Callaghan v. Sifre*, 242 F.R.D. 69, 75 (S.D.N.Y. 2007); *Benicorp Ins. Co. v. National Medical Health Card Systems, Inc.*, 447 F.Supp.2d 329, 341 (S.D.N.Y.

2006) (same); *see also Vermande v. Hyundai Motor America, Inc.*, 352 F.Supp.2d 195, 204 (D. Conn. 2004) (denying as "procedurally deficient" a motion for sanctions that did not provide party the 21-day safe harbor provision); *Tardd v. Brookhaven Nat. Laboratory*, 407 F.Supp.2d 404, 421 (E.D.N.Y. 2006) (denial of sanctions required where movant "did not wait twenty-one days after serving the application upon the defendants before filing it with the Court"); *Bonondona v. Stat House, Inc.*, No. 94 Civ. 0788 (JES)(LB), 1997 WL 43614, at *3 (S.D.N.Y. Feb. 4, 1997) ("Rule 11's procedural requirements are clear and specific. Failure to comply with the safe harbor provisions precludes the award of sanctions under Rule 11") (citations omitted).[5]

Here, the Motions were filed on July 2, 2007 and, via the Court's ECF System, notice of their filing was received by Stamford's counsel on July 3, 2007. The certificates of service indicate that the Motions were served on June 29, 2007, although they were not received by Stamford's counsel until July 5, 2007. In either event, it is clear that Defendants did not comply with the 21-day safe harbor provision. Accordingly, the Court may deny the Motions on this basis alone.

**2. Defendants' Motions Must Be Denied As Untimely Because Stamford Has No Opportunity To Withdraw Or Correct Its Complaint.**

Rule 11 motions must precisely identify "the specific conduct or omission for which the

---

[5] Moreover, a court is not even required to consider the merits of the sanctions motion if it finds that the 21-day safe harbor has been ignored. *See, e.g., Carofino v. Forester*, 450 F.Supp.2d 257, 274 (S.D.N.Y. 2006) (court not required to reach plaintiffs' substantive argument for sanctions where they failed to comply with, *inter alia*, the "safe harbor" provisions) (citation omitted); *ESI, Inc. v. Coastal Corp.*, 61 F.Supp.2d 35, 67-68 (S.D.N.Y.1999) (motion for sanctions that failed to comply with Rule 11(c)'s "safe harbor" requirements was subject to denial "without a discussion of the merits of the motion") (citations omitted); *Banfield v. UHS Home Attendants, Inc.*, No. 96 CIV. 4850 (JFK), 1997 WL 342422, at *3 (S.D.N.Y. June 23, 1997) (where plaintiff failed to comply with, *inter alia*, Rule 11(c)'s "safe harbor" requirement, motion was denied "without reaching its merits") (footnote omitted).

sanctions are being considered" because "only conduct explicitly referred to in the instrument providing notice is sanctionable." *Schlaifer Nance & Co. v. Estate of Warhol*, 194 F.3d 323, 334 (2d Cir. 1999); *Storey*, 347 F.3d at 389 (same). Here, although such specificity is not contained in the Motions, in deference to Clark and Plummer's status as *pro se* parties,[6] they appear to be seeking sanctions in connection with Stamford's Complaint and perhaps also for Plaintiff's Oppositions to the Motions for Involuntary Dismissal. *See* Clark's Motion at 10 ("[B]oth the Complaint and the Response were baseless when they were filed"); Plummer's Motion at 10 (same).

Assuming *arguendo* that the Motions seek to impose sanctions for the Complaint or even the Oppositions to the Motions for Involuntary Dismissal, they are clearly untimely because Plaintiff was afforded no opportunity to even reconsider -- let alone to withdraw -- them. *See, e.g.*, *Storey*, 347 F.3d at 389 n.20 (under Rule 11, notice of sanctionable conduct must be sufficient to afford the opposing party the opportunity to, *inter alia*, "timely withdraw the statements before the sanction motion is filed"). The timeliness of a sanctions motion is also affected by the 21-day safe harbor provision, which acts as a "practical time limit." *See In re Pennie & Edmonds LLP*, 323 F.3d 86, 89 (2d Cir. 2003); *see also Safe-Strap Co., Inc. v. Koala Corp.*, 270 F.Supp.2d 407, 413 n.3 (S.D.N.Y. 2003) (same). Thus, if sanctions motions are "filed

---

[6]Whether Defendants may properly appear as *pro se* parties is unclear. Although both Defendants filed *pro se* appearances on June 11, 2007 (docket nos. 148 and 150), this action's docket indicates that both were represented in this action by counsel who appeared on December 4, 2002 (docket no. 77) and who does not appear to have withdrawn that appearance. Additional counsel appeared for Plummer on May 17, 2004 (docket no. 105), and although that counsel sought to withdraw on June 8, 2004 (docket no. 114), this Court denied that request on September 3, 2004 (docket no. 118). As of the parties' September 28, 2005 Joint Status Report, at least Plummer was still represented by counsel (although Clark appears to have been unrepresented, despite the December 4, 2002 appearance).

after a point in the litigation when the lawyer sought to be sanctioned lacked an opportunity to correct or withdraw the challenged submission," they should be denied on this basis. *Pennie & Edmonds*, 323 F.3d at 89; *cf.*, *Safe-Strap Co.*, 270 F.Supp.2d at 413 n.3 ("Given the 'safe harbor' provision ... a party cannot delay serving its Rule 11 motion until conclusion of the case (or judicial rejection of the offending contention)") (quoting Fed. R. Civ. P. 11 Advisory Committee's Notes (1993 Amendments)). Thus, in addition to violating the strict requirement of Rule 11 by failing to give Stamford its 21-day safe harbor, failure to adhere to this procedure has rendered the Motions untimely, as Stamford has been denied the chance "to correct or withdraw the challenged submission." *See Pennie & Edmonds*, 323 F.3d at 89.[7]

### 3. Defendants' Motions Must Be Denied Because The AAA Proceeding Is The Proper Forum To Determine Whether Stamford's Allegations Are Frivolous.

The untimeliness of the Motions point to another infirmity, in which Defendants evince a seeming disregard for the procedural history of this action. As mentioned earlier, Defendants challenged the sufficiency of Plaintiff's allegations in motions to dismiss, which this Court denied in its May 25, 2003 Ruling. This action is now stayed and the dispute is subject to a hearing before the AAA. At a minimum, the arbitration will resolve whether Plaintiff's claims are foreclosed by res judicata.[8]

---

[7]To the extent the Motions seek to challenge the allegations asserted in the Complaint, it is well-settled that Rule 11 is an improper means to contest factual allegations or legal conclusions. *See*, *e.g.*, *Safe-Strap Co.*, 270 F.Supp.2d at 416 ("[A] Rule 11 motion for sanctions is not a proper substitute for a motion for summary judgment"); *cf.*, Fed. R. Civ. P. 11 Advisory Committee's Note (1993 Amendments) ("Rule 11 motions ... should not be employed ... to test the sufficiency or efficacy of allegations in the pleadings; other motions are available for those purposes").

[8]Defendants seek to sanction Plaintiff's counsel for failing "to have the defendants [sic] defenses of res judicata and standing decided" in an arbitration proceeding. However, if these

However, should Defendants persist in their position that Plaintiff's claims lack a good faith basis or are interposed for an improper purpose (which Stamford denies), there is nothing to prevent Defendants from also asserting those arguments in the context of the arbitration proceeding. At present, arbitration hearing dates have been scheduled for January 16 and 17, 2008. Since Defendants evidently seek complete exoneration or vindication of their defenses to the claims asserted against them, an available forum exists for that purpose. Indeed, subject only to this Court's ruling with respect to the pending Motions for Involuntary Dismissal, Mr. Mazadoorian has indicated that he will accept dispostive motions. Therefore, should there be any merit to Defendants' charges of frivolousness or improper purpose, that can also be presented in the arbitration proceeding.

## CONCLUSION

For the foregoing reasons, Plaintiff, Stamford Holding Company, respectfully requests that the Motions for Orders Imposing Sanctions Pursuant to Rule 11 of the Federal Rules of Civil Procedure filed by *pro se* Defendants, Maureen Clark and Christopher Plummer, be denied in their entirety.

Dated: July 23, 2007
/s/ Patrick A. Klingman
James E. Miller (ct21560)
Patrick A. Klingman (ct17813)
Shepherd, Finkelman, Miller, & Shah, LLC
65 Main Street
Chester, CT 06412
(Tel)(860) 526-1100
(Fax)(860) 526-1120
(E-mail) jmiller@sfmslaw.com
(E-mail) pklingman@sfmslaw.com

---

defenses are dispositive, it is not clear why they would not be immediately asserted in the arbitration by Defendants, rather than wait for Plaintiff.

Anthony M. DiMassa (*pro hac vice*)
DiMassa & Associates Ltd.
157 Juniper Road
Havertown, PA 19083-5409
(Tel)(610) 446-0156
(Fax)(610) 449-0216
(E-mail) DiMassa14@aol.com

Attorneys for Plaintiff

## CERTIFICATE OF SERVICE

    I hereby certify that on July 23, 2007, a copy of the foregoing was filed electronically and served by mail on anyone unable to accept electronic filing.  Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing.  Parties may access this filing through the Court's CM/ECF System.

      /s/ Patrick A. Klingman  
Patrick A. Klingman (ct17813)  
Shepherd Finkelman Miller & Shah, LLC  
65 Main Street  
Chester, Connecticut  06412  
Phone: (860) 526-1100  
Fax: (860) 526-1120  
E-mail: pklingman@sfmslaw.com