UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| STAMFORD HOLDING COMPANY, | : | CIVIL ACTION NO. |
| | : | 3:02-CV-1236-CFD |
| Plaintiff, | : | |
| | : | |
| vs. | : | |
| | : | |
| MAUREEN CLARK, *et al*, | : | |
| | : | |
| Defendants. | : | January 14, 2007 |

**MEMORANDUM OF LAW IN SUPPORT OF
PLAINTIFF'S MOTION TO ENFORCE SETTLEMENT AS TO
*PRO SE* DEFENDANTS, MAUREEN CLARK, CHRISTOPHER PLUMMER, AND
NEW ENGLAND EQUITY, INC.**

Plaintiff, Stamford Holding Company ("Stamford" or "Plaintiff"), respectfully submits this Memorandum of Law in support of its Motion to Enforce the October 12, 2007 Settlement Agreement (the "Settlement") entered into between Plaintiff and *pro se* Defendants, Maureen Clark ("Clark"), Christopher Plummer ("Plummer"), and New England Equity Inc. ("NEE") (collectively, "Defendants"). Plaintiff requests that the Court enter an Order directing that Defendants execute, and return to Plaintiff's counsel, the Satisfaction of Judgment previously provided to them.

As explained below, the Settlement was accomplished through the offices of Magistrate Judge Smith following a day-long mediation on October 12, 2007. Thereafter, despite several attempts, Plaintiff's counsel has been unable to obtain to the signatures of the Defendants to a Satisfaction of Judgment (the "Satisfaction") to be filed in a state court action between the same parties, captioned *New England Equity Inc., Maureen Clark, and Christopher Plummer v. Edmund A. Massullo and Anne Marie Massullo*, docket no. CV-01-0558311-S, pending in the

Connecticut Superior Court for the Judicial District of New London (the "state court action"). The filing of the Satisfaction in the state court action is an important part of the Settlement, and satisfaction of the judgment in the state court action cannot be effectuated without Defendants' signatures. Accordingly, Plaintiff requests that the Court issue an Order directing that Defendants sign the Satisfaction. Once that is accomplished, Plaintiff will file the Satisfaction in the state court action and thereafter will promptly stipulate to the dismissal of the above-captioned action.

I.   **FACTUAL AND PROCEDURAL BACKGROUND**

On October 12, 2007, through the efforts of Magistrate Judge Smith, the above-captioned action was settled, and the agreement to settle was reduced to a writing and subsequently entered on the Court's docket. *See* Settlement (attached hereto as Exhibit A); *see also* October 12, 2007 Order (docket no. 166). As reflected in the Settlement, it was agreed that the judgment entered in the state court action would be marked satisfied. This provision was included as part of the Settlement in an effort to fully and completely resolve all existing litigation between the parties.

Thereafter, on November 2, 2007, Plaintiff's counsel sent Defendants the Satisfaction, requesting that it be executed and returned to Plaintiff's counsel.[1] *See* November 2, 2007 letter. Since Plaintiff's counsel received no response to that letter, Plaintiff requested a 30-day extension of time in which to file the necessary settlement papers, which the Court granted by Order dated November 13, 2007. On December 6, 2007, Plaintiff's counsel again requested that Defendants execute and return the Satisfaction. *See* December 6, 2007 letter (attached hereto,

---

[1] Upon information and belief, Clark and Plummer are officers and/or majority shareholders of NEE, the corporate defendant. The Settlement was executed by NEE on behalf of Plummer, as NEE's Vice President and "authorized corporate representative." *See* Settlement.

together with the November 2, 2007 letter, as Exhibit B).  Thereafter, Plaintiff's counsel and Clark corresponded by email, and Clark indicated that she would sign and return the Satisfaction. *See* Exhibit C attached hereto (email correspondence dated December 7, 2007 through December 13, 2007).  However, to date, nothing has been received from Clark.  Likewise, Plaintiff's counsel has never received the Satisfaction executed by Plummer or NEE.

In the meantime, Plaintiff's counsel requested and obtained from the Court another extension of time within which to file the necessary settlement papers.  *See* December 12, 2007 Order.  Since the extended deadline expires as of the date of this Motion, Plaintiff is contemporaneously filing a Stipulation of Dismissal as to Defendants Ramona DeSalvo and Charles J. Irving, but requests the Court's intervention to complete the Settlement as to Defendants Clark, Plummer, and NEE.

## II.     ARGUMENT

"It is well recognized that an agreement to settle a lawsuit, voluntarily entered into, is binding on the parties." *See Millgard Corp. v. White Oak Corp.*, 224 F.Supp.2d 425, 432 (D. Conn. 2002) (citation and internal quotations omitted).  The only essential prerequisite for a valid settlement agreement is that the parties mutually assent to the terms and conditions of settlement. *See Millgard*, 224 F.Supp.2d at 432.  Under Connecticut law, mutual assent is based upon the parties' intentions as manifested by, *inter alia*, written words.  *See Heublein v. Rudder*, No. 3:05-CV-1229 (CFD), 2007 WL 2472018, at *4 (D. Conn. Aug. 29, 2007) (citation and internal quotations omitted).  Moreover, a settlement is still binding even if a party has a change of heart between the time of the agreement to the terms of the settlement and the time those terms are reduced to writing.  *See Millgard*, 224 F.Supp.2d at 432 (citation omitted).  This is true even

where a party to the settlement is appearing *pro se*. *See*, *e.g.*, *Wesley v. Correction Officer Badge #9417*, No. 05 Civ. 5912, 2008 WL 41129, at *2 (S.D.N.Y. Jan. 2, 2008) (where a party, even one appearing *pro se*, "makes a deliberate, strategic choice to settle, a court cannot relieve him of that choice simply because his assessment of the consequences were incorrect or because he had a change of mind") (citations omitted).

Here, Plaintiff and Defendants reached a settlement following a day-long meditation before Magistrate Judge Smith, which was reduced to writing, signed, and entered on the docket of this action. *See* Settlement; October 12, 2007 Order. Accordingly, the parties' mutual assent is manifest. A prominent provision of the Settlement is that Defendants mark the judgment obtained in the state court action as satisfied. Pursuant to Practice Book § 6-5, the Satisfaction will achieve that purpose.[2] Accordingly, where Defendants have been provided ample time to consider and execute the Satisfaction, there is no defensible reason why Defendants have failed to execute and return the Satisfaction provided to them, and thereby abide by the Settlement.

### III. CONCLUSION

For the foregoing reasons, Plaintiff, Stamford Holding Company, respectfully requests that the Court enter an Order directing that Defendants, Maureen Clark, Christopher Plummer, and New England Equity Inc., execute, and return to Plaintiff's counsel, the Satisfaction of Judgment previously provided to them.

---

[2] Practice Book § 6-5 provides, in part, that "[w]hen the judgment is satisfied in a civil action, the party recovering the judgment shall file written notice thereof with the clerk, who shall endorse judgment satisfied on the judgment file, if there is one, and make a similar notation on the file and docket sheet, giving the name of the party and the date."

Respectfully submitted,

 /s/ Patrick A. Klingman
James E. Miller (ct21560)
Patrick A. Klingman (ct17813)
Shepherd, Finkelman, Miller, & Shah, LLC
65 Main Street
Chester, CT 06412
(Tel)(860) 526-1100
(Fax)(860) 526-1120
(E-mail) jmiller@sfmslaw.com
(E-mail) pklingman@sfmslaw.com

Anthony M. DiMassa (*pro hac vice*)
DiMassa & Associates Ltd.
157 Juniper Road
Havertown, PA 19083-5409
(Tel)(610) 446-0156
(Fax)(610) 449-0216
(E-mail) DiMassa14@aol.com

Attorneys for Plaintiff